# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: <br><br> Streamline Solutions LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-13595-amc |
| In re: <br><br> Streamline Construction Management LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-13596-amc |
| In re: <br><br> Streamline Group LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-13597-amc |
| In re: <br><br> Lion Construction LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-13598-amc |
| In re: <br><br> Lion Construction Management LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-13599-amc |
| In re: <br><br> Streamline Philly Construction LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-13600-amc |
| In re: <br><br> Streamline Realty LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-13601-amc |
| In re: <br><br> Streamline Sales and Marketing LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 25-13602-amc |

1

| | |
|---|---|
| In re:<br><br>Streamline Residential Construction LLC,<br><br>        Debtor. | Chapter 7<br><br>Case No. 25-13603-amc |
| In re:<br><br>Streamline Partners LLC,<br><br>        Debtor. | Chapter 7<br><br>Case No. 25-13604-amc |
| In re:<br><br>STL Holdings LLC,<br><br>        Debtor. | Chapter 7<br><br>Case No. 25-13605-amc |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) FINDING THAT AMELIA HARDY, SAMUEL HARDY, HORN WILLIAMSON, LLC, AND RYAN M. LOCKMAN, ESQUIRE VIOLATED THE AUTOMATIC STAY BY CONTINUING PROSECUTION OF STATE COURT LITIGATION, (II) IMPOSING SANCTIONS AGAINST AMELIA HARDY, SAMUEL HARDY, HORN WILLIAMSON, LLC, AND RYAN M. LOCKMAN, ESQUIRE FOR KNOWINGLY VIOLATING THE AUTOMATIC STAY, (III) DETERMINATION THAT ANY DECISIONS AND ORDERS AFTER THE PETITION DATE ARE *VOID AB INITIO*<br>AND (IV) GRANTING RELATED RELIEF**

Streamline Solutions, LLC, Streamline Construction Management, LLC, Streamline Group, LLC, Lion Construction, LLC, Lion Construction Management, LLC, Streamline Philly Construction, LLC, Streamline Realty, LLC, Streamline Sales and Marketing, LLC, Streamline Residential Construction, LLC, Streamline Partners, LLC, and STL Holdings, LLC the above-captioned Debtors (collectively referred to as the "Debtors"), hereby move this Court for entry of an order (i) finding that Amelia Hardy, Samuel Hardy (collectively the "Hardys" or "Plaintiffs"), Horn Williamson, LLC and Ryan M. Lockman, Esquire (collectively the "Plaintiffs' Counsel") violated the automatic stay provisions of the Bankruptcy Code by improperly proceeding with trial in state court litigation (as defined below), sanctioning the Hardys and Plaintiffs' Counsel for such conduct and enforcing the automatic stay, (iii) determining that any findings, decisions or orders

2

entered in the State Court Litigation are *void ab initio*, and (iv) granting related relief (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 362 and 542 of the United States Bankruptcy Code (the "Bankruptcy Code").

## BACKGROUND

2. On September 8, 2025 (the "Petition Date"), each of the Debtors, Streamline Solutions LLC, Streamline Construction Management LLC, Streamline Group LLC, Lion Construction LLC, Lion Construction Management LLC, Streamline Philly Construction LLC, Streamline Realty LLC, Streamline Sales and Marketing LLC, Streamline Residential Construction LLC, Streamline Partners LLC, and STL Holdings LLC, filed voluntary petitions for relief under chapter 7 of title 11 of the Bankruptcy Code (collectively, the "Bankruptcy Petitions").

3. On September 9, 2025, the office of the United States Trustee appointed Lynn E. Feldman, as the interim chapter 7 trustee of each of the Debtors.

