# EXHIBIT B

| | | |
|---|---|---|
| MATTHEW SELBOVITZ | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | APRIL TERM, 2019 |
| | : | |
| STREAMLINE SOLUTIONS, LLC ET AL. | : | NO. 01575 |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| DANIEL KIRK and CLARISA KIRK | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiffs, | : | |
| | : | SEPTEMBER TERM, 2019 |
| v. | : | |
| | : | NO. 001353 |
| NINETEENTH STREET DEVELOPMENT LLC, et, al. | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

| | | |
|---|---|---|
| DAVID BUTERA | : | PHILADELPHIA COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| | : | SEPTEMBER TERM, 2019 |
| v. | : | |
| | : | NO. 001268 |
| NINETEENTH STREET DEVELOPMENT LLC, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

Case ID: 190901353
Control No.: 25053216

| | | |
|---|---|---|
| NICHOLAS AUGER | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | SEPTEMBER TERM, 2019 |
| | : | |
| NINETEENTH STREET DEVELOPMENT LLC, | : | NO. 001351 |
| et, al. | : | |
| Defendants. | : | |
| | : | |
| | : | |

## ORDER

**AND NOW**, this ____ day of _____, 2025, upon consideration of the Motion for a Protective Order filed by Garnishee, Evanston Insurance Company ("Evanston"), any response thereto, and arguments of counsel, it is hereby **ORDERED** that the motion is **GRANTED.** Within 30 days of the date of this Order, Evanston shall provide information on the amount of payments made by Evanston under the subject policies to the extent that Evanston has paid other claims that may exhaust or lead to exhaustion of the limits of the subject policies.

Evanston is granted a protective order prohibiting Nickolas Auger, David Butera, Daniel Kirk and Clarisa Kirk, and Matthew Selbovitz, (collectively "Plaintiffs"), from obtaining discovery from Evanston, whether through documents or deposition testimony, beyond the following limited information: (1) the potentially relevant liability insurance policies issued by Evanston that name Streamline Solutions, LLC ("Streamline") as an insured and under which Nineteenth Street Development LLC ("Nineteenth Street") may qualify as an additional named insured; (2) Evanston's coverage position letters to Streamline and Nineteenth Street concerning Plaintiffs' claims and litigation; and (3) the amount of payments made by Evanston under the subject policies, to the extent that Evanston has paid other claims that may exhaust or lead to exhaustion of the limits of the subject policies.

Case ID: 190901353
Control No.: 25053216

**IT IS SO ORDERED.**

<div align="center" style="margin-left:50%">

BY THE COURT:

_____
, J.

</div>

Case ID: 190901353
Control No.: 25053216

**WHITE AND WILLIAMS LLP**
BY:    Edward M. Koch, Esquire
       Laura Rossi, Esquire
       Pa. Id. Nos. 76337/322763
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103
215-864-6319/6366
koche@whiteandwilliams.com
rossil@whiteandwilliams.com

*Attorneys for Garnishee,*
*Evanston Insurance Company*

| | |
|---|---|
| MATTHEW SELBOVITZ | PHILADELPHIA COUNTY |
|           Plaintiff, | COURT OF COMMON PLEAS |
| v. | APRIL TERM, 2019 |
| STREAMLINE SOLUTIONS, LLC ET AL. | NO. 01575 |
|           Defendants. | |

| | |
|---|---|
| DANIEL KIRK and CLARISA KIRK | PHILADELPHIA COUNTY |
|           Plaintiffs, | COURT OF COMMON PLEAS |
| v. | SEPTEMBER TERM, 2019 |
| NINETEENTH STREET DEVELOPMENT LLC, et, al. | NO. 001353 |
|           Defendants. | |

| | |
|---|---|
| DAVID BUTERA | PHILADELPHIA COUNTY |
|           Plaintiff, | COURT OF COMMON PLEAS |
| v. | SEPTEMBER TERM, 2019 |
| NINETEENTH STREET DEVELOPMENT LLC, et al. | NO. 001268 |
|           Defendants. | |

Case ID: 190901353
Control No.: 25053216

| | |
|---|---|
| NICHOLAS AUGER | : PHILADELPHIA COUNTY |
| Plaintiff, | : COURT OF COMMON PLEAS |
| | : |
| v. | : SEPTEMBER TERM, 2019 |
| | : |
| NINETEENTH STREET DEVELOPMENT LLC, | : NO. 001351 |
| et, al. | : |
| Defendants. | : |
| | : |
| | : |

### GARNISHEE, EVANSTON INSURANCE COMPANY'S, <u>MOTION FOR A PROTECTIVE ORDER</u>

Garnishee, Evanston Insurance Company ("Evanston"), respectfully moves for a protective order pursuant to Rules 4011 and 4012 of the Pennsylvania Rules of Civil Procedure to limit discovery sought by Plaintiffs Nickolas Auger, David Butera, Daniel Kirk and Clarisa Kirk, and Matthew Selbovitz, (collectively "Plaintiffs") in aid of garnishment, whether through documents or deposition testimony. Rule 3117 specifically provides that the purpose of this discovery in aid of execution *is limited only to identify assets of Streamline and Nineteenth Street held by Evanston*. Unfortunately, the discovery sought by Plaintiffs is not limited to matters relating to the assets of Defendants, Streamline Solutions, LLC ("Streamline") and Nineteenth Street Development, LLC ("Nineteenth Street"), and is therefore beyond the scope of permissible discovery. In further support of the motion, Evanston avers as follows:

Case ID: 190901353
Control No.: 25053216

<u>**BACKGROUND**</u>

1.      Plaintiffs, Nickolas Auger, David Butera, Daniel Kirk and Clarisa Kirk, and Matthew Selbovitz, (collectively "Plaintiffs"), filed a Praecipe to Issue a Writ of Execution against Evanston Insurance Company ("Evanston") on February 10, 2025 with enclosed Interrogatories in Attachment to Garnishee Evanston Insurance Company.

