**HORN WILLIAMSON & COLLINS**
Ryan M. Lockman, Esquire
PA ID. Nos. 307325
One Commerce Square, 32nd Fl
Philadelphia, PA 19103
rlockman@hornwilliamson.com
Phone: 215-987-3800
*Attorneys for Homeowner Creditors Eyre Street Condominium Association, Brian Howles, Johanna Howles, Amelia Hardy, Joseph Hardy, Divya Hattay, Patrick Becker, Steven Hassler, Kaynaz Myrum, Steven Kellner, Jessie Tharp, Victor Williams, Ryan King, David Butera, Daniel Kirk, Clarisa Kirk, Matthew Selbovitz, Nickolas Auger, Sarah Aschenbach, Jason Aschenbach, Thomas Trinh, Lorna Khensouvann, Michael Trumbo, Stuart Green, Eugene Carelli, Annie Carelli*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **STREAMLINE SOLUTIONS, LLC, *et al.*** | : | **BANKRUPTCY NO. 25-13595 (AMC)** |
| | : | **(Jointly Administered)** |
| **Debtors.**[1] | : | |
| | : | |

**HOMEOWNER CREDITORS' PRELIMINARY RESPONSE AND JOINDER IN OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT UNDER RULE 9019 AND 11 U.S.C. 105(a)**

Eyre Street Condominium Association, Brian Howles, Johanna Howles, Amelia Hardy, Joseph Hardy, Divya Hattay, Patrick Becker, Steven Hassler, Kaynaz Myrum, Steven Kellner, Jessie Tharp, Victor Williams, Ryan King, David Butera, Daniel Kirk, Clarisa Kirk, Matthew Selbovitz, Nickolas Auger, Sarah Aschenbach, Jason Aschenbach, Thomas Trinh, Lorna Khensouvann, Michael Trumbo, Stuart Green, Eugene Carelli and Annie Carelli (collectively, the "Homeowner Creditors"), by and through counsel Horn Williamson & Collins, respectfully

[1] The debtors in these jointly administered cases are (i) Streamline Solutions, LLC; (ii) Streamline Construction Management, LLC; (iii) Streamline Group, LLC; (iv) Lion Construction, LLC; (v) Lion Construction Management, LLC; (vi) Streamline Philly Construction, LLC; (vii) Streamline Realty, LLC; (vii) Streamline Sales and Marketing, LLC; (viii) Streamline Residential Construction, LLC; (ix) Streamline Partners, LLC and (x) STL Holdings I,LLC (collectively, the "Debtors").

opposes the Motion of Lynn E. Feldman, Chapter 7 Trustee (the "Chapter 7 Trustee"), For Entry of an Order Approving Settlement Agreement and Mutual Release Between the Chapter 7 Trustee and Michael Stillwell; Coulbee, LLC; 1300 American Street, LLC; SOZ DE Ave Office Owner, LLC; Process Contracting, LLC; Corner Property Group, LLC; Enduring Development, LLC and CVCM, LLC (collectively, the "Settlors") pursuant to Fed. R. Bankr. P. 9019(a) and 11 U.S.C. § 105(a) (the "9019 Motion") and requests that the Court deny the 9019 Motion for reasons stated below:

## INTRODUCTION

By dollar amount, the Homeowner Creditors constitute the overwhelming majority of creditors in these cases, all resulting from the defective construction and defrauding of new home purchasers by Michael Stillwell and entities under his ownership.

While the Homeowner Creditors are appreciative of the Chapter 7 Trustee's efforts to maximize the value of the Debtors' estates, and the Homeowner Creditors recognize the low standard required for approval of a settlement under Rule 9019, the proposed settlement between the Chapter 7 Trustee and the Settlors (the "Proposed Settlement") does not even meet that low threshold.

Specifically, the Proposed Settlement is deficient in at least three ways. First, it is not premised upon the merits of the estates' potential claims, but almost exclusively upon the Settlors' financial condition, and the Chapter 7 Trustee's evaluation of the financial condition is incomplete, at best. The Settlors have significantly more assets than has been uncovered by the Chapter 7 Trustee, including rent-producing property with assessed values in excess of $81 Million.

Second, the releases sought by the Proposed Settlement are overly broad and include unnamed persons. Notably there is no identification of the Settlors' "agents, attorneys, advisers,

consultants, and their successors and assigns," and the Chapter 7 Trustee has provided no analysis of the estates' potential claims against those parties. Additionally, if the releases of those additional parties are premised upon lack of financial wherewithal, the Chapter 7 Trustee has not included any analysis of the assets of those other parties.

And third, by the Proposed Settlement, the Chapter 7 Trustee proposes to assign and transfer to Mr. Stillwell, or his nominee, all right, title, and interest that the Trustee and the Estates have, if any, in the Subcontractor Claims, as that term is defined therein. Those Subcontractor Claims could easily have a value of millions of dollars for the estates and appear to have been casually thrown in for no consideration. The 9019 Motion provides no basis as to how the Chapter 7 Trustee analyzed these claims and their proposed transfer.

Accordingly, the Proposed Settlement does not meet the lowest point in the range of reasonableness, and the 9019 Motion should be denied.

## FACTUAL BACKGROUND

### A. Background Regarding the Claims

The Homeowner Creditors' claims arise from the defective construction and deceptive acts of the debtors and Michael Stillwell. Or, as retired Common Pleas Judge Renee Caldwell Hughes put it in her Final Award in favor of creditors Thomas Trinh, Lorna Khensouvann, and against Michael Stillwell and various entities owned by him:

> Whereas, **Michael Stillwell,** U.S. Capital Investments 7, LLC, Streamline Solutions, LLC, Streamline Construction Management, LLC, Streamline Group, LLC, Lion Construction, LLC, and Lion Construction Management, LLC ( collectively the Liable Parties or Respondents) **failed to honor the AOS and did not deliver as promised a new construction home free of defects, and failed to correct and or make adequate repairs to address water infiltration and the resultant damage and misrepresented, intentionally, negligently and fraudulently** Liable Parties' compliance with applicable building codes and building permits and

> did not warn Claimants of the imminent danger posed by the brick wall on the Claimant's property which Liable Parties had committed to remove prior to construction and as a result of these and other bad faith acts which violate the Pennsylvania Unfair Trade Practices and Consumer Protection Law, codified at 73 Pa.C.S.A., sections 201-1 et seq., **Respondents have violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, codified at 73 Pa.C.S.A., sections 201-1 et seq….**
>
> … It is hereby Ordered that the Respondents shall pay to the Claimant's a total of $1,375,356.92 plus punitive damages. **The behavior of the defendants in this matter is so egregious as to warrant punitive damages.** Punitive damages in this matter are awarded in the amount of $2,000,000.00

See, Trinh Final Award, **Exhibit B**.

