**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| STREAMLINE SOLUTIONS, LLC, ET AL. | Superior Court Docket: |
| | 1912 EDA 2023 |
| v. | |
| | Trial Court Docket: |
| STUART GREEN and MICHAEL TRUMBO | April Term 2023 No. 00946 |

2023 OCT 10 AM 10:51

**1925(a) OPINION**

Stuart Green and Michael Trumbo commenced an arbitration against Streamline Solutions, LLC, Michael Stillwell, and other entities (collectively "Streamline"), alleging that Streamline sold them a defective house. The AAA arbitrator found in favor of Mr. Green and Mr. Trumbo. Streamline filed a timely Petition to Vacate in this Court, which Mr. Green and Mr. Trumbo answered. This Court denied Streamline's Petition and entered an order confirming the arbitration award. Streamline has now filed this timely appeal.

On appeal, Streamline contends *inter alia* (i) that Mr. Stillwell and several other entities were improperly named as respondents in the arbitration, as they did not agree to arbitration and should not be held responsible for the arbitration award; and (ii) the award is not rationally derived from the agreement of sale, the terms of which preclude Mr. Green and Mr. Trumbo's claims.

For the reasons set forth below, the Superior Court should affirm this Court's order denying the petition to vacate and confirming the arbitration award.

OPFLD-Streamline Solutions, Llc Etal Vs Green Etal
23040094600037
COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) D. KELLY 10/10/2023

## A. Factual and Procedural Background

Mr. Green and Mr. Trumbo purchased a house at 1407 South Darien Street in Philadelphia on or around October 15, 2018. The house had been marketed, developed, constructed, warrantied, and sold by various entities owned by Michael Stillwell and marketed under the "Streamline" brand.

After the house developed leaks, Mr. Green and Mr. Trumbo initiated an AAA arbitration pursuant to the terms of the agreement of sale. An arbitration hearing took place over four days in December 2022. On January 27, 2023, the arbitrator entered a partial award in favor of Mr. Green and Mr. Trumbo, which was followed by a final award on March 8, 2023. The final award totaled $503,146.25 (the "Award"), and the arbitrator indicated that claimants, Mr. Green and Mr. Trumbo, could recover from the following jointly and severally liable Streamline respondents: Streamline Solutions, LLC; Streamline Construction Management, LLC; Streamline Group, LLC; US Capital Investments 7, LLC; Lion Construction, LLC; and Michael Stillwell.

On April 6, 2023, Streamline filed a petition to vacate or modify the Award in this Court, which Mr. Green and Mr. Trumbo answered on May 5, 2023. On June 20, 2023, this Court entered an order denying Streamline's petition and confirming the Award. On June 22, 2023, Mr. Green and Mr. Trumbo reduced the Award to a judgment. Streamline filed this timely notice of appeal on July 20, 2023.

## B. Standard of Review

A nonjudicial arbitration award is binding on the parties, and a court will not vacate or modify the award unless the petitioner clearly shows that the award was the result of fraud, misconduct, corruption, or another irregularity. 42 Pa.C.S. § 7341.

This Court has the authority to vacate an arbitration award only where an arbitrator exceeded their powers, there was no agreement to arbitrate, a party was denied a hearing, or the arbitration hearing was tainted by fraud, misconduct, corruption, or some other irregularity rendering the award unjust, inequitable or unconscionable. *Roccograndi v. Martin,* 214 A.3d 251, 256 (Pa. Super. 2019); 42 Pa.C.S. § 7341.

The petitioner "bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence. In this context, irregularity refers to the process employed in reaching the result of the arbitration, not to the result itself." *Civan v. Windmere Farms, Inc.*, 180 A.3d 489, 493 (Pa. Super. 2018). The arbitrator is the final judges of law and fact, and the arbitration award is not subject of reversal for mistake of either. *Id.*

A court must confirm an arbitration award either simultaneously with or following the entry of the order denying a petition to vacate or modify an award. *Kemether v. Aetna Life & Cas. Co.*, 656 A.2d 125, 126-27 (Pa. Super. 1995). It is from the order confirming the award that an appeal lies. *Id.*

### C. Streamline Failed to Preserve Issues

Streamline argues on appeal (and in its petition to vacate in this Court) that Michael Stillwell, Streamline Solutions LLC, Streamline Construction Management LLC, Streamline Group LLC, and Lion Construction LLC were not bound by the arbitration clause in the agreement of sale because they were not parties to the agreement of sale. None of the respondents raised this argument at any time before the Award.