4. Prior to the Petition Date, the Hardys, by and through Plaintiffs' counsel, brought litigation, in the Court of Common Pleas of Philadelphia County, Pennsylvania, against the Debtors and related parties captions as *Samuel Hardy and Amelia Hardy h/w v. Streamline, LLC, Streamline Solutions, LLC, Streamline Construction Management, LLC, Streamline Group, LLC, Lion Construction, LLC, Lion Construction Management, LLC, Coulbee, LLC, Michael Stillwell, Streamline Philly Construction, LLC, Streamline Realty, LLC, Streamline Sales and Marketing,*

3

*LLC, Streamline Residential Construction, LLC, Streamline Partners, LLC, STL Holdings, LLC and Harman Deutsch Ohler Architecture*, assigned case number 23-302405 ("State Court Litigation").

5. The State Court Litigation consisted of the following causes of action: Breach of Contract (Plaintiffs v. Streamline) (Count I); Breach of Express Warranty (Plaintiffs v. Streamline) (Count II); Breach of Implied Warranties of Workmanship and Habitability (Plaintiffs v. Streamline) (Count III); Negligence (Plaintiffs v. Streamline) (Count IV); Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law (Plaintiffs v. Streamline) (Count V); and Negligent Misrepresentation (Plaintiffs v. Streamline) (Count VI).[1]

6. On the eve of trial in the State Court Litigation, Plaintiffs filed a Motion for Bench Trial or In the Alternative to Bifurcate trial as to (i) the assessment of damages against the defaulting Defendants, and (ii) the corporate veil/enterprise liability claims against Michael Stillwell and Coulbee, LLC ("State Court Motion"). Thus, the Plaintiffs represented to the state court that they are only proceeding on their corporate veil enterprise liability theory. A copy of the State Court Motion is annexed hereto as Exhibit "A."

7. On September 8, 2025, an Order was entered in the State Court Litigation awarding damages to Plaintiffs against the Debtors, jointly and severally. A copy of the Order is annexed hereto as Exhibit "B".

---

[1] The following causes of action asserted by Plaintiff as set forth in the Amended Complaint were not brought against the Debtors, Coulbee LLC or Michael Stillwell: Professional Negligence (Third Party Beneficiary) (Plaintiffs v. Harman Deutsch Ohler Architecture) (Count VII); Torts (Second) Section 552 (Plaintiff v. Harman Deutsch Ohler Architecture) (Count VIII); Breach of Contract – Third Party Beneficiary Theory (Plaintiffs v. Harman Deutsch Ohler Architecture) (Count IX).

4

8. Shortly after the Bankruptcy Petitions were filed, counsel for the Debtor filed a *Suggestion of Bankruptcy* in the State Court Litigation. A copy of the Suggestion of Bankruptcy is annexed hereto as Exhibit "C".

9. A copy of the Suggestion of Bankruptcy was emailed to the Court and Plaintiffs' Counsel advising that the Debtors were asserting the automatic stay and that remaining causes of action in the State Court Litigation are stayed as such causes of action belong the respective bankruptcy estates and any further proceedings are a violation of 11 U.S.C. § 362 and are void. *See* Exhibit "D".

10. The causes of action Plaintiffs seek to pursue against Coulbee and Stillwell post-petition on September 9, 2025 are limited to piercing the corporate veil and alter ego theories – derivatively as a result of the default judgments against the Debtors.[2] As of the commencement of the chapter 7 cases, these remaining claims are property of the Debtors' Estates and within the control of the Trustee – not the Plaintiffs.

11. Counsel for the Hardys responded that they intended to go forward with a trial against Coulbee LLC ("Coulbee") and Michael Stillwell ("Stillwell") the following day. A copy of the communication is annexed hereto as Exhibit "E".

12. On September 9, 2025, Counsel for Stillwell and Coulbee responded by letter to the Court and Plaintiffs' Counsel setting forth the applicable precedent to support their position that the Plaintiffs and Plaintiffs' conduct violated 11 U.S.C. § 362(a). A copy of the communication is annexed hereto as Exhibit "F". Additionally, counsel for Stillwell and Coulbee appeared in Court argued its position to the Judge Younge who ignored the applicable law.[3] The

---

[2] The Plaintiffs previously waived their direct claims against Coulbee and Stillwell. (*See* Ex. A).
[3] Counsel for the Debtors also appeared at Court before Judge Younge to explain the Debtors' position and the applicability of Sections 362 and 541. Judge Younge refused to allow Debtors' counsel to speak because despite filing the Suggestion of Bankruptcy, he did not enter his appearance in the State Court Action.