2.      On February 12, 2025, Plaintiffs filed Revised Interrogatories in Attachment to Garnishee Evanston Insurance Company ("Revised Garnishment Interrogatories") under each of four lawsuits captioned as:

- *Kirk v. Streamline Solutions, LLC*, case ID 190901353 (the "Kirk Lawsuit")
- *Auger v. Streamline Solutions, LLC,* case ID 190901351 (the "Auger Lawsuit")
- *Butera v. Streamline Solutions, LLC*, case ID 190901268 (the "Butera Lawsuit")
- *Selbovitz v. Streamline Solutions, LLC,* case ID 190401575 (the "Selbovitz Lawsuit").

(collectively the "Lawsuits").

3.      The Revised Garnishment Interrogatories filed under each docket number are identical.  A copy of Plaintiffs' Revised Garnishment Interrogatories filed in the Selbovitz matter is attached as **Exhibit A.**

4.      Evanston was served with the Revised Garnishment Interrogatories on February 19, 2025.

5.      On March 11, 2025, Evanston filed, in each of the four Lawsuits, identical Answers to the Revised Garnishment Interrogatories and New Matter against Streamline and Ninenteenth Street that enclosed a number of exhibits including but not limited to, copies of reservation of rights letters issued in connection with the claim, documents in support of Evanston's coverage determination, and copies of the relevant insurance policies issued to Streamline.  A copy of

-3-

Case ID: 190901353
Control No.: 25053216

Evanston's Answers to Revised Garnishment Interrogatories with New Matter submitted in the Selbovitz matter is enclosed as **Exhibit B**.

6. Evanston's new matter also detailed at length Evanston's coverage position on each of Plaintiffs' claims, including the information it relied upon in reaching its decisions. Evanston's submission provided the following documents: (1) complaints from each of the actions; (2) excerpts of testimony and exhibits from trial; (3) copies of all coverage determination letters issued to Streamline and Nineteenth Street; and (4) copies of policies issued by Evanston to Streamline entities.

7. On April 7, 2025, a reply to Evanston's new matter was filed on behalf of Plaintiff Selbovitz. Identical replies on behalf of Plaintiffs Auger, Kirk, and Butera were subsequently filed on April 8, 2025. A copy of Plaintiffs' Reply to Evanston's New Matter as submitted in the Selbovitz matter is attached as **Exhibit C**.

8. Notwithstanding Evanston's detailed submission in response to the Revised Garnishment Interrogatories, Plaintiffs' incredulously seek additional discovery.

9. On April 15, 2025, Evanston received Plaintiffs' First Request for Production of Documents which seeks, among other things, Evanston's claim logs, entire claim file, defense logs, defense files, all communications set by or to Evanston relating to the claim, reservation of rights and disclaimer letters, all documents relating to Evanston's refusal to indemnify the insureds and documents in support of Evanston's denial of coverage. A copy of Plaintiffs' First Request for Production of Document is attached as **Exhibit D.**

10. On April 15, 2025, Plaintiffs also provided a notice of Deposition of Belinda Skeen seeking to schedule a deposition for May 30, 2025. The purpose and topics for this deposition are unclear and unspecified. *See* Notice Of Deposition of Belinda Skeen, attached as **Exhibit E.**

Case ID: 190901353
Control No.: 25053216

11. While trial has concluded, Defendants have filed an appeal captioned *Selbovitz v. Streamline Solutions, LLC et al*, Docket No. 3263 EDA 2024, **which is currently pending and remains ongoing**. Evanston is currently providing a defense to Streamline and Ninenteenth Street in the appeal and retrial, if granted.

## GROUNDS FOR RELIEF

12. Pennsylvania Rule of Civil Procedure 4003.1(a) provides that "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."

13. Whether discovery requests will be permitted is a matter within the judicial discretion of the court. *In Re Semeraro*, 515 A.2d 880, 882 (Pa. 1986); *see also* Pa. R. Civ. P. 3117(a) and 4012 (prohibiting discovery that would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party).

14. Here, Pennsylvania Rule of Civil Procedure 3117 specifically provides that the purpose of garnishment discovery *is limited only to identify assets of Streamline and Ninenteenth Street held by Evanston*.

15. Unfortunately, the discovery sought by Plaintiffs is not limited to the garnishment issue before the Court, but impermissibly seeks discovery on matters **wholly unrelated** to the subject matter of the garnishment proceedings in violation of Pa. R. Civ. P. 4003.1(a).

16. The Court has the discretion to prohibit or limit discovery in aid of execution that goes beyond the limited purpose of identifying assets of the defendant. *PaineWebber, Inc. v. Devin*, 658 A.2d 409, 413 (Pa. Super. 1995) ("Discovery in aid of execution may be restricted if the requested testimony or material is not relevant to the discovery of assets of the defendant.").

-5-

Case ID: 190901353
Control No.: 25053216

17.     The limited issue before the Court is whether any of the liability insurance policies issued by Evanston that insure Streamline and Ninenteenth Street provide coverage for any of the damages awarded in favor of Plaintiffs against Streamline and Ninenteenth Street.

18.     Evanston has already provided Plaintiffs with copies of documents relevant to the question before the Court: (1) the potentially relevant liability insurance policies issued by Evanston; (2) Evanston's coverage position letters to Streamline and Nineteenth Street concerning Plaintiffs' claims and litigation.  Evanston has offered to provide information on the amount of payments made by Evanston under the subject policies, to the extent that Evanston has paid other claims that may exhaust or lead to the exhaustion of the limits of the subject policies. This information constitutes the limited subset of information that could be relevant to the discovery of assets of Streamline and Nineteenth Street held by Evanston.

19.     Unfortunately, Plaintiffs' discovery requests to Evanston seek information well beyond that limited permissible scope of discovery in this context.