As a result, the Homeowner Creditors each obtained judgments against various Debtor entities as follows:

| **Claimant** | **Judgment Amount** |
|---|---|
| Eyre Street Condominium Association | $7,590,699.08 |
| Howles, Brian and Johanna | $706,321.72 |
| Hardy, Amelia and Joseph | $1,012,784.93 |
| Hattay, Divya | $253,606.19 |
| Becker, Patrick | $247,875.97 |
| Hassler, Steven and Kaynaz Myrum | $345,900.40 |
| Kellner, Steven and Jessie Tharp | $350,098.55 |
| Williams, Victor | $252,332.28 |
| King, Ryan | $653,439.53 |
| Butera, David | $679,497.36 |
| Kirk, Daniel and Clarisa | $745,616.93 |
| Selbovitz, Matthew | $732,352.49 |
| Auger, Nickolas | $732,352.49 |
| Aschenbach, Sarah and Jason | $415,909.80 |
| Trinh, Thomas and Lorna Khensouvann | $3,433,616.51 |
| Trumbo, Michael and Stuart Green | $508,177.71 |
| Carelli, Eugene and Annie | $646,188.48 |

Trinh, Trumbo, and Carelli not only have judgments against the Debtors (totaling over $4.4 million combined), but also against Michael Stillwell, individually. And the Hardy homeowners

currently have a claim against Stillwell and Coulbee that is subject to the automatic stay. All of the remaining creditors have potential corporate veil claims against Stillwell and Coulbee, LLC.

On September 8, 2025 (the "Petition Date"), the Debtors each filed for bankruptcy relief, and on September 9, 2025, the Chapter 7 Trustee was appointed to administer the estates assets.

On May 18, 2026, the Trustee filed the 9019 Motion [Docket No. 85], by and through which she seeks approval of the Proposed Settlement of estate claims against certain affiliates of the Debtors for $550,000. As more fully set forth in the 9019 Motion, in exchange for the $550,000, the Chapter 7 Trustee is, among other things, providing releases to the Settlors.

More than that, the Chapter 7 Trustee is also proposing to release the Settlors' "agents, attorneys, advisers, consultants, and their successors and assigns" (the "Additional Released Parties"). The Chapter 7 Trustee has not identified any of the Additional Released Parties or provided any analysis of the estates' potential claims against those parties. Additionally, if the releases of those additional parties are premised upon lack of financial wherewithal, the Chapter 7 Trustee has not included any analysis of the assets of those other parties.

Further, for the same $550,000 of consideration, the Chapter 7 Trustee proposes to "assign and transfer to Mr. Stillwell, or his nominee, all right, title, and interest that the [Chapter 7] Trustee and the Estates have in "all claims, causes of action, rights of recovery, demands, or remedies that the [Chapter 7] Trustee and the Estates have, if any, against any subcontractors, suppliers, vendors, or other third parties involved in any construction projects involving any of the Debtors, including without limitation any and all rights to proceeds that the [Chapter 7] Trustee and the Estates have, if any, from any prior or existing settlements, releases, or payments made by such subcontractors."

The Chapter 7 Trustee's basis for the Proposed Settlement is that it is an exercise of her business judgment, which is set forth in the following five paragraphs:

34. The Trustee and the [Settlors] each believe that their positions and defenses are legitimate and well-supported by the underlying facts and circumstances. Litigating the claims and defenses require in depth factual analyses into the financial records of the relevant parties and their actions. The success of one party can often hinge on the smallest of details. Given the complexity and nuance involved, the outcomes of these actions can be difficult to predict. While the Trustee and the Stillwell Parties each believe that they have a chance of succeeding should they proceed to trial, the Trustee also recognizes that it is uncertain, at best, if her arguments will prevail and that prolonged litigation would be extremely costly and time-consuming.

35. With respect to collection difficulties, this was the most important factor for the Trustee in deciding to enter into the Agreement. As set forth herein, the Trustee and her professionals reviewed numerous financial documents provided by the Stillwell Parties under the terms of the Protective Order. Quite simply, the Trustee believes that any collection efforts against the Stillwell Parties would be difficult.

36. In terms of the complexity of litigation, and the expense, inconvenience, and delay necessarily attending it, as discussed in connection with the first Martin factor, the issues at stake in this case are highly complex and the underlying facts are susceptible to varying interpretations. Further, arguing for and defending against the claims to conclusion would likely require substantial discovery, expert testimony and detailed briefing. As a result, the Trustee could expect to incur significant litigations costs and expenses that could easily exceed the Settlement Amount. Given the amount at stake, the unpredictable nature of the potential litigation, and the likelihood of incurring excessive costs, the Trustee believes that there is limited upside to pursuing litigation against the Stillwell Parties.

37. Lastly, given that approval of the Agreement guarantees a prompt total recovery of $550,000.00 for the Estates, the Trustee believes that, rather than pursuing costly litigation with speculative levels of success, approval is in the paramount interest of the creditors.

38. Because the four <u>Martin</u> factors weigh heavily in favor of settling all claims against the Stillwell Parties, and because the Agreement is reasonable and supported by a sound business justification, it should be approved. The Trustee submits, in the exercise of her business judgment,

As of June 20, 2026, creditors filed 23 proofs of claim aggregating $23,205,469.90[2].

Without including any unliquidated claims or administrative expenses, including the Chapter 7

[2] The Homeowner Creditors' proofs of claim total $19,306,770.42, or approximately 83.2% of all asserted liquidated claims against the Debtors.

Trustee's fees and professional fees, the proceeds from the Proposed Settlement would yield the Homeowner Creditors less than 2.9% on account of their claims. Including the Chapter 7 Trustee's fees and professional fees, the Homeowner Creditors expect to receive significantly less than that, perhaps even less than a penny on the dollar to be received on account of their final judgments.

**B. Background Regarding Stillwell's Scheme Related to the Streamline Brand**

Michael Stillwell, through Coulbee LLC, operates through dozens of single-purpose corporate entities, all owned in whole or in part—and controlled by— Stillwell. *See generally,* Motion for Injunction, **Exhibit G**, and exhibits thereto; Verified Complaint in related action, as **Exhibit F**.

Of the 100 (and counting) Streamline-related entities, most were formed between 2015 and 2023 and, of those, *all* had only two registered addresses—either 1100 N. Delaware or 2301 Washington. *Id*. Both of those addresses also belong to Streamline.

In 2020, several Streamline entities *shared* a single $14.8 Million loan from the Federal Reserve under the Covid Stimulus plan. See, Main Street Lending loan agreement, **Exhibit C**. **Specifically, the loan was issued to Coulbee LLC,** Lion Construction and Streamline Group, as well a half-dozen other Streamline-related entities: Streamline Commercial Development LLC, Streamline Partners LLC, Streamline Solutions Acquisitions LLC, Lion Construction Management LLC, Streamline Realty LLC and Streamline Home Management LLC. *Id.* Stillwell signed the loan documents.