The AAA rules provide that "A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection." *AAA Commercial Rule R-7.* When a party does "not express concern on the record before the arbitrator that matters sought to be litigated were outside the arbitrator's jurisdiction," that party has consented to the arbitrator's jurisdiction. *Weinmann v. Meehan*, 631 A.2d 684, 686 (Pa. Super. 1993). A litigant cannot ask for a matter to be resolved in arbitration, conduct the arbitration process without objecting to certain issues, and only object when the outcome is not favorable to them. *Id.*

Before this Court, and now on appeal, Streamline argues that Mr. Stillwell and the other "non-signatory" entities were not parties to the agreement of sale and are not a bound by the arbitration clause. But Streamline, which includes Mr. Stillwell and all of the other non-signatory entities, never properly raised this issue before the arbitrator. Streamline stayed silent on issue through the duration of the proceeding before the arbitrator, only raising the objection issue after the Award.

As a result, Mr. Stillwell and the non-signatory entities have waived any objection to the arbitrator's jurisdiction because they failed to timely object.

### D. The Arbitration Award Was Not the Result of Fraud, Misconduct, Corruption or Another Irregularity

Even if Streamline did properly preserve their claims for review in this Court, which they clearly did not, their claims of error by the arbitrator are not supported by clear, precise, and indubitable evidence. Streamline's burden in this Court was to demonstrate that any irregularity – meaning the process employed by the arbitrator – was inequitable. The arbitrator is the final judge of law, including evidentiary issues, and fact, and the Award is not subject to reversal for mistake of either. *Civan*, 180 A.3d at 493.

Streamline argues that the arbitration was irregular because Mr. Stillwell and the non-signatory entities were included when they had not agreed to the arbitration clause. This argument is without merit. Arbitration agreements are interpreted pursuant to contract principles. *Neuhard v. Travelers Ins. Co.*, 831 A.2d 602, 604-05 (Pa. Super. 2003). While it is true that a party cannot be required to submit to arbitration if that party is not a party to the arbitration agreement, a non-signing party can still be compelled to arbitrate under an agreement if common law principles of agency and contract support such an obligation on his part. *Humphrey v. GlaxoSmithKline PLC*, 263 A.3d 8, 14-15 (Pa. Super. 2021).

It seems quite apparent from the wealth of court filings, the testimony and exhibits at the arbitration, and generally how the parties proceeded at the arbitration, that all of the entities identified by the arbitrator were in some way

affiliated with, controlled by, or the alter ego of Mr. Stillwell. *See, e.g., Dodds v. Pulte Home Corp.*, 909 A.2d 348, 351-52 (Pa. Super. 2006). The contention that Mr. Stillwell or one of the entities he controlled was not a party to the agreement of sale and not subject to the arbitration borders on frivolous.

In a post-arbitration ruling, the arbitrator noted that the liability finding as to Mr. Stillwell was based upon the arbitrator's evaluation of the evidence and application of the law. The finding was not a clerical error, as Streamline had argued. Moreover, Mr. Green and Mr. Trumbo highlighted the arbitration language in Streamline's own agreement of sale, which provides that arbitration is mandated not only for claims against the seller, but against the seller's parent company, partners, subsidiaries, or affiliates – which clearly includes Mr. Stillwell and the other named entities.

The arbitrator concluded, based on the evidence adduced, that the Streamline entities were used interchangeably, and all were involved in the marketing, development, construction, sale, and warrantying of the property. Mr. Stillwell was in charge and was listed as the real estate agent for the agreement of sale. It is abundantly clear that Mr. Stillwell and the other entities should have understood that they were bound by the arbitration.

## E. The Arbitrator Did Not Exceed His Authority

Streamline claims that the arbitrator exceeded his authority because he ignored provisions in the agreement of sale that limit the claims Mr. Green and Mr. Trumbo could pursue. Streamline suggests that the arbitrator fashioned a new

contract that provides Mr. Green and Mr. Trumbo with remedies they were not permitted to recover. This claim is baseless as a matter of fact and wrong as a matter of law. As this Court has previously noted, the arbitrator was the final judge of both law and fact, and an arbitration award is not subject to a reversal for a mistake of either. This Court was not permitted to retry the issues addressed in arbitration or review the arbitrator's disposition of the merits of the case, which is exactly what Streamline asked this Court to do.

## F. Conclusion

For the foregoing reasons, this Court respectfully submits that the Superior Court should affirm this Court's Order denying the Petition to Vacate and affirming the arbitration award.

BY THE COURT:

Joshua Roberts, J.

Dated: October 10, 2023