5

Debtors have requested a copy of the transcript from the September 9, 2025 hearing and will supplement this Motion once the transcript is received.

13. On September 9, 2025, in violation of the automatic stay, the Judge Younge entered a "Finding for Plaintiff" finding in favor of the Hardys, *After trial without a jury having been conducted on September 9, 2025, the Court Finds of Plaintiffs Amelia Hardy and Samuel Hardy h/a against Defendants Michael Stillwell and Coublee LLC, jointly and severally, in the amount of $1,008,784.94, plus interest since the filing of suit on March 21, 2023* (the "September 9, 2025 Finding"). A copy of the docket text is annexed hereto as Exhibit "G".

14. In light of Hardys and Plaintiffs' counsel's insistence on proceeding in the State Court Litigation against Coulbee and Stillwell, and their refusal to comply with the automatic stay imposed by the filing of the Bankruptcy Petitions, the Debtors seek immediate judicial intervention finding that the Hardys and Plaintiffs' counsel's conduct in pursuing the Debtors claims violated the automatic stay, enforce the automatic stay against the Hardys and Plaintiffs' counsel's for their continued prosecution of the State Court Litigation, void the September 9, 2025 Finding and imposing monetary sanctions against the Hardys and Plaintiffs' counsel's.

## RELIEF REQUESTED

15. By this Motion, the Debtors respectfully requests that this Court enter an order pursuant to sections 105(a), 362(a) and 542(a) of the Bankruptcy Code (i) finding that the Hardys and Plaintiffs' Counsel violated the automatic stay provisions of the Bankruptcy Code by proceeding with the State Court Litigation and sanctioning the Hardys and Plaintiffs' Counsel for such conduct; (ii) enforcing the automatic stay against the Hardys and staying the State Court Litigation; and (iii) a determination that the actions taken by the Hardys and the September 9, 2025 Finding is void.

**BASIS FOR RELIEF REQUESTED**

16. The Hardys and Plaintiffs' counsel's actions – or inaction – in continuing to prosecute claims against Coulbee and Stillwell for piercing the corporate veil violated the automatic stay imposed pursuant to 11 U.S.C. § 362(a)(2), necessitating sanctions against the Hardys and Plaintiffs' counsel pursuant to section 362(k), and any decisions or order entered by Judge Younge in the State Court Litigation are therefore *void ab initio*.

17. Pursuant to section 362(a)(2) of the Bankruptcy Code imposes an automatic stay to the "commencement or continuation of a judicial, administrative, or other action or proceeding against the debtor or to recover a claim against the debtor that arose before the commencement of the case. 11 U.S.C. § 362(a)(2).

18. Further, section 362(a)(2) of the Bankruptcy Code provides that the automatic stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control of the property of the estate". 11 U.S.C. § 362(a)(2). Moreover, damages can be assessed against an entity that willfully violates the automatic stay. *See* 11. U.S.C. § 362(k).

19. Section 541 of the Bankruptcy Code defines property of the estate as including "all legal or equitable interests of the debtor in property" wherever located and by whomever held. 11 U.S.C. § 541(a).

20. As of the commencement of these bankruptcy cases, all of the Debtors' assets, including the claims those Debtors have against others are property of the state. The automatic stay not only applies to the Debtors that filed but also its assets, which include any causes of action. Claims for alter ego and veil piercing are assets of the bankruptcy estates.

21. The United States Court of Appeals for the Third Circuit has clearly set forth that "state court actions were generalized claims constituting property of the bankruptcy state." *In re Emoral,* 740 F.3d 875 (3d Cir. 2014).