20.     Plaintiffs seek discovery regarding Evanston's claim file and claim logs, claim handling communications, mental impressions concerning handling the claim, privileged information from the defense file, the defense log and privileged communications involving and/or related to appointed defense counsel.  Plaintiffs also seek to depose the Manager, Construction Claims involved on behalf of Evanston in relation to Plaintiffs' claims against Streamline and Nineteenth Street.  This information has no bearing on assets of Streamline and Nineteenth Street held by Evanston, if any.

21.     This Court has previously reviewed and rejected a similar attempt to seek impermissible discovery in the context of garnishment interrogatories.  *See* Order issued by Judge

-6-

Case ID: 190901353
Control No.: 25053216

Coyle in October 30, 2023 in *Becker v. Streamline Solutions, LLC*, Pennsylvania Court of Common Pleas, Philadelphia County, Docket No. 221002193 attached as **Exhibit F**.

22. In *Becker*, like in this matter, claimants, who were also represented by the same firm representing Plaintiffs here, sought, among other things, discovery and the deposition of a corporate representative from Evanston on: (1) the entire claim file; and (2) correspondence with the insured's attorney relating to the claim. Evanston moved for protective order and offered to produce the same universe of documents which it has (and/or will) produce in connection with this matter.

23. Judge Anne Marie Coyle granted Evanston a protective order and prohibited further discovery in connection with the garnishment proceedings. *Id*.

24. At oral argument on the motion, Judge Coyle noted:

> Garnishees are in a separate category. And ***I'm not seeing the nexus of relevance to the additionally requested documents and/or information. I am seeing an infringement upon privileged matters***. The documents, if I understand correctly, and I think I do, that have been transferred to date cover the relevant issues addressing what assets there may be. Honestly, I'm just missing a particular nexus for additionally requested documents, first and foremost. And secondly, there is a privilege problem under the rules as cited.

*See* October 30, 2023 hearing on motion for Protective order, *Becker v. Streamline Solutions, LLC*, Pennsylvania Court of Common Pleas, Philadelphia County, Docket No. 221002193, 14:16-20 (emphasis added). A copy of the transcript from the hearing of Evanston's Motion for Protective Order in *Becker* is attached as **Exhibit G**.

25. Because Plaintiffs here seek discovery on irrelevant and privileged matters not limited to the existence of assets of Streamline and Nineteenth Street held by Evanston, if any, and since Evanston has already provided copies of documents relevant to the question before this

Case ID: 190901353
Control No.: 25053216

Court, Plaintiffs' discovery requests to Evanston are irrelevant, unreasonable, oppressive, unduly burdensome.

26. Evanston's claim file has information about the very claims asserted by Plaintiffs against Evanston's insureds in this action, including potential defenses to the same. It does ***not*** concern assets of Streamline and Nineteenth Street held by Evanston, if any. How Evanston handled the claims against its insureds or, for that matter, any other claim, is not relevant to these proceedings and therefore such request is beyond the scope of permissible discovery under Rule 4003.1.

27. In demanding the production of the claim file and claim logs, Plaintiffs also seek discovery of mental impressions of those acting on Evanston's behalf, conclusions, or opinions respecting the value or merits of a claim or defense or respecting strategy or tactics which also are not discoverable under Pa. R. Civ. Pro. 4003.3.

28. By its very nature, Evanston's claim file and logs contain the impressions, conclusions, and opinions of those acting on Evanston's behalf—in addition to summaries of legal theories by the defense counsel – which are plainly privileged and not subject to discovery.

29. Moreover, as discussed more fully below, Plaintiffs improperly seek discovery of information concerning the defense file, defense logs, communications with defense counsel, privileged documents, and the mental impressions and valuations of the Evanston and those acting on Evanston's behalf. Accordingly, these discovery requests for the claim file and claim handling manuals, policies, and procedures are improper for these limited proceedings, and thus, are irrelevant, unreasonable, oppressive, and unduly burdensome, and should be prohibited.

30. Evanston provided, and continues to provide, a defense to Streamline and Ninenteenth Street such that communications with counsel are privileged within the tri-partite

Case ID: 190901353
Control No.: 25053216

relationship. *F.P. Woll & Co. v. Valiant Ins. Co.*, 2003 U.S. Dist. LEXIS 3134, at *8 (E.D. Pa. Feb. 11, 2003).

31. Such communications are within the privilege to the extent they involve communications from the client to the carrier or the carrier to the client for the purpose of obtaining legal representation and advice, effectuating the representation, and related matters such as options regarding strategy and settlement.

32. Thus, communications with the insureds' counsel by the insurer regarding the defense of the insured are privilieged and not discoverable.

33. The discovery sought by Plaintiffs, beyond the information Evanston has already produced and/or agreed to produce, whether through documents or deposition testimony, is irrelevant, unreasonable, oppressive, unduly burdensome, and the Court should enter a protective order to prohibit it.

34. At root, Plaintiffs' overbroad discovery requests appear to be a poorly concealed effort to pursue a claim for "bad faith" against Evanston. However, Plaintiffs have no such claim against Evanston. *Strutz v. State Farm Mut. Ins. Co.,* 609 A.2d 569, 571 (Pa. Super. 1992) ("good faith arises from the insurance policy and is owed to the insured, not to a third-party claimant").

35. Consequently, such discovery is not relevant to the claims in this proceeding and should not be allowed.

36. Accordingly, Plaintiffs should not be permitted to obtain discovery from Evanston, whether through documents or deposition testimony, beyond the limited information that Evanston has already provided and agreed to produce.