In the case brought by creditors *Trumbo and Green v. Streamline*, PCCP No. 230400946) regarding a home defectively constructed by the Streamline Entities, Stillwell was found by Judge Roberts of the Court of Common Pleas to be subject to the arbitration clause under an alter ego

theory, on the basis that he controlled all of the Streamline entities which were used interchangeably:

> "It seems quite apparent from the wealth of court filings, the testimony and exhibits at the arbitration, and generally how the parties proceeded at the arbitration, that all of the entities identified by the arbitrator were in some way affiliated with, controlled by, or the alter ego of Mr. Stillwell. The contention that Mr. Stillwell or one of the entities he controlled was not a parties to the agreement of sale and not subject to the arbitration borders on frivolous."

Trumbo 1925 Opinion, **Exhibit A.**

Indeed, not even Mr. Stillwell can keep track of all his entities, to the point where he is unable to even *estimate* how many there are:

**Q. Well, who do you believe -- whose offices do you believe are where you're located?**
MR. BARR: Objection to form.
BY MR. LOCKMAN:
**Q. You can answer.**
A. It's ultimately the Streamline Group. So, you know, affiliates underneath of that.
**Q. And what are the affiliates underneath of that entity?**
A. I wouldn't know off the top of my head.
**Q. Approximately how many are there?**

***

A. I wouldn't know off the top of my head. I wouldn't want to guess.
**Q. Can you estimate?**
A. No.

(*See* Stillwell Deposition., **Exhibit E**, pp. 10:9-11:4.)

Employees of Streamline entities have testified that they were not informed when their employer changed from one Streamline entity to another, that their supervisor remained "boss" Stillwell, and that their duties, office location, email address, and responsibilities all remained the same when their employer—unbeknownst to them—changed. Williams Testimony, May 6, 2022,

**Exhibit D**, 241:24-245:10 (Emphasis added). In sum, for years, Stillwell used and created various entities under the Streamline brand that were used interchangeably, to the point that Stillwell himself claimed to not be able to keep them straight.

### C. Stillwell's Operations and Assets Still Exist Today, and His Companies Own Assets With Assessed Values In Excess of $81 Million As of June 2026.

Since 2023, the Stillwell-described customer-facing Streamline "brand" and "experience" has been changed from "Streamline Philly" to newly formed entity "Corner Property Group, LLC," as explained below. Various properties, which previously had been marketed under the Streamline brand, suddenly changed course in 2023, as set forth below. These entities still, to this day, own properties with assessed values in excess of $81 Million, as of June 2026, and are owned, through various subsidiaries, by Michael Stillwell.

| Property | Assessed Value | Stilwell-linked Owner Entity |
|---|---|---|
| 1130 N Delaware Avenue | $42,053,100 | SOZ DE AVE OFFICE OWNER LLC |
| 1307 Germantown Avenue | $20,597,000 | WOOD CAPITAL INVESTMENTS 8 LLC |
| 1500 N. Randolph Street | $9,686,300 | SPANISH CAPITAL INVESTMENTS 8 LLC |
| 2601 Emerald Street | $6,803,600 | SL RENTAL IV EMERALD QOZB LLC |
| 801 Aramingo Avenue | $2,085,400 | WOOD CAPITAL INVESTMENTS 1 LLC |
| **TOTAL** | **$81,225,400** | |

#### i. <u>SOZ Apartments Owner and the 1130 Delaware Avenue Project</u>

One of Stillwell's entities is SOZ DE AVE OFFICE OWNER, LLC. This entity currently owns the real property located at 1130 N. Delaware Avenue, Philadelphia, PA 19125. The Stillwell Enterprise owns and has completed construction at 1130 N. Delaware Avenue on a 7-story apartment building (the "1130 Delaware Project"). (*See* 8/24/22 Notice of Commencement, attached to Exhibit F at Appendix VI.), with an assessed value of over $42 million dollars:

City of Philadelphia

**Atlas**

## 1130 N DELAWARE AVE

PHILADELPHIA, PA 19125-4305

### Property Assessments

Property assessment and sale information for this address. Source: Office of Property Assessments (OPA). OPA was formerly a part of the Bureau of Revision of Taxes (BRT) and some City records may still use that name.

| | |
|---|---|
| **OPA Account #** | 881000458 |
| **OPA Address** | 1130 N DELAWARE AVE |
| **Owners** | SOZ DE AVE OFFICE OWNER L |
| **Mailing Address** | Philadelphia, PA 19146 |
| **Building Description** | APARTMENTS - MID RISE |
| **Improvement Area** | 209,503 sq ft |
| **Year Built** | 2023 |
| **Assessed Value** | $42,053,100<br>**View tax balance & pay bill** |
| **Homestead Exemption** | This property does not have the homestead exemption<br>**Learn about property tax programs** |
| **Sale Date** | none |
| **Sale Price** | $0 |

**See more at Property Search**

*See*, https://atlas.phila.gov/ (last accessed, June 13, 2026).

This entity filed a notice of commencement in the Pennsylvania's Construction Notices Directory prior to construction on the 1130 Delaware Project. (*See* Exhibit F, Appendix VI.). First, it listed its name as "Streamline Construction", disclosing that: (a) its address was also 1100 N. Delaware; (b) its phone number was also (267) 786-0021; and (c) its email domain was also "@streamlinephilly.com":

**Searchable Project Owner**
Business Name: Streamline Construction
Business Address: 1100 N Delaware Ave
Philadelphia, PA 19125
Phone: (267) 785-0021
Email: permits@streamlinephilly.com
Contact: Laura Roberts

(*See* 8/12/22 Notice of Commencement, attached to Exhibit F at Appendix VI.)

However, a second notice of commencement was filed about two weeks after the first. (*See* 8/24/22 Notice of Commencement, attached to Exhibit F at Appendix VI-A.) But the only change was that the "Business Name" was changed from "Streamline Construction" to SOZ Apartments Owner. (*Id.*)

Yet, the address, phone number and email stayed exactly the same (*Id.)*:

**Searchable Project Owner**
Business Name: SOZ DE AVE Apartment Owner, LLC
Business Address: 1100 N Delaware Ave
Philadelphia, PA 19125
Phone: (267) 785-0021
Email: permits@streamlinephilly.com
Contact: Laura Roberts

On October 27, 2022, SOZ DE AVE OFFICE OWNER, LLC executed a quitclaim deed, transferring the property to SOZ DE AVE APARTMENTS OWNER, LLC for $1.00. The deed noted that both entities were located at 2301 Washington Avenue, Suite 111, and both had addresses "C/O Streamline" (**Exhibit H)**. The quitclaim deed was signed by Michael Stillwell, as "President" of Soz De Ave Office Owner, LLC. *Id.*

Further, the contractor for the 1130 Delaware Project is Coulbee-owned Process Contracting, which shares the exact same address—1100 N. Delaware—as SOZ Apartments Owner (*Id.)*:

**Searchable Project Owner's Agent / Contractor**
Business Name: Process Contracting
Business Address: 1100 N Delaware Ave
Philadelphia, PA 19125
Phone: (267) 785-0021
Email: permits@streamlinephilly.com
Contact: Laura Roberts

Just like with the previous apartment projects, SOZ DE AVE Apartments Owner executed an open-ended mortgage further to the development of the 1130 Delaware Project, this time in the amount of about **$41 Million**. (See 2/22/23 Mortgage, attached to Exhibit F at Appendix VI-B.) And just like with the previous mortgages, there are *three* different corporate entities through which SOZ Apartments Owner acted to execute the mortgage, all leading to Coulbee, LLC (*Id.)*:

**IN WITNESS WHEREOF,** this Security Instrument has been executed by the undersigned as of the day and year first above written.