22. The "basic analytic framework" for determining whether a cause of action belongs to the bankruptcy estate is "set forth" in the Third Circuit's decision *In re Emoral,* 740 F.3d 875 (3d Cir. 2014). *In re TPC Group, 2023 WL 2168045 at *4.* Under *Emoral* and related precedents, the Bankruptcy Court held that "in circumstances like those presented in this case ... any claim for veil piercing would be an estate cause of action." *Id.*

23. The Third Circuit in *Emoral* also relied upon the New Jersey Bankruptcy Court's decision, *In re Buildings by Jamie, Inc.*, 230 B.R. 36, 43 (Bankr. D.N.J. 1998), where the court concluded that individual creditors lacked standing to bring an alter-ego veil-piercing cause of action seeking recovery from non-debtor third-party defendants, because the cause of action constituted property of the bankruptcy estate. *In re Emoral,* 740 F.3d 875 (3d Cir. 2014). The *Jamie* Court ruled that the cause of action was "properly characterized as a general claim as to which the trustee alone has standing as representative of the estate." *Id.* The Third Circuit ruled that "just as the purpose behind piercing the corporate veil, however, the purpose of successor liability is to promote equity and avoid unfairness, and it is not incompatible with that purpose for a trustee, on behalf of a debtor corporation, to pursue that claim." *Id.*

24. Here, the piercing the corporate veil and/or alter ego claims against Stillwell and Coulbee are general claims and belong to the Chapter 7 Trustee. Put simply, if the Chapter 7 Trustee brings an action in the bankruptcy case to pierce the corporate veil against the Debtors, then **all** creditors would share in the recovery as that recovery is an asset of the bankruptcy estate.

8

25. Section 704(a) of the Bankruptcy Code specifies certain duties of a chapter 7 trustee. Those duties include, among other things, (i) to "collect and reduce to money the property of the estate"; (ii) "be accountable for all property received"; (iii) "investigate the financial affairs of the debtor". *See* 11 U.S.C. § 704(a)(1), (2) and (4).

26. Section 105(a) of the Bankruptcy Code permits this Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

27. Section 541 of the Bankruptcy Code is clear, the trustee in bankruptcy has exclusive authority to assert or resolve a cause of action belonging to the debtor. When a claim against a third party belongs to the debtor, only the Trustee and not the creditors, may assert it. *See In re TPC Group, Inc.,* 2023 WL 2168045 *5 (Bankr. Del. February 22, 2023). In the Third Circuit, the test for determining whether a claim is property of the states is set out in *Emoral*.

28. *Emoral* court explained that the test for deciding whether a cause of action is property of the estate asks whether (1) "the claim existed at the commencement of the filing and the debtor could have asserted the claim on his own behalf under state law," and (2) the claim is "a general one, with no particularized injury arising from it." *Emoral* at. 879. Thus, if both requirements are met, the claim is the estate's cause of action, however, if either is not, the claim is property of the individual claimant. *TPC Group, Inc.,* at *5.

29. The *Emoral* court elaborated on the second prong, indicating that the features of a "general" (as opposed to a "particularized") claim are that (1) "the facts giving rise to the cause of action were ... common to all creditors," and (2) if there were a successful recovery on the cause of action, it would "benefit the creditors . . . generally." *TPC Group, Inc.,* at *5 (citing *Emoral* at. 879, 881).