Case ID: 190901353
Control No.: 25053216

WHEREFORE, Garnishee, Evanston Insurance Company, respectfully requests that the Court enter an protective order prohibiting Plaintiffs from obtaining discovery from Evanston, whether through documents or deposition testimony, beyond the following limited information: (1) the potentially relevant liability insurance policies issued by Evanston that name Streamline Solutions as an insured and under which Nineteenth Street may qualify as an additional insured; (2) Evanston's coverage position letters to Streamline and Nineteenth Street concerning Plaintiffs' claims and litigation; and (3) the amount of payments made by Evanston under the subject policies, to the extent that Evanston has paid other claims that may exhaust or lead to exhaustion of the limits of the subject policies.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

*/s/ Edward M. Koch*
Edward M. Koch, Esquire
Laura Rossi, Esquire
Pa. Id. Nos. 76337/322763
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
215-864-6319/6366

*Attorneys for Garnishee,*
*Evanston Insurance Company*

Dated: May 14, 2025

-10-

Case ID: 190901353
Control No.: 25053216

**WHITE AND WILLIAMS LLP**
BY:    Edward M. Koch, Esquire
       Laura Rossi, Esquire
       Pa. Id. Nos. 76337/322763
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103
215-864-6319/6366
koche@whiteandwilliams.com
rossil@whiteandwilliams.com

*Attorneys for Garnishee,*
*Evanston Insurance Company*

| | |
|---|---|
| MATTHEW SELBOVITZ | : PHILADELPHIA COUNTY |
|           Plaintiff, | : COURT OF COMMON PLEAS |
| | : |
|    v. | : APRIL TERM, 2019 |
| | : |
| STREAMLINE SOLUTIONS, LLC ET AL. | : NO. 01575 |
| | : |
|           Defendants. | : |
| | : |
| | : |

| | |
|---|---|
| DANIEL KIRK and CLARISA KIRK | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
|           Plaintiffs, | : |
| | : SEPTEMBER TERM, 2019 |
|    v. | : |
| | : NO. 001353 |
| NINETEENTH STREET DEVELOPMENT LLC, et, al. | : |
| | : |
|           Defendants. | : |
| | : |

| | |
|---|---|
| DAVID BUTERA | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
|           Plaintiff, | : |
| | : SEPTEMBER TERM, 2019 |
|    v. | : |
| | : NO. 001268 |
| NINETEENTH STREET DEVELOPMENT LLC, et al. | : |
| | : |
|           Defendants. | : |
| | : |

Case ID: 190901353
Control No.: 25053216

| | |
|---|---|
| NICHOLAS AUGER | : PHILADELPHIA COUNTY |
| Plaintiff, | : COURT OF COMMON PLEAS |
| | : |
| v. | : SEPTEMBER TERM, 2019 |
| | : |
| NINETEENTH STREET DEVELOPMENT LLC, | : NO. 001351 |
| et, al. | : |
| Defendants. | : |
| | : |
| | : |

**GARNISHEE, EVANSTON INSURANCE COMPANY'S, MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER**

**MATTER BEFORE THE COURT**

Garnishee, Evanston Insurance Company ("Evanston"), respectfully moves for a protective order pursuant to Rules 4011 and 4012 of the Pennsylvania Rules of Civil Procedure to limit the discovery sought by Plaintiffs, Nickolas Auger, David Butera, Daniel Kirk and Clarisa Kirk, and Matthew Selbovitz, (collectively "Plaintiffs"), in aid of garnishment, whether through documents or deposition testimony. The discovery sought by Plaintiffs is not limited to matters relating to the assets of Defendants, Streamline Solutions, LLC ("Streamline") and Nineteenth Street Properties, LLC ("Nineteenth Street"), and is therefore beyond the scope of permissible discovery in aid of execution. Rule 3117 specifically provides that the purpose of this discovery *is limited only to identify assets of Streamline and Nineteenth Street held by Evanston*.

Evanston has determined that no coverage is available for the judgments issued against Streamline and Nineteenth Street. Evanston has already provided to Plaintiffs copies of its policies and coverage position letters as part of the garnishment proceedings, along the evidence upon which Evanston relied in reaching its coverage determinations. Evanston has also offered to provide information on the amount of payments made by Evanston under the subject policies to

-2-

Case ID: 190901353
Control No.: 25053216

the extent that Evanston has paid other claims that may exhaust or lead to exhaustion of the limits of the subject policies, which was not originally requested in Plaintiffs' garnishment interrogatories. The information Evanston provided, and is willing to provide, constitutes the limited subset of information that may be relevant to the discovery of assets of Streamline and Nineteenth Street held by Evanston, if any. Unfortunately, Plaintiffs' Requests for Production to Evanston seek information *well beyond* that limited scope of permissible discovery in this context.

Most of Plaintiffs' First Request for Production of Documents addressed to Evanston do not seek information about Streamline's and Nineteenth Street's assets held by Evanston. Rather, they seek documents regarding Plaintiffs' claim against Evanston's insureds and the related litigation of Plaintiffs' claims, Evanston's claim handling, and Evanston's defense file and other privileged documents in connection with the defense provided to Streamline and Nineteenth Street. Such discovery is wholly irrelevant to the limited scope of garnishment proceedings, which are designed only to identify any assets of Streamline and Nineteenth Street held by Evanston to pay the judgment entered in favor of Plaintiffs,' if any. As a result, such discovery must be prohibited.

Unfortunately, this is not the first time that counsel for Plaintiffs have attempted to extend garnishment proceedings beyond their limited function. In *Becker v. Streamline Solutions, LLC,* Phila. C.C.P. No. 2210-02193, Judge Ann Marie Coyle granted Evanston substantially the same protective order that it seeks here.

Accordingly, Plaintiffs should not be permitted to obtain discovery from Evanston, either through documents or deposition testimony, beyond the limited information that Evanston has already produced or agreed to produce.