**BORROWER:**

**SOZ DE AVE APARTMENTS OWNER, LLC,**
a Delaware limited liability company

By: SOZ DE Ave Mezzanine 2023, LLC,
its sole member

By: SOZ DE Ave Apartments Mezz, LLC,
its sole member

By: Coulbee Limited Liability Company,
its managing member

By: ______________________
Michael Stillwell, President

SOZ Apartments Owner has a single member, which is also an LLC—SOZ DE Ave Mezzanine 2023, LLC. (*Id*.) SOZ DE Ave Mezzanine 2023, LLC also has a single member—SOZ DE Ave Apartment Mezz, LLC. (*Id*.) Just as with the other mortgages, **the corporate trail leads to Coulbee**, the managing member of SOZ DE Ave Apartment Mezz, LLC, and Coulbee's sole member, Michael Stillwell. (*Id*.)

SOZ Apartments Owner and the 1130 Delaware Project are an extension of the Stillwell Enterprise, and demonstrate that Coulbee owns assets *well* north of the $500,000 it is offering as part of the proposed settlement.

### ii. Wood Capital 8 and the Germantown Row Apartments

One of the Streamline Sister Entities is Wood Capital 8. Mr. Stillwell is a principal and the president of Wood Capital 8. Wood Capital 8 is the owner of the newly-constructed apartment building located at 1307 Germantown Avenue, Philadelphia, PA 19122 ("Germantown Row"), with an assessed value of over $20 million:

City of Philadelphia

**Atlas**

**1307 GERMANTOWN AVE**
PHILADELPHIA, PA 19122-4407

**Property Assessments**

Property assessment and sale information for this address. Source: Office of Property Assessments (OPA). OPA was formerly a part of the Bureau of Revision of Taxes (BRT) and some City records may still use that name.

| | |
|---|---|
| **OPA Account #** | 881000466 |
| **OPA Address** | 1307 GERMANTOWN AVE |
| **Owners** | WOOD CAPITAL INVESTMENTS 8 LLC |
| **Mailing Address** | 2301 Washington Ave - Suite 111<br>Philadelphia, PA 19146 |
| **Building Description** | APARTMENTS - MID RISE |
| **Improvement Area** | 3,233 sq ft |
| **Year Built** | 2022 |
| **Assessed Value** | $20,597,000<br>**View tax balance & pay bill** |
| **Homestead Exemption** | This property does not have the homestead exemption<br>**Learn about property tax programs** |
| **Sale Date** | 03/21/2023 |
| **Sale Price** | $1 |

*See*, https://atlas.phila.gov/ (last accessed, June 13, 2026)

Germantown Row is a 70-unit apartment complex. Although it operates as a separate corporate fiction, Wood Capital 8 is merely one unit of the larger Streamline Enterprise. A Consolidation and Confirmatory Deed, which was recorded on June 1, 2021, identifies that the real property located at 1307 Germantown Avenue—the land on which Germantown Row is situated—is owned by Wood Capital 8. (*See* 6/1/21 Consolidation and Confirmatory Deed, attached to Exhibit F as Appendix I.)

More specifically, in March 2021, Wood Capital 8 transferred the ownership of several parcels of land to itself, evidently for the purpose of consolidating those parcels into a single lot, on which it developed Germantown Row. (*Id.*) As the 6/1/21 Consolidation and Confirmatory Deed makes clear, Wood Capital 8—in both its capacity as the Grantor and Grantee of the properties at issue—was engaging in the transaction "**c/o Streamline**" (*Id, emphasis added*):

> 1307 Germantown Avenue, Philadelphia, PA
> OPA Account: 881000067
>
> <u>**CONSOLIDATION AND CONFIRMATORY DEED**</u>
>
> THIS INDENTURE made this 29th day of March, 2021 by and between **Wood Capital Investments 8 Limited Liability Company,** a Pennsylvania limited liability company, c/o Streamline, 2301 Washington Avenue, Suite 111, Philadelphia, PA 19146, party of the first part (the "**Grantor**") and **Wood Capital Investments 8 Limited Liability Company,** a Pennsylvania limited liability company, c/o Streamline, 2301 Washington Avenue, Suite 111, Philadelphia, PA 19146, party of the second part (the "**Grantee**").

Further, Mr. Stillwell was the one that executed the 6/1/21 Consolidation and Confirmatory Deed, and he did so in his capacity of as "President" of Wood Capital 8 (*Id.)*:

> **Wood Capital Investments 8 Limited Liability Company,** a Pennsylvania limited liability company
>
> By: ______________________
> Name: Michael Stillwell
> Title: President

The 6/1/21 Consolidation and Confirmatory Deed is not the only publicly-available document that illustrates Wood Capital 8's role as a fictitious corporate unit of the Streamline Enterprise.

On June 7, 2021, the Philadelphia Department of Licenses and Inspection issued a permit to Wood Capital 8 for demolition work at 1307 Germantown Avenue, the site of the Germantown Row development. (*See* June 7, 2021 Zoning Permit, No. ZP-2021-006101, *available at* https://atlas.phila.gov/1307%20GERMANTOWN%20AVE/li (last visited 10/5/23).)

As is clear on the face of that permit, Wood Capital 8 was just a "Subsidiary of Streamline":



Department of Licenses and Inspections
CITY OF PHILADELPHIA

Zoning Permit
Permit Number ZP-2021-006101

| LOCATION OF WORK | PERMIT FEE | DATE ISSUED |
|---|---|---|
| 1307 GERMANTOWN AVE, Philadelphia, PA 19122-4407 | $100.00 | 6/7/2021 |
| | ZBA CALENDAR | ZBA DECISION DATE |
| | ZONING DISTRICTS | |
| | ICMX | |

PERMIT HOLDER
Wood Capital Investments 8 LLC, A Subsidiary of Streamline 2301 Washington Ave, Suite 111 Philadelphia, Pennsylvania 19146

(*Id*. (emphasis added).)

And there are additional public records that make clear that Wood Capital 8 is nothing more than a piece of the larger Streamline Enterprise. On December 7, 2021, before construction began on Germantown Row, Wood Capital 8 filed a notice of commencement in Pennsylvania's Construction Notices Directory. (*See* Exhibit F at ¶ 98 and Appendix I-A.).