9

30. In certain circumstances, courts have found that causes of action are individual not general. Take for instances *In re Caribbean Petroleum Corp.,* a debtor forced into bankruptcy by a catastrophic explosion of 21 fuel storage tanks released all claims that the debtor might have had against its officers and directors under its confirmed plan of reorganization. *In re Caribbean Petroleum Corp.*, 512 B.R. 774 (Bankr. D. Del. 2014). However, various tort plaintiffs asserted claims arising out of the explosion against former directors for "both alter ego liability and liability for wrongful actions which [the former directors] committed themselves." *Id.* 778. That court rejected the arguments under *Emoral,* noting that the difference between the successor liability claim at issue in *Emoral* and the veil-piercing claim in *Caribbean Petroleum* and placed emphasis on the fact that each of the victims in *Caribbean Petroleum* suffered its own specific injury. *ID.*

31. The case before this court is more in line with the analysis *Emoral.* The causes of action the Hardys seek to pursue against Coulbee and Stillwell are limited to piercing the corporate veil and alter ego theories – derivatively as a result of the default judgments against the Debtors. The Hardys waived all direct claims against Coulbee and Stillwell. The Amended Complaint initially sought direct claims against all defendants, including Coulbee and Stillwell as to liability sounding in breach of contract and negligence. The Plaintiffs elected to waive those direct claims and **only** proceed as piercing the corporate veil and/or alter-ego.

32. Here, the Hardys and Plaintiffs' counsel's continuation of the prosecution of the State Court piercing the veil claims against Coulbee and Stillwell after the Debtors' Bankruptcy Petitions were filed is the continuation, interference with, and act to seize property belonging to the bankruptcy estates in violation of section 362(a) of the Bankruptcy Code. Such action by the Hardys and Plaintiffs' counsel subjects them, jointly and severally, to sanctions and damages for violation of the automatic stay pursuant section 362(k) of the Bankruptcy Code.

33. The Hardys' and Plaintiffs' counsel's position that they can proceed against Coulbee and Stillwell because they those non-bankruptcy parties did not file for bankruptcy protection is misplaced under the circumstances. The Hardys and Plaintiffs' counsel overlook that the claims they assert against Coulbee and Stillwell belong to the Debtors' Estates as they are general claims and causes of action that can only be brought by the Chapter 7 trustee.

34. The Hardys and Plaintiffs' counsel have continued to violate the automatic stay based on either inadequate research or willful disregard for applicable law. Prior to their actions on September 9, 2025, Plaintiffs' counsel was provided controlling Third Circuit precedent in the Suggestion of Bankruptcy. Therefore, the Hardys and Plaintiffs' counsel have actual notice of the Bankruptcy Petitions, and that the remaining claims are assets of the Debtors' Estates. Since the Hardys and Plaintiffs' counsel had actual knowledge of the violation, sanctions are appropriate in the case.

35. The Debtors have incurred legal fees and costs in filing and pursuing this Motion. As such, the Hardys and Plaintiffs' counsel should be sanctioned for its actions here by reimbursing the Debtors' counsel for the fees and costs it has incurred in connection with this Motion.

36. In summary, the Debtors requests that the Court find that the Hardys and Plaintiffs' counsel violated the automatic stay, sanctioning the Hardys and Plaintiffs' counsel for said conduct, enforcing the automatic stay against the Hardys, determining that any findings, decisions and orders entered by Judge Younge or in the State Court Litigation are *void ab initio*, and such related relief that is appropriate.

**NOTICE**

37. Notice of this Motion has been given to (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) the Chapter 7 Trustee; (iii) counsel to the Hardys; (iv)

Office of the United States Trustee and (v) all other parties on the Federal Rule of Bankruptcy Procedure 2002 service list.

**WHEREFORE**, the Debtors respectfully requests the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as the Court deems just and appropriate.

Dated: September 9, 2025                                  **BIELLI & KLAUDER, LLC**

*/s/ Thomas D. Bielli*
Thomas D. Bielli, Esquire (No. 202100)
1905 Spruce Street
Philadelphia, PA 19103
Telephone: 215-642-8271
tbielli@bk-legal.com

*Counsel for Streamline Solutions, LLC, Streamline Construction Management, LLC, Streamline Group, LLC, Lion Construction, LLC, Lion Construction Management, LLC, Streamline Philly Construction, LLC, Streamline Realty, LLC, Streamline Sales and Marketing, LLC, Streamline Residential Construction, LLC, Streamline Partners, LLC, and STL Holdings I, LLC*