Case ID: 190901353
Control No.: 25053216

<u>**STATEMENT OF THE QUESTION INVOLVED**</u>

1.      Is Evanston entitled to a protective order to limit the scope of permissible garnishment discovery, whether through documents or deposition testimony, to: (1) the potentially relevant liability insurance policies issued by Evanston that name Streamline Solutions as an insured and under which Nineteenth Street may qualify as an additional insured; (2) Evanston's coverage position letters to Streamline and Nineteenth Street concerning Plaintiffs' claims and litigation; and (3) the amount of payments made by Evanston under the subject policies, to the extent that Evanston has paid other claims that may exhaust or lead to exhaustion of the limits of the subject policies.

**Suggested Answer:** Yes.

<u>**STATEMENT OF OPERATIVE FACTS**</u>

Plaintiffs, Nickolas Auger, David Butera, Daniel Kirk and Clarisa Kirk, Matthew Selbovitz, (collectively "Plaintiffs"), filed a Praecipe to Issue a Writ of Execution against Evanston Insurance Company ("Evanston") on February 10, 2025 with enclosed Interrogatories in Attachment to Garnishee Evanston Insurance Company.

On February 12, 2025, Plaintiffs filed Revised Interrogatories in Attachment to Garnishee Evanston Insurance Company ("Revised Garnishment Interrogatories") under each of four lawsuits captioned as:

- *Kirk v. Streamline Solutions, LLC*, case ID 190901353 (the "Kirk Lawsuit")
- *Auger v. Streamline Solutions, LLC,* case ID 190901351 (the "Auger Lawsuit")
- *Butera v. Streamline Solutions, LLC*, case ID 190901268 (the "Butera Lawsuit")
- *Selbovitz v. Streamline Solutions, LLC,* case ID 190401575 (the "Selbovitz Lawsuit").

(collectively the "Lawsuits").

-4-

Case ID: 190901353
Control No.: 25053216

The Revised Garnishment Interrogatories filed under each docket number are identical. A copy of Plaintiffs' Revised Garnishment Interrogatories filed in the Selbovitz matter is attached as **Exhibit A.**

Evanston was served with the Revised Garnishment Interrogatories on February 19, 2025.

On March 11, 2025, Evanston filed, in each of the four Lawsuits, identical Answers to the Revised Garnishment Interrogatories and New Matter against Streamline and Ninenteenth Street which enclosed a number of exhibits including but not limited to, copies of reservation of rights letters issued in connection with the claim, documents in support of Evanston's coverage determination, and copies of the relevant insurance policies issued to Streamline. A copy of Evanston's Answers to Revised Garnishment Interrogatories With New Matter submitted in the Selbovitz matter is enclosed as **Exhibit B**.

Evanston's new matter detailed at length Evanston's coverage position on each of Plaintiffs' claims, including the information it relied upon in reaching its decisions. Evanston's submission provided the following documents: (1) complaints from each of the actions; (2) excerpts of testimony and exhibits from trial; (3) copies of all coverage determination letters issued to Streamline and Nineteenth Street; and (4) copies of policies issued by Evanston to Streamline entities.

On April 7, 2025, a reply to Evanston's new matter was filed on behalf of Plaintiff Selbovitz. Identical replies on behalf of Plaintiffs Auger, Kirk, and Butera were subsequently filed on April 8, 2025. A copy of Plaintiffs' Reply to Evanston's New Matter as submitted in the Selbovitz matter is attached as **Exhibit C**.

Notwithstanding Evanston's detailed submission in response to the Revised Garnishment Interrogatories, Plaintiffs' incredulously seek additional discovery.

-5-

Case ID: 190901353
Control No.: 25053216

On April 15, 2025, Evanston received Plaintiffs' First Request for Production of Documents which seeks, among other things, Evanston's claim logs, entire claim file, defense logs, defense files, all communications set by or to Evanston relating to the claim, reservation of rights and disclaimer letters, all documents relating to Evanston's refusal to indemnify the insureds and documents in support of Evanston's denial of coverage. A copy of Plaintiffs' First Request for Production of Document in the Selbovitz matter is attached as **Exhibit D.**

On April 15, 2025, Plaintiffs also provided a notice of Deposition of Belinda Skeen seeking to schedule a deposition for May 30, 2025. The purpose and topics for this deposition are unclear and unspecified. *See* Notice Of Deposition of Belinda Skeen, attached as **Exhibit E.**

While trial has concluded, Defendants have filed an appeal captioned *Selbovitz v. Streamline Solutions, LLC et al*, Docket No. 3263 EDA 2024, **which is currently pending and remains ongoing**. Evanston is currently providing a defense to Streamline and Ninenteenth Street in the appeal and the retrial, if granted.

## ARGUMENT

### I. STANDARD FOR DECIDING A MOTION FOR PROTECTIVE ORDER

Whether discovery requests will be permitted is a matter within the judicial discretion of the court. *In Re Semeraro*, 515 A.2d 880, 882 (Pa. 1986). Pennsylvania Rule of Civil Procedure 4012 provides, in part:

> (a) Upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense, including one or more of the following:
>
> (1) that the discovery or deposition shall be prohibited;
>
> (2) that the discovery or deposition shall be only on specified terms and conditions, including a designation of the time and place;

-6-

Case ID: 190901353
Control No.: 25053216

(3) that the discovery or deposition shall be only by a method of discovery or deposition other than that selected by the party seeking discovery or deposition;

(4) that certain matters shall not be inquired into;

(5) that the scope of discovery or deposition shall be limited;

(6) that discovery or deposition shall be conducted with no one present except persons designated by the court;

(7) that a deposition shall be sealed and shall be opened only by order of the court;

(8) that the parties simultaneously shall file specified documents or information enclosed in sealed envelopes to be opened as directed by the court;

(9) that a trade secret or other confidential research, development or commercial information shall not be disclosed or be disclosed only in a designated way.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery.