In that publicly-filed notice, Wood Capital 8 identified itself as the project owner and disclosed that, like with most of the Streamline Sister Entities: (a) its address was 1100 N.

Delaware; (b) its phone number was (267) 786-0021; and (c) its email domain was "@streamlinephilly.com" (*Id.)*:

**Searchable Project Owner**
Business Name: Wood Capital Investments 8, LLC
Business Address: 1100 N. Delaware Ave
Philadelphia, PA 19125
Phone: (267) 786-0021
Email: pamela.schatz@streamlinephilly.com
Contact: Pamela Schatz

And there is yet more. The Germantown Row property is collateral for an open-ended mortgage in the maximum amount of $31 Million, which was recorded on June 9, 2023. (*See* Exhibit F , ¶¶ 9-99 and Appendix I-B.). Wood Capital 8 is the borrower. (*Id*.).

But for some reason, there are *three* different corporate entities through which Wood Capital 8 acted to execute the mortgage, as the following signature block illustrates (*Id.)*:

**BORROWER:**

**WOOD CAPITAL INVESTMENTS 8 LIMITED LIABILITY COMPANY,**
a Pennsylvania limited liability company

By: 1307 Germantown Holdings LLC, a Delaware limited liability company, its sole member

By: Electra Streamline JV 1 LLC, a Delaware limited liability company, its sole member

By: Coulbee Limited Liability Company, a Pennsylvania limited liability company, its Managing Member

By: ______________________
Name: Michael Stillwell
Title: Sole Member

According to the mortgage, Wood Capital 8 has a single member, which is also an LLC—1307 Germanton Holdings, LLC. (*Id.*) Germantown Holdings, LLC, in turn, also has a single member, which is another LLC—Electra Streamline JV 1 LLC. (*Id.*). The managing member of

Electra Streamline JV 1 LLC is yet another LLC—Coulbee, one of the Streamline Sister Entities. (*Id.*). **Coulbee's sole member is Michael Stillwell.**

Through his *sole* ownership of Coulbee, and Coulbee's corporate progeny, Mr. Stillwell is the indirect owner of Wood Capital 8 (via three separate LLCs). (*Id.*) Coulbee is one of the Streamline Sister Entities that shared in the (single) $14.8 Million MSLP loan.

Germantown Row conducts business, marketing, and interfaces with customers through its website www.germantownrow.com.

As of August 11, 2023, the website for Germantown Row identified "Streamline Philly" as the copyright holder of the customer-facing marketing materials as follows:




At some point since, "Streamline Philly" has been removed from the website and replaced with its successor, Corner Property, but the site is otherwise unchanged:




The Germantown Row brochure available on the website even afterwards displayed the Streamline brand and uses the same email (@streamlinephilly.com) and phone number (267-785-

0021) as most of the other Streamline-related entities, including the Streamline Sister Entities, even after the Streamline website shut down:




(https://www.germantownrow.com/floorplans (last visited 9/26/23).)

The Germantown Row apartments were previously marketed on Streamline's website "StreamlinePhilly.com" as "Streamline" properties at relevant times in 2022 and 2023. Streamline Sister Defendant SL Rentals is the landlord and rental agent for Germantown Row.

Wood Capital 8 and Germantown Row are part of the Streamline Enterprise, which is owned and controlled by Mr. Stillwell, as is SL Rentals.

### iii. <u>Spanish Capital 8 and the Binder Terrace Apartments</u>

Another of the Streamline Sister Entities is Spanish Capital 8. Spanish Capital 8 is the owner of the newly-constructed apartment building located at 1500 N. Randolph Street, Philadelphia, PA 19122 ("Binder Terrace"). Binder Terrace is a 44-unit apartment complex. Mr. Stillwell is a principal and president of Spanish Capital 8. This has an assessed value of just under $10 Million:

City of Philadelphia

**Atlas**

**1500 N RANDOLPH ST**
PHILADELPHIA, PA 19122-3625

**Property Assessments**

Property assessment and sale information for this address. Source: Office of Property Assessments (OPA). OPA was formerly a part of the Bureau of Revision of Taxes (BRT) and some City records may still use that name.

| | |
|---|---|
| **OPA Account #** | 881000630 |
| **OPA Address** | 1510-48 N RANDOLPH ST |
| **Owners** | SPANISH CAPITAL INVESTMEN |
| **Mailing Address** | Ste 111<br>2301 Washington Ave<br>Philadelphia, PA 19146 |
| **Building Description** | APARTMENTS - LOW RISE |
| **Improvement Area** | 81,690 sq ft |
| **Year Built** | 2023 |
| **Assessed Value** | $9,686,300<br>**View tax balance & pay bill** |
| **Homestead Exemption** | This property does not have the homestead exemption<br>**Learn about property tax programs** |
| **Sale Date** | 06/06/2018 |
| **Sale Price** | $1,680,000 |

**See more at Property Search**

*See*, https://atlas.phila.gov/ (last accessed, June 13, 2026).

As with Wood Capital 8, Spanish Capital 8 is another unit of the larger Streamline Enterprise. Just as Wood Capital 8 did with Germantown Row, Spanish Capital 8 filed a notice of commencement in Pennsylvania's Construction Notices Directory prior to construction on Binder Terrace. (*See* Exhibit F at ¶ 110 and Appendix II-A.) And just like Wood Capital 8, Spanish Capital 8 disclosed that: (a) its address was also 1100 N. Delaware; (b) its phone number was also (267) 786-0021; and (c) its email domain was also "@streamlinephilly.com":

**Searchable Project Owner**
Business Name: Spanish Capital Investments 8, LLC
Business Address: 1100 N. Delaware Ave
Philadelphia, PA 19125
Phone: (267) 786-0021
Email: pamela.schatz@streamlinephilly.com
Contact: Pamela Schatz

(*Id.*)

The similarities do not stop there. Just as Wood Capital 8 did with Germantown Row, Spanish Capital 8 executed an open-ended mortgage further to the development of Binder Terrance, in the amount of about $3.7 Million. (*See* Exhibit F, ¶ 110.) And just as he did for Wood Capital 8, Michael Stillwell—again as "President"—signed for Spanish Capital 8:

**IN WITNESS WHEREOF,** the undersigned has caused this Open-End Mortgage and Security Agreement to be duly executed the day and year first above written.