The Superior Court in *Hutchison v. Luddy*, 606 A.2d 905, 908 (Pa. Super. 1992) confirmed the discretion provided to a trial court to limit discovery:

It is the responsibility of the trial court to "oversee discovery between the parties and therefore it is within that court's discretion to determine the appropriate measure necessary to insure adequate and prompt discovering of matters allowed by the Rules of Civil Procedure." *Stern v. Vic Snyder, Inc.*, 325 Pa. Super. 423, 436, 473 A.2d 139, 146 (1984). With regard to requests for protective orders, the Commonwealth Court has appropriately observed:

There are no hard-and-fast rules as to how a motion for a protective order is to be determined by the court. Whether to grant or deny the motion, and what kind or kinds of protective orders to issue are matters that lie within the sound judicial discretion of the court, and the court's determination as to these matters will not be disturbed unless that discretion has been abused.

-7-

Case ID: 190901353
Control No.: 25053216

Pennsylvania Rule of Civil Procedure 4011 provides, in part, that "[n]o discovery … shall be permitted which … (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party…." Similarly, "as with pretrial discovery rules, discovery in aid of execution may be prohibited where it would cause unreasonable annoyance, embarrassment, expense, or oppression to the deponent." 8 Goodrich Amram 2d §3117(a):3. Moreover, Rule 4011 provides in part that "[n]o discovery … shall be permitted which … (c) is beyond the scope of discovery as set forth in Rules 4003.1 through 4003.6…."

## II. PLAINTIFFS' GARNISHMENT DISCOVERY IS NOT LIMITED TO THE DISCOVERY OF ASSETS OF STREAMLINE AND NINETEENTH STREET HELD BY EVANSTON, IF ANY, AND THUS, MUST BE PROHIBITED AS IRRELEVANT, UNREASONABLE, OPPRESSIVE, AND UNDULY BURDENSOME

Unfortunately, the discovery sought by Plaintiffs is not limited to the garnishment issue before the Court, but impermissibly seeks matters *wholly unrelated* to the subject matter of the garnishment proceedings in violation of Pa. R. Civ. P. 4003.1(a) ("a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action"); *PaineWebber, Inc. v. Devin*, 658 A.2d 409, 413 (Pa. Super. 1995) ("Discovery in aid of execution may be restricted if the requested testimony or material is not relevant to the discovery of assets of the defendant.").

The issue before the Court is whether any of the liability insurance policies issued by Evanston that name Streamline as an insured and under which Ninenteenth Street may qualify as an additional insured, provide coverage for any of the damages awarded in favor of Plaintiffs against Streamline and Nineteenth Street. "[D]iscovery in aid of execution may be restricted if the requested testimony or material is not relevant to the discovery of assets of the defendant." 8 Goodrich Amram 2d §3117(a):3. Evanston has determined that there is no coverage or duty to indeminfy Streamline and Ninenteenth Street under the policies as detailed in Evanston's new

-8-

Case ID: 190901353
Control No.: 25053216

matter. Evanston has already provided to Plaintiffs the following in support of its coverage: (1) the potentially relevant liability insurance policies issued by Evanston that name Streamline Solutions as an insured and under which Nineteenth Street may qualify as an additional insured; (2) Evanston's coverage position letters to Streamline and Nineteenth Street concerning Plaintiffs' claims and litigation, including the information relied upon Evanston in reaching its coverage determinations.

Evanston has offered to provide information on the amount of payments made by Evanston under the subject policies to the extent that Evanston has paid other claims that may exhaust or lead to exhaustion of the limits of the subject policies.

This information constitutes the limited subset of information that may be relevant to the discovery of assets of Streamline and Nineteenth Street held by Evanston. Unfortunately, Plaintiffs seek discovery of Evanston well beyond that limited permissible scope of discovery in this context. Plaintiffs have not disputed Evanston's determination. Plaintiffs have not explained the reasons behind their request for a deposition of Belinda Skeen, nor its intended scope. If Plaintiffs' wide-ranging First Request for Production of Documents are any indication of the information that Plaintiffs will seek in the deposition, the deposition should not be allowed. Plaintiffs seek discovery regarding Plaintiffs' claim against Evanston's insureds and the related litigation of Plaintiffs' claims as well as Evanston's claim handling, which has no bearing on assets of Streamline and Nineteenth Street held by Evanston, if any.

Because Plaintiffs seek discovery of irrelevant matters not limited to the existence of assets of Streamline and Nineteenth Street held by Evanston, if any, Plaintiffs' discovery requests to Evanston, beyond those identified above, are irrelevant, unreasonable, oppressive, unduly

-9-

Case ID: 190901353
Control No.: 25053216

burdensome. As a result, the Court should enter a protective order to prohibit such discovery, whether through documents or deposition testimony.

### A. PLAINTIFFS ARE NOT ENTITLED TO DISCOVERY OF EVANSTON'S CLAIM FILE OR CLAIM LOGS

Evanston's claim file has information about the very claims asserted by Plaintiffs against Evanston's insureds in this action. It does **not** concern assets of Streamline and Nineteenth Street held by Evanston, if any. How Evanston handled Plaintiffs' claims against its insureds or, for that matter, any other claim, is not relevant to these proceedings and therefore such request is beyond the scope of permissible discovery under Rule 4003.1. *McCrink v. Peoples Benefit Life Ins. Co.*, 2004 U.S. Dist. LEXIS 23990, \*27-28 (E.D. Pa. Nov. 29, 2004) ("This Court agrees with the defendant that the requests for entire claims and training manuals, investigation materials, and compliance manuals are overly broad and burdensome." Allowing *limited* production relevant to processing the claim in question in connection with a bad faith claim.). Moreover, as further discussed below, ***Plaintiffs improperly seek discovery of information concerning communications with defense counsel and the mental impressions and valuations of those acting on Evanston's behalf, <u>while this matter continues on appeal</u>***. Accordingly, discovery requests for the claim file and claim logs are improper for these limited proceedings, and thus, are irrelevant, unreasonable, oppressive, and unduly burdensome, and should be prohibited.