**MORTGAGOR:**

**SPANISH CAPITAL INVESTMENTS 8, LLC**

By: ______________________
Name: Michael Stillwell
Title: President

(*Id.*)

In fact, there are actually two mortgages for the Binder Terrace project. The other one is for $12.5 Million. (*See* Exhibit F, ¶¶ 111-13 and Appendix II-B.) Spanish Capital 8 is the borrower

and, just like the mortgage for Germantown Row, there are *three* different corporate entities through which Spanish Capital 8 acted to execute the mortgage:

**BORROWER:**

**SPANISH CAPITAL INVESTMENTS 8, LLC,**
a Pennsylvania limited liability company

By: 1510 Randolph Mezz, LLC, a
Delaware limited liability company, its sole member

By: Electra Streamline JV 1 LLC, a
Delaware limited liability company, its
sole member

By: Coulbee Limited Liability Company,
a Pennsylvania limited liability
company, its Managing Member

By: ______________________
Name: Michael Stillwell
Title: Sole Member

(*Id.*)

Just like Wood Capital 8, Spanish Capital 8 has a single member, which is also an LLC—1510 Randolph Mezz, LLC. (*Id.*) The rest of the cascade mirrors Germantown Row exactly. The sole member of 1510 Randolph Mezz, LLC is Electra Streamline JV 1 LLC. (*Id.*) And again, the managing member of Electra Streamline JV 1 LLC is Streamline Sister Defendant Coulbee, and Coulbee's sole member is Michael Stillwell. (*Id.*).

Binder Terrace conducts business, marketing, and interfaces with customers through its website www.binderterrace.com. Until April 2023, the Binder Terrace website identified "Streamline Philly" as the copyright holder of the customer-facing marketing materials as follows:

© 2023 Streamline Philly. All Rights Reserved | Powered by RentCafe (© 2023 Yardi Systems, Inc. All Rights Reserved.)

But just like with Germantown Row, "Streamline Philly" has since been removed from the website and replaced with "Corner Property," without any other changes to the site:




The Binder Terrace brochure still displays the Streamline brand and still advertises the same email (@streamlinephilly.com) and phone number (267-785-0021) used by most of the other Streamline-related entities, including the Streamline Sister Entities:




(*See* https://www.binderterrace.com/floorplans (last visited 10/17/23).)

The Binder Terrace apartments were previously marketed on Streamline's website "StreamlinePhilly.com" as "Streamline" properties at relevant times in 2022 and 2023. As with

Wood Capital 8 and Germantown Row, Spanish Capital 8 and Binder Terrace are just another part of the Streamline Enterprise, which is owned and controlled by Mr. Stillwell.

**iv. SL Rental IV and the Emerald Lofts Apartments**

Another of the Streamline Sister Entities is SL Rental IV. SL Rental IV owns an apartment building located at 2601-13 Emerald Street, Philadelphia, PA 19125 ("Emerald Lofts"). Emerald Lofts is a 44-unit apartment complex, assessed at $6.8 Million:

City of Philadelphia

**Atlas**

**2601 EMERALD ST**

PHILADELPHIA, PA 19125-1123

**Property Assessments**

Property assessment and sale information for this address. Source: Office of Property Assessments (OPA). OPA was formerly a part of the Bureau of Revision of Taxes (BRT) and some City records may still use that name.

| | |
|---|---|
| **OPA Account #** | 881299400 |
| **OPA Address** | 2601-13 EMERALD ST |
| **Owners** | SL RENTAL IV 2601 EMERALD |
| **Mailing Address** | Streamline<br>Suite 1<br>2301 Washington Ave<br>Philadelphia, PA 19146 |
| **Building Description** | APARTMENTS - LOW RISE |
| **Improvement Area** | 30,684 sq ft |
| **Year Built** | 2020 |
| **Assessed Value** | $6,803,600<br>**View tax balance & pay bill** |
| **Homestead Exemption** | This property does not have the homestead exemption<br>**Learn about property tax programs** |
| **Sale Date** | 09/12/2019 |
| **Sale Price** | $1 |

*See*, https://atlas.phila.gov/ (last accessed, June 13, 2026).

Via a Deed of Correction, which was recorded on October 4, 2019, another Streamline-related entity, Spanish Capital Investments I, LLC, granted to SL Rental IV as Grantee the real

property located at 2601-13 Emerald Street. (*See* 10/4/19 Deed of Correction, attached to the Verified Complaint - Exhibit F - at Appendix III.).

That Deed of Correction was prepared by Streamline Settlement Solutions, LLC, yet another Streamline-related entity:

> **Prepared by and Return to:**
> Streamline Settlement Solutions, LLC
> 2003 Lower State Road
> Suite 120
> Doylestown, PA 18901
> **File No.:** T-19-8071
> **BRT #:** 311073804

(*Id.*)

Mr. Stillwell executed the Deed of Correction as the "President/Manager" of yet another Streamline Entity, Mabel ESP, Inc., which is, evidently, the sole member of Spanish Capital Investments I, LLC (*Id.)*:

> **SPANISH CAPITAL INVESTMENTS I, LLC, BY ITS SOLE MEMBER, MABEL ESP, INC.**
> ________________________{SEAL}
> **BY:** MICHAEL STILWELL
> ITS: President/Manager

Moreover, in the Deed of Correction, SL Rental IV discloses that its address is 2301 Washington (*Id.)*:

> The precise residence and the complete post office address of the above-named Grantees is:
> 2301 Washington Ave. Ste 111
> Phila, Pa 19146

Continuing the pattern, the Emerald Lofts property is collateral security for an open-ended mortgage in the maximum amount of about $10.3 Million. (*See* 1/10/22 Mortgage, attached to Exhibit F at Appendix III_A.). And once again it was Mr. Stillwell that executed the mortgage, this time as "President" of yet another Streamline Entity, Streamline QOZB Manager Limited Liability Company, which purports to be the "Manager" of SL Rental IV (*Id.*)

**[SIGNATURE PAGE – EMERALD STREET MORTGAGE]**

**IN WITNESS WHEREOF**, Mortgagor has caused this Mortgage to be duly executed and delivered on the date first above written.

**WITNESS:**

**MORTGAGOR:**

**SL RENTAL IV 2601 EMERALD STREET QOZB, LLC,** a Delaware limited liability company

By: STREAMLINE QOZB MANAGER LIMITED LIABILITY COMPANY, a Pennsylvania limited liability company, its Manager

By: ______________________
Michael Stillwell
President

In addition to the publicly-recorded legal documents, the marketing materials for Emeralds Lofts also make clear that that Emerald Lofts is part of the Streamline Enterprise:



The Emerald Lofts apartments were previously marketed on Streamline's website "StreamlinePhilly.com" as "Streamline" properties at relevant times in 2022 and 2023. SL Rental IV and the Emerald Lofts are part of the Streamline Enterprise.