Thus, the discovery sought by Plaintiffs, beyond the information Evanston has already agreed to produce, whether through documents or deposition testimony, is irrelevant, unreasonable, oppressive, unduly burdensome, and the Court should enter a protective order to prohibit it.

-10-

Case ID: 190901353
Control No.: 25053216

**B.  PLAINTIFFS MAY NOT OBTAIN COMMUNICATIONS WITH DEFENSE COUNSEL, DEFENSE LOGS, AND/OR DEFENSE FILES**

Plaintiffs' improper overreach does not stop there.  Plaintiffs also requests attorney-client communications and attorney work-product in seeking the claim file and claim logs with respect to providing a defense and/or indemnity to in connection with Plaintiffs' claims against Streamline and Nineteenth Street.  Evanston provided, and continues to provide, a defense to Streamline and Ninenteenth Street such that communications related to their defense with counsel are privileged within the tri-partite relationship.  *F.P. Woll & Co. v. Valiant Ins. Co.*, 2003 U.S. Dist. LEXIS 3134, *8 (E.D. Pa. Feb. 11, 2003) ("'The common interest doctrine provides that when one attorney acts for two clients who have a common interest, there is no attorney-client privilege as between the two clients, but that they jointly hold the privilege against anyone else.'"); *see also Serrano v. Chesapeake Appalachia, LLC*, 298 F.R.D. 271, 283 (W.D. Pa. 2014) ("Communications between an insured and its carrier which include communications with the insured's insurance administrator and broker fall within the permissible use of agents. Such communications are within the privilege to the extent they involve communications from the client to the carrier or the carrier to the client for the purpose of obtaining legal representation and advice, effectuating the representation, and related matters such as options regarding strategy and settlement.").  Communications with the insureds' appointed defense counsel by the insurer regarding the defense of the insureds are privilieged and not discoverable especially when, as here, the litigation remains on appeal.

**C.  PLAINTIFFS MAY NOT OBTAIN THE MENTAL IMPRESSIONS AND EVALUATIONS RELATED TO EVANSTON'S CLAIM HANDLING**

In demanding the production of the claim file, Plaintiffs also seek discovery of mental impressions of representatives acting on Evanston's behalf and conclusions or opinions respecting

-11-

Case ID: 190901353
Control No.: 25053216

the value or merits of a claim or defense or respecting strategy or tactics, which also are not

discoverable. Pa. R. Civ. Pro. 4003.3 provides:

> Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including his or her attorney, consultant, surety, indemnitor, insurer or agent. The discovery shall not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his or her mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics.

By its very nature, Evanston's claim file contains the impressions, conclusions, and

opinions of Evanston's representatives – in addition to summaries of legal theories by the defense

counsel – which are plainly privileged and not subject to discovery. Moreover, for the reasons

addressed above, the claim file is simply not relevant to what assets Streamline or Nineteenth

Street have to pay Plaintiffs' judgments.

**D.     PLAINTIFFS' NOTICE OF DEPOSITION IS IMPROPER AT THIS STAGE OF LITIGATION**

While a judgment has been issued on the docket before this court, defense counsel has filed

an appeal which is still pending before the Pennsylvania Superior Court. Plaintiffs seek to take

the deposition of Belinda Skeen, Manager, Construction Claims. Plaintiffs have not detailed the

scope of the deposition in the notice provided. However, if the documents requested are an

indication of the scope of Plaintiffs' deposition inquiry, their questions will inappropriately seek

information on the handling of the defense in the ongoing litigation. Evanston submits that the

deposition should not be permitted as it will require disclosure of privileged information and

documents, including but not limited to communications with defense counsel and information on

litigation strategy on the ongoing litigation. *See F.P. Woll & Co.*, 2003 U.S. Dist. LEXIS 3134, at

-12-

Case ID: 190901353
Control No.: 25053216

*8; *see also  Serrano v. Chesapeake Appalachia, LLC*, 298 F.R.D. at 283. Should this court be inclined to allow the deposition to move forward at this stage, Evanston requests that the scope of Plaintiffs' inquiry be limited to assets of Streamline and Nineteenth Street held by Evanston, if any.

> **E.      THIS COURT HAS PREVIOUSLY FOUND REQUESTS LIKE THOSE OF PLAINTIFFS TO BE OUTSIDE THE SCOPE OF GARNISHMENT PROCEEDINGS**

This Court has previously reviewed and rejected a similar attempt to seek impermissible discovery in the context of garnishment interrogatories.  *See* Order issued by Judge Coyle in October 30, 2023 in *Becker v. Streamline Solutions, LLC*, Pennsylvania Court of Common Pleas, Philadelphia County, Docket No. 221002193 attached as Exhibit F.

In *Becker*, like in this matter, claimants sought discovery and the deposition of a corporate representative from Evanston on: (1) the entire claim file; (2) correspondence with the insured's attorney relating to the claim.  Evanston moved for a protective order and offered to produce the same universe of documents which it has (and/or will) produce in connection with this matter.  In granting Evanston's motion for protective order, and prohibiting further discovery in connection with the garnishment proceedings, Judge Coyle rejected the same argument advanced by Plaintiffs here that the discovery was somehow within the scope of garnishment proceedings and noted:

> Garnishees are in a separate category.  And ***I'm not seeing the nexus of relevance to the additionally requested documents and/or information***.  ***I am seeing an infringement upon privileged matters***.  The documents, if I understand correctly, and I think I do, that have been transferred to date cover the relevant issues addressing what assets there may be.  Honestly, I'm just missing a particular nexus for additionally requested documents, first and foremost. And secondly, there is a privilege problem under the rules as cited.