**v. <u>Wood Capital 1 and The Port at Aramingo Apartments</u>**

Another of the Streamline Sister Entities is Wood Capital 1, the owner of an apartment building located at 801-11 Aramingo Avenue, Philadelphia, PA 19125 ("The Port at Aramingo"). The Port at Aramingo is an 11-unit apartment complex, and is assessed in excess of $2 Million:

City of Philadelphia

**Atlas**

**801 ARAMINGO AVE**
PHILADELPHIA, PA 19125-3534

**Property Assessments**

Property assessment and sale information for this address. Source: Office of Property Assessments (OPA). OPA was formerly a part of the Bureau of Revision of Taxes (BRT) and some City records may still use that name.

| | |
|---|---|
| **OPA Account #** | 881000081 |
| **OPA Address** | 801 ARAMINGO AVE |
| **Owners** | WOOD CAPITAL INVESTMENTS 1 LLC |
| **Mailing Address** | 2301 Washington Ave Ste 1<br>Philadelphia, PA 19146 |
| **Building Description** | APARTMENTS - LOW RISE |
| **Improvement Area** | 16,253 sq ft |
| **Year Built** | 2022 |
| **Assessed Value** | $2,085,400<br>**View tax balance & pay bill** |
| **Homestead Exemption** | This property does not have the homestead exemption<br>**Learn about property tax programs** |
| **Sale Date** | 04/12/2021 |
| **Sale Price** | $1 |

**See more at Property Search**

*See*, https://atlas.phila.gov/ (last accessed, June 13, 2026).

The Port at Aramingo was developed much like the Streamline Enterprises' other apartment complexes. There is a Deed of Correction, which was recorded on December 23, 2021, which names Wood Capital 1 as both the grantor and grantee and, thus, owner of the real property located at 801-11 Aramingo Ave. (*See* 12/23/21 Deed of Correction, attached to Exhibit F as Appendix IV.) Just as he did with the previous apartment complexes, Mr. Stillwell signed the Deed of Correction, this time in his capacity as the sole member of Coulbee, which is the sole member of Wood Capital 1 (*Id.*):

Wood Capital Investments 1, LLC

____________________________{SEAL}
BY: Coulbee, LLC, its Sole Member
BY: Michael Stillwell, Sole Member

Just as Wood Capital 8 did with Germantown Row, and just as Spanish Capital 8 did with Binder Terrance, Wood Capital 1 filed a notice of commencement in Pennsylvania's Construction Notices Directory prior to construction on The Port at Aramingo. (*See* Exhibit F at ¶ 136 and Appendix IV-B.). And just like Wood Capital 8 and Spanish Capital 8, Wood Capital 1 disclosed that: (a) its address was also 1100 N. Delaware; (b) its phone number was also (267) 786-0021; and (c) its email domain was also "@streamlinephilly.com" (*Id.*):

**Searchable Project Owner**
Business Name: Wood Capital Investments 1, LLC
Business Address: 1100 N. Delaware Ave
Philadelphia, PA 19125
Phone: (267) 786-0021
Email: pamela.schatz@streamlinephilly.com
Contact: Pamela Schatz

Just as Wood Capital 8 did with Germantown Row and Spanish Capital 8 did with Binder Terrance, Wood Capital 1 executed an open-ended mortgage further to the development of The

Port at Aramingo, this time in the amount of about $2.6 Million. (See 12/31/21 Mortgage, attached to Exhibit F as Appendix IV-A.).

And just as before, Mr. Stillwell was the one that executed the 12/31/21 mortgage, this time as the "President" of yet another Streamline Entity, US Capital Investment Management, LLC, the "authorized member" of Wood Capital 1 (*Id.*)

> IN WITNESS WHEREOF, Mortgagor has duly executed this Mortgage under seal the day and year first above written.
>
> WOOD CAPITAL INVESTMENTS 1 LIMITED LIABILITY COMPANY,
> a Pennsylvania limited liability company
>
> By: US Capital Investment Management, LLC,
> its authorized member
>
> By:______________________________
> Michael Stillwell, President

Moreover, and just as with Emerald Lofts, The Port at Aramingo was marketed as part of the Streamline Enterprise:



(*See* Instagram account @Streamlinephilly post from Dec. 9, 2022. (Last visited 9/13/23).)

Just like the rest, Wood Capital 1 and the Port at Aramingo are a part of the Streamline Enterprise.

## BASIS FOR DENIAL OF RELIEF SOUGHT

Bankruptcy Rule 9019 authorizes a bankruptcy court to approve a settlement by a trustee. Under Rule 9019, the court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." In re Marvel Entm't Grp., Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997)). The court shall also consider whether the settlement falls "above the lowest point in a range of reasonableness." See, e.g., *In re Wash. Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); In re Coram Healthcare Corp., 315 B.R. 321, 330 (Bankr. D. Del. 2004) (citations omitted).

In striking this balance, courts consider four (4) factors: "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors." See In re Martin, 91 F.3d 389, 393 (3rd Cir. 1996).

### I. THE SETTLING PARTIES HAVE SIGNIFICANTLY MORE ASSETS THAN IS RECOGNIZED BY THE CHAPTER 7 TRUSTEE, INCLUDING ASSETS OWNED BY HUNDREDS OF AFFILIATED ENTITIES CONTROLLED BY MICHAEL STILLWELL

Despite Coulbee, LLC and Michael Stillwell's claims of financial instability, Coulbee, LLC operates through *at least* 100 single-purpose corporate entities, all owned in whole or in part—and controlled by—Mr. Stillwell.

**To date, as of June 2026, Coulbee, LLC owns properties in Philadelphia alone, with assessed values in excess of $81,000,000 (Eighty-one million dollars):**

| Property | Assessed Value | Stilwell-linked Owner Entity |
|---|---|---|
| 1130 N Delaware Avenue | $42,053,100 | SOZ DE AVE OFFICE OWNER LLC |
| 1307 Germantown Avenue | $20,597,000 | WOOD CAPITAL INVESTMENTS 8 LLC |
| 1500 N. Randolph Street | $9,686,300 | SPANISH CAPITAL INVESTMENTS 8 LLC |
| 2601 Emerald Street | $6,803,600 | SL RENTAL IV EMERALD QOZB LLC |
| 801 Aramingo Avenue | $2,085,400 | WOOD CAPITAL INVESTMENTS 1 LLC |
| **TOTAL** | **$81,225,400** | |

These are only the properties that the undersigned counsel is aware of at this time. The maze of entities created by Stillwell includes nearly one hundred single-purpose entities that are owned by Coulbee, LLC and, in turn, Michael Stillwell. *See* Motion for Injunction and exhibits thereto, **Exhibit G**; Verified Complaint with exhibits in related action, as **Exhibit F**.

As noted above, these entities were all previously marketed as "Streamline" entities, until which point Stillwell abandoned the Streamline brand and began using alternative branding names and entities to market these properties. Stillwell's general contracting and construction company was originally Streamline Solutions, later succeeded by Lion Construction, and now, as of 2023 and ongoing, operates through Process Contracting, as set forth above. These entities continue to own and operate multi-unit, rent-producing properties in Philadelphia, as set forth above.

While the standards for approval of a settlement are relatively low, there is still a standard that the trustee must satisfy before the Court can approve the settlement. Here, the Proposed Settlement is premised almost entirely on one factor, the likely difficulties in collection. Admittedly, the Chapter 7 Trustee barely even pays lip service to the first factor: the likelihood of success ("The Trustee and the [Settlors] each believe that their positions and defenses are legitimate and well-supported by the underlying facts and circumstances. Litigating the claims and defenses require in depth factual analyses into the financial records of the relevant parties and their actions. The success of one party can often hinge on the smallest of details. Given the complexity

and nuance involved, the outcomes of these actions can be difficult to predict"). But the 9019 Motion elides any substantive analysis. The Chapter 7 Trustee did not make a single statement about the merits of the claims, the Settlors' purported defenses, or what details may be at issue.