*See* October 30, 2023 hearing on motion for Protective order, *Becker v. Streamline Solutions, LLC,* Pennsylvania Court of Common Pleas, Philadelphia County, Docket No. 221002193, 14:16-20

Case ID: 190901353
Control No.: 25053216

(emphasis added).  A copy of the transcript from the hearing of Evanston's Motion for Protective Order in *Becker* is attached as **Exhibit G**.

The discovery sought by Plaintiffs in this matter is arguably even more troublesome than in *Becker* because Plaintiffs not only seek the very information that was deemed to be outside the scope of garnishment proceedings by Judge Coyle, they also seek information on the defense file (including privileged communications) while an appeal is still pending and defense is continuing. The fact of the matter is that providing litigation logs, communications, and litigations files would disclose privileged information on an active litigation – and may even provide Plaintiffs with an unfair advantage on the pending appeal and in a retrial, if granted – in addition to being outside the scope of the proceedings.   Plaintiffs simply have not provided a plausible explanation that would entitle them or even justify the production of the documents and/or testimony requested.

**F.     PLAINTIFFS MAY NOT PURSUE A BAD FAITH CLAIM AGAINST EVANSTON AND, EVEN IF THEY HAD THE RIGHT TO PURSUE SUCH A CLAIM, GARNISHMENT IS NOT THE CORRECT METHOD TO PURSUE SUCH A CLAIM**

As previewed above, Plaintiffs' overbroad discovery requests appear to be a poorly concealed effort to pursue a claim for "bad faith" against Evanston.  However, Plaintiffs have no such claim against Evanston as a matter of law.  *Strutz v. State Farm Mut. Ins. Co.,* 609 A.2d 569, 571 (Pa. Super. 1992) ("good faith arises from the insurance policy and is owed to the insured, not to a third-party claimant."); *Gramberg v. Nationwide Mut. Ins. Co.*, 2000 U.S. Dist. LEXIS 20108, *9-10 (M.D. Pa. Feb. 24, 2000) ("A third-party's tort claim does not arise under an insurance policy; it arises under common law.  It is the tortfeasor to whom the insurer owes a contractual duty to defend and to indemnify against any judgment.  The claimant generally has no right to make a claim directly against the insurer, and the insurer's liability is that of an indemnitor.  By limiting the bad faith cause of action to claims 'arising under an insurance policy,' the General

-14-

Case ID: 190901353
Control No.: 25053216

Assembly plainly restricted the class of claimants to those persons who had a contractual right to benefits from the insurer with respect to the particular claim presented. Gramberg, in her capacity as a tort claimant, does not fall within this class of persons who may maintain an action under § 8371.").  Consequently, such discovery is not relevant to the claims in this proceeding and should not be allowed.

Plaintiffs' request for the claim file and claim logs reflecting the investigation, adjustment, and ongoing defense of Plaintiffs' claims has simply nothing to do with whether Evanston holds any Streamline or Ninenteeneth Street assets.  Rather, such discovery would only potentially be relevant in a bad faith action – *a claim which Plaintiffs simply does not have and cannot bring in a garnishment proceeding even if Plaintiffs had the right to bring such a claim against Evanston.* *Brown v. Candelora*, 708 A.2d 104, 113 (Pa. Super. 1998) ("As a result, we conclude that Pennsylvania should be added to the many courts which have specifically addressed and rejected the argument that an injured plaintiff may proceed by way of a garnishment or direct action, against the tortfeasors' insurer, seeking a recovery in excess of the policy limits based on an alleged bad faith breach of the insurer's duty to the insured tortfeasor.").

Accordingly, Plaintiffs should not be permitted to obtain discovery from Evanston, whether through documents or deposition testimony, beyond the limited information that Evanston has already produced and agreed to produce.

## RELIEF REQUESTED

Garnishee, Evanston Insurance Company, respectfully requests that the Court enter an protective order prohibiting Plaintiffs from obtaining discovery from Evanston, whether through documents or deposition testimony, beyond the following limited information:  (1) the potentially relevant liability insurance policies issued by Evanston that name Streamline Solutions as an

-15-

Case ID: 190901353
Control No.: 25053216

insured and under which Nineteenth Street may qualify as an additional insured; (2) Evanston's coverage position letters to Streamline and Nineteenth Street concerning Plaintiffs' claims and litigation; and (3) the amount of payments made by Evanston under the subject policies, to the extent that Evanston has paid other claims that may exhaust or lead to exhaustion of the limits of the subject policies.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

*/s/ Edward M. Koch*
Edward M. Koch, Esquire
Laura Rossi, Esquire
Pa. Id. Nos. 76337/322763
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
215-864-6319/6366

*Attorneys for Garnishee,*
*Evanston Insurance Company*

Dated: May 14, 2025

-16-

Case ID: 190901353
Control No.: 25053216

# ATTORNEY CERTIFICATION OF GOOD FAITH

The undersigned counsel for movant hereby certifies and attests that he has had the contacts described below with opposing counsel regarding the discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute at issue, and, further, that despite all counsel's good-faith attempts to resolve the dispute, counsel have been unable to do so.

On April 25, 2025, I had a conference call with counsel for Plaintiffs concerning the requested discovery and, despite our best efforts, we were unable to resolve the issues that are the subject of this motion.

Dated:  May 14, 2025

CERTIFIED TO THE COURT:

*/s/ Edward M. Koch*
Attorney for Movant, Evanston Insurance Company

Case ID: 190901353
Control No.: 25053216

# CERTIFICATE OF SERVICE

I, Edward M. Koch, Esquire, certify that I served a true and correct copy of the foregoing, Motion Of Garnishee, Evanston Insurance Company, For A Protective Order and Memorandum of Law in support thereof were served on this date upon all attorneys of record via the Court's electronic filing system.

*/s/ Edward M. Koch*
Edward M. Koch, Esquire

Dated: May 14, 2025