The foregoing is not legal analysis but conclusory pablum that such claims are apparently complicated and both sides think they would win. That could be stated in almost any case, and it is inadequate to satisfy even the low standards required under Rule 9019. There is similarly a conclusory statement about the litigation being expensive, inconvenient, and lengthy, but again, the Chapter 7 Trustee provides no factual basis for the statement beyond her ipse dixit recitation.

As stated by the Chapter 7 Trustee, the most important factor in deciding to enter into the Proposed Settlement would be collectability. That could, admittedly, be at least one reasonable consideration for settlement if it were true. But as set forth hereinbelow, it is not.

But there is no meaningful – if any - discussion of other related issues, including the releases of other undisclosed parties who may have assets and the transfer of other estate claims and causes of action to the Settlors as part of the Proposed Settlement, and the value of those assets. Even if this Court were to conclude that there is an issue with the Settlors' financial wherewithal, and therefore collectability on account of the estates' claims, there is no basis for approving the other terms of the Proposed Settlement.

Based upon the fact that the Proposed Settlement is premised upon the Settlors' purported lack of assets, and in light of the actual assets of those Settlors, this Court cannot conclude that the Chapter 7 Trustee's proposed agreement is fair, reasonable, or in the interest of the estates or the Debtors' creditors.

## II. THE SETTLEMENT IS IMPERMISSIBLY BROAD AND FAILS TO DISCLOSE ALL PARTIES BEING RELEASED

The settlement is also impermissibly broad. The 9019 Motion proposes that the Chapter 7 Trustee accept $550,000.00 to resolve all claims against Stillwell and his non-debtor entities, but also the Additional Released Parties, which include the Settlors' and their "agents, attorneys, advisers, consultants, and their successors and assigns." By the 9019 Motion, the Chapter 7 Trustee has not made any disclosure with respect to any of these additional parties. The categories of "agents," and "successors and assigns" is so broad that the Chapter 7 Trustee could be inadvertently giving away valuable claims against parties.

As noted above, the Chapter 7 Trustee has not satisfied the Martin factors with respect to the Settlors, but at least the 9019 Motion attempted to provide some analysis based upon the Settlors' financial wherewithal. The Chapter 7 Trustee failed, but at least she tried. Here, there isn't even an effort to satisfy the Martin factors with respect to the Additional Released Parties, as the Chapter 7 Trustee is releasing estate claims from unidentified parties. There is no analysis of the potential estate claims against those parties, those parties' defenses, those parties' assets, or the collectability upon any such claims. Accordingly, approving the Proposed Settlement does not meet the lowest point in the range of reasonableness, and the 9019 Motion must be denied.

## III. THE TRUSTEE IS TRANSFERRING ESTATE CLAIMS AND CAUSES OF ACTION WITHOUT ANY ANALYSIS AS TO THEIR VALUE

Finally, the Chapter 7 Trustee proposes to assign and transfer certain Subcontractor Claims on the following terms:

> Assignment and Transfer of Subcontractor Claims. Upon the Effective Date, the Trustee, on behalf of the Estates, hereby assigns, transfers, conveys, and delivers to Mr. Stillwell, or his nominee, all right, title, and interest that the Trustee and the Estates have, if any, in the Subcontractor Claims. For purposes of the Agreement, "Subcontractor Claims" means any and all claims, causes of action, rights of recovery, demands, or remedies that the Trustee and the Estates have, if any, against

> any subcontractors, suppliers, vendors, or other third parties involved in any construction projects involving any of the Debtors, including without limitation any and all rights to proceeds that the Trustee and the Estates have, if any, from any prior or existing settlements, releases, or payments made by such subcontractors. This assignment is made AS IS, WHERE IS, without representation or warranty of any kind. Mr. Stillwell, or his nominee, shall have the sole and exclusive right to pursue, litigate, settle, or otherwise resolve the Subcontractor Claims that the Trustee and the Estates have, if any, in his sole discretion. Neither the Trustee nor the Estates shall retain any interest therein after the assignment.

In support of this transfer, the Chapter 7 Trustee states as follows:

> [t]he Estates may possess certain claims, causes of action, or rights of recovery against subcontractors, suppliers, or other third parties involved in various construction projects (collectively, the "Subcontractor Claims").
>
> To avoid the incurrence of continuing and substantial expenses and the significant uncertainties of litigation, the Settling Parties have decided to compromise, settle, forever resolve, and finally dispose of any and all claims, including those asserted, or which could have been asserted, whether known or unknown, among the Settling Parties relating in any way to the Causes of Action, the Subcontractor Claims or otherwise in accordance with the terms and conditions of the Agreement.

Avoiding the estate incurring continuing and substantial expenses, particularly in connection with uncertainties of litigation, is appropriate. But there is no meaningful description of those potential estate claims, the current costs and anticipated costs of litigation, or the collectability on account of such claims. Further, the Chapter 7 Trustee does not disclose if she has attempted to retain counsel who would pursue such claims on a contingency basis.

The Estate has valuable claims against these entities under corporate veil/alter ego theories, as established by the web of Streamline entities and successor entities that Stillwell has created. There is no discussion in the motion about the value of these claims or the strength of same.

Likewise, the Subcontractor Claims could easily have a value of millions of dollars for the estates and appear to have been casually thrown in for no consideration. Without more facts and analysis to support the Chapter 7 Trustee's business judgment with respect to the transfer of the Subcontractor Claims, the 9019 Motion should be denied.

## JOINDER AND RESERVATION OF RIGHTS

Other parties have filed objections to the 9019 Motion. The Homeowner Creditors expressly join such other objections as if fully set forth herein. Further, the Homeowner Creditors expressly reserve the right to supplement this objection at any time prior to or at the hearing to consider the 9019 Motion.

## CONCLUSION

For the reasons stated above, such a settlement is impermissible. The motion should be denied.

Respectfully submitted,

**HORN WILLIAMSON & COLLINS**

/s/ Ryan Lockman
Ryan Lockman
*Attorneys for Homeowner Creditors Eyre Street Condominium Association, Brian Howles, Johanna Howles, Amelia Hardy, Joseph Hardy, Divya Hattay, Patrick Becker, Steven Hassler, Kaynaz Myrum, Steven Kellner, Jessie Tharp, Victor Williams, Ryan King, David Butera, Daniel Kirk, Clarisa Kirk, Matthew Selbovitz, Nickolas Auger, Sarah Aschenbach, Jason Aschenbach, Thomas Trinh, Lorna Khensouvann, Michael Trumbo, Stuart Green, Eugene Carelli, Annie Carelli*

Dated: June 22, 2026