**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **STREAMLINE SOLUTIONS, LLC, *et al.*** | : | **BANKRUPTCY NO. 25-13595 (AMC)** |
| | : | |
| **Debtors** | : | ***(Jointly Administered)*** |
| | : | |

**DECLARATION OF STEPHEN J. SCHERF, CPA/ABV, CDBV, CVA IN SUPPORT OF APPROVAL OF SETTLEMENT AGREEMENT AND MUTUAL RELEASE BETWEEN THE TRUSTEE AND MICHAEL STILLWELL; COULBEE, LLC; 1300 AMERICAN STREET, LLC; SOZ DE AVE OFFICE OWNER, LLC; PROCESS CONTRACTING, LLC; CORNER PROPERTY GROUP, LLC; ENDURING DEVELOPMENT, LLC AND CVCM, LLC**

I, Stephen J. Scherf, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Principal of Asterion, Inc. ("Asterion"). I and other Asterion professionals under my direct supervision have performed the analysis described in the Expert Report (the "Report") attached hereto as Exhibit "1" and made a part hereof.

2. Asterion has been retained as the accountants to Lynn E. Feldman in her capacity as the Chapter 7 Trustee (the "Trustee") for the bankruptcy estates (collectively, the "Estates") of Streamline Solutions, LLC; Streamline Construction Management, LLC; Streamline Group, LLC; Lion Construction, LLC; Lion Construction Management, LLC; Streamline Philly Construction, LLC; Streamline Realty, LLC; Streamline Sales and Marketing, LLC; Streamline Residential Construction, LLC; Streamline Partners, LLC and STL Holdings I, LLC (collectively, the "Debtors").

3. Asterion was retained by the Trustee to, *inter alia*, review financial documents provided by the Debtors and other interested parties and provide expert testimony at any hearings that constitute part of the bankruptcy process.

4. I submit this declaration (the "Declaration") in support of the Motion of Lynn E. Feldman, Chapter 7 Trustee, for Entry of an Order Approving Settlement Agreement and Mutual Release Between the Trustee and Michael Stillwell; Coulbee, LLC; 1300 American Street, LLC; SOZ DE Ave Office Owner, LLC; Process Contracting, LLC; Corner Property Group, LLC; Enduring Development, LLC and CVCM, LLC Pursuant to Fed. R. Bankr. P. 9019(a) and 11 U.S.C. § 105(a).

5. I make this Declaration, with the Trustee's authorization, to offer the testimony I would give pursuant to Rule 702 of the Federal Rules of Evidence relating to the Report that I prepared regarding the topics set forth therein relating to approval of the Settlement Agreement and Mutual Release Between the Trustee and Michael Stillwell; Coulbee, LLC; 1300 American Street, LLC; SOZ DE Ave Office Owner, LLC; Process Contracting, LLC; Corner Property Group, LLC; Enduring Development, LLC and CVCM, LLC Pursuant to Fed. R. Bankr. P. 9019(a) and 11 U.S.C. § 105(a) (the "Agreement").

6. My current *curriculum vitae* and information concerning my testimony history, publications and speaking engagements are attached as Appendix A to the Report.

7. My opinions are based primarily on the documentation and information provided to me in my capacity as accountant to the Trustee and the additional research attached as Appendix B to the Report as well as my experience as a professional who has performed and analyzed numerous valuations of businesses and equity interests in businesses.

8. I am authorized to submit this Declaration and, if called upon to testify, I could and would testify competently to the facts set forth herein.

9. I have been qualified and have presented testimony on numerous occasions, including the presentation of valuation analyses in various courts in the United States, including

the Bankruptcy Court.

10. The terms and conditions of the Agreement provide, *inter alia*, as follows:

(a) Settlement Amount. The Stillwell Parties shall pay the sum of $550,000.00 to the Trustee (the "Settlement Amount") to resolve the Settled Claims. The sum of $400,000.00 shall be paid by the Stillwell Parties to the Trustee within ten (10) days after the entry of the Final Order and the sum of $150,000.00 shall be paid by the Stillwell Parties to the Trustee within ninety (90) days after the entry of the Final Order. The Settlement Amount shall be paid to the Trustee via wire transfer with instructions to be provided by the Trustee's counsel.

(b) Release of Claims Against the Stillwell Parties. Upon the Effective Date and the receipt of the full Settlement Amount, the Debtors' Estates, the Trustee and their successors and assigns, hereby without further action, irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge the Stillwell Parties and their agents, attorneys, advisers, consultants, and their successors and assigns (the "Stillwell Released Parties") of and from any and all claims, causes of action, damages, debts, liabilities, obligations, suits, judgments, demands, promises, rights, and agreements, (including without limitation, rights of indemnity, contribution, payment, and reimbursement), liabilities, or causes of action, of any nature whatsoever, however acquired, whether arising in law, under any statute, regulation or rule (or otherwise), or at equity, whether known or unknown, suspected or unsuspected, asserted or retained, fixed or contingent, matured or unmatured, liquidated or unliquidated, foreseen or unforeseen, direct or derivative, existing or hereafter arising, in law, equity, statute, or otherwise, including, but not limited to, any of the foregoing arising under theories of contract, successor liability, tort, agency, unjust enrichment, alter ego, substantive consolidation, extension, veil piercing, equity and any and all fraudulent conveyance or transfer claims that were or could be brought by the Debtors' Estates, the Trustee, and their successors and assigns under state, federal or foreign law, including, but not limited to, any claims that have been brought, reduced to judgment or asserted which include any of the aforementioned relief and any claims that were or could have been asserted against the Stillwell Released Parties and any other action or proceeding from the beginning of time through and including the date of the Agreement including claims for punitive damages or attorneys' fees, provided however, the foregoing release shall not (i) release any obligation of the Stillwell Released Parties under the Agreement, or (ii) extend to any claim for breach of the terms of the Agreement. Upon the Effective Date, the Debtors' Estates, the Trustee and their successors and assigns shall have relinquished any right to assert a claim of any sort against the Stillwell Released Parties.

(c) Release of Claims Against the Estates and the Trustee. Upon the Effective Date, the Stillwell Parties, on behalf of themselves and their successors and assigns, hereby without further action, irrevocably and unconditionally, fully, finally and forever waives, releases, acquits and discharges the Debtors' Estates, the Trustee, and her agents, attorneys, advisers, consultants, and their successors and assigns (the "Trustee Released Parties") of and from any and all claims, causes of action, damages, debts, liabilities, obligations, suits, judgments, demands, promises, rights, and agreements, (including without limitation, rights of indemnity, contribution, payment, and reimbursement), liabilities, or causes of action, of any nature whatsoever, however acquired, whether arising in law, under any statute, regulation or rule (or otherwise), or at equity, whether known or unknown, suspected or unsuspected, asserted or retained, fixed or contingent, matured or unmatured, liquidated or unliquidated, foreseen or unforeseen, direct or derivative, existing or hereafter arising, in law, equity, statute, or otherwise, including, but not limited to, any of the foregoing arising under theories of contract, successor liability, tort, agency, unjust enrichment, alter ego, substantive consolidation, extension, veil piercing, equity and any and all fraudulent conveyance or transfer claims that were or could be brought by the Stillwell Parties and their successors and assigns under state, federal or foreign law, including, but not limited to, any claims that have been brought, reduced to judgment or asserted which include any of the aforementioned relief and any claims that were or could have been asserted against the Trustee Released Parties and any other action or proceeding from the beginning of time through and including the date of the Agreement including claims for punitive damages or attorneys' fees, provided however, the foregoing release shall not (i) release any obligation of the Trustee Released Parties under the Agreement, or (ii) extend to any claim for breach of the terms of the Agreement. Upon the Effective Date, the Stillwell Parties and their successors and assigns shall have relinquished any right to assert a claim of any sort against the Trustee Released Parties.

(d) Assignment and Transfer of Subcontractor Claims. Upon the Effective Date, the Trustee, on behalf of the Estates, hereby assigns, transfers, conveys, and delivers to Mr. Stillwell, or his nominee, all right, title, and interest that the Trustee and the Estates have, if any, in the Subcontractor Claims. For purposes of the Agreement, "Subcontractor Claims" means any and all claims, causes of action, rights of recovery, demands, or remedies that the Trustee and the Estates have, if any, against any subcontractors, suppliers, vendors, or other third parties involved in any construction projects involving any of the Debtors, including without limitation any and all rights to proceeds that the Trustee and the Estates have, if any, from any prior or existing settlements, releases, or payments made by such subcontractors. This assignment is made AS IS, WHERE IS, without representation or warranty of any kind. Mr. Stillwell, or his nominee, shall have the sole and exclusive right to pursue, litigate, settle, or otherwise

resolve the Subcontractor Claims that the Trustee and the Estates have, if any, in his sole discretion. Neither the Trustee nor the Estates shall retain any interest therein after the assignment.

11. As set forth in the Report, the Settlement Amount of $550,000.00 pursuant to the terms of the Agreement easily meets, indeed exceeds, the "range of reasonableness" required for purposes of satisfying Fed. R. Bankr. P. 9019.

12. The Agreement resolves numerous and complex issues in a manner which, in the exercise of the Trustee's business judgment, I believe is highly beneficial to the Debtors' Estates and avoids lengthy and expensive litigation.

13. For the reasons set forth in the Report, the Agreement is fair, reasonable and in the best interest of the Debtors' Estates, falls within the range of reasonableness and is a sound exercise of the Trustee's business judgment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Stephen J. Scherf

Dated: September 8, 2026

# EXHIBIT "1"

*www.asterion consulting.com*

ASTERION

1617 JFK Boulevard
Suite 1040
Philadelphia, PA 19103

*t* 215 893 9901
*f* 215 893 9903

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **STREAMLINE SOLUTIONS, LLC, *et al.*** | : | **BANKRUPTCY NO. 25-13595 (AMC)** |
| | : | |
| **Debtors** | : | **(*Jointly Administered*)** |
| | : | |

**Expert Report**
**by**

**Stephen J. Scherf, CPA/ABV, CDBV, CVA**

**September 8, 2026**

## TABLE OF CONTENTS

**1. INTRODUCTION & BACKGROUND** .......... 2

**2. BASIS FOR ANALYSIS** .......... 2

**3. ANALYSIS** .......... 3

**3.1. FINANCIAL CONDITION OF THE DEBTORS AND STILLWELL** .......... 3

**3.1.1. DEFINITION OF VALUE FOR VALUATION PURPOSES** .......... 4

**3.1.2. REVENUE RULING 59-60** .......... 4

**3.1.3. FINANCIAL STATEMENTS** .......... 5

**3.1.4. GENERAL ECONOMIC AND INDUSTRY CONDITIONS** .......... 5

**3.2. VALAUTION ANALYSIS OF THE DEBTOR** .......... 6

**3.2.1. BUSINESS VALUATION APPROACHES** .......... 6

**3.2.2. VALUATION ANALYSIS PERFORMED** .......... 7

**3.2.3. INCOME APPROACH – CAPITALIZED EARNINGS METHOD** .......... 7

**3.2.4. ASSET APPROACH** .......... 10

**3.2.5. ANALYSIS OF THE FINANCIAL STATEMENTS AND SETTLEMENT AMOUNT** .......... 10

**4. CONCLUSION** .......... 11

Appendices & Exhibits

## 1. INTRODUCTION & BACKGROUND

Asterion, Inc. ("Asterion") was engaged as the accountants to Lynn E. Feldman in her capacity as the Chapter 7 Trustee (the "Trustee") for the bankruptcy estates (collectively, the "Estates") of Streamline Solutions, LLC; Streamline Construction Management, LLC; Streamline Group, LLC; Lion Construction, LLC; Lion Construction Management, LLC; Streamline Philly Construction, LLC; Streamline Realty, LLC; Streamline Sales and Marketing, LLC; Streamline Residential Construction, LLC; Streamline Partners, LLC and STL Holdings I, LLC (collectively, the "Debtors") to, among other things, 1) review financial documents provided by the Debtors and other interested parties and 2) provide expert testimony at any hearings that constitute part of the bankruptcy process.

## 2. BASIS FOR ANALYSIS

The analysis and opinions in this report are based primarily upon the documentation available to date, my independent research, education, and experience in performing similar financial analyses.

I have been qualified and have presented testimony on numerous occasions, including the presentation of valuation analyses in various courts in the United States. I am a Certified Public Accountant, Certified in Financial Forensics, and have a Master of Science with a concentration in Finance. The American Institute of Certified Public Accountants (AICPA) accredits me in business valuation and I am a Certified Valuation Analyst, and Certified in Distressed Business Valuation, among other designations. I have instructed business valuation courses for both the AICPA and the National Association of Certified Valuators and Analysts (NACVA). I am a former member of NACVA's Standards Board and its Education Board and former chair of its Course Review Committee. Attached as ***Appendix A*** is my current *curriculum vitae* and information concerning my testimony history, publications and speaking engagements.

My analysis was based primarily on the documentation and information provided to me in my capacity as accountants to the Trustee and the additional research described in ***Appendix B***. The documents and information utilized are the types of documents and information experts in my field typically rely upon in performing such an analysis. I have relied upon the accuracy and completeness of the material furnished to me. I reserve the right to update this report should additional information become available.

This report has been prepared in connection with the above referenced matter and should not be used for any other purpose without my express written consent.

Asterion's professionals, under my direct supervision, and I are being compensated at their standard hourly rates for services in this matter. My standard hourly rate is $565 per hour. My firm's compensation is subject to Bankruptcy Court approval.

## 3. ANALYSIS

### 3.1. FINANCIAL CONDITION OF THE STILLWELL PARTIES

In order to determine the reasonableness of the financial settlement set forth in the Settlement Agreement and Mutual Release Between the Trustee and Michael Stillwell ("Mr. Stillwell"); Coulbee, LLC ("Coulbee"); 1300 American Street, LLC; SOZ DE Ave Office Owner, LLC; Process Contracting, LLC; Corner Property Group, LLC; Enduring Development, LLC and CVCM, LLC (the "Agreement"), I was required to determine the financial condition of Mr. Stillwell; Coulbee; 1300 American Street, LLC; SOZ DE Ave Office Owner, LLC; Process Contracting, LLC; Corner Property Group, LLC; Enduring Development, LLC and CVCM, LLC (collectively, the "Stillwell Parties"). The financial condition of the Debtors and the Stillwell Parties as provided to me on a fair market value basis are set forth in the financial statements as shown in ***Exhibit 1***.

I was asked, *inter alia,* to determine whether the proposed settlement amount of $550,000 (the "Settlement Amount") set forth in the Agreement was reasonable from a financial point of view.

### *3.1.1. Definition of Value for Valuation Purposes*

For the purpose of this report, fair market value is defined as:

> "the price, expressed in terms of cash equivalents, at which property would change hands between a hypothetical willing and able buyer and a hypothetical willing and able seller, acting at arm's length in an open and unrestricted market, when neither is under compulsion to buy or sell and when both have reasonable knowledge of the relevant facts."[1]

### *3.1.2. Revenue Ruling 59-60*

Internal Revenue Service Ruling 59-60 provides guidelines for the valuation of closely held businesses. The ruling states that all relevant factors should be taken into consideration, including the following:

- The nature of the business and history of the enterprise;
- The economic outlook, and the condition and outlook of the specific industry;
- The book value of the stock and the financial condition of the business;
- The company's earning capacity;
- The company's dividend-paying capacity;
- Whether or not the enterprise has goodwill or other intangible value;
- Sales of the stock and the size of the block to be valued; and
- The market prices of stocks of corporations engaged in the same or similar lines of business whose stocks are actively traded in a free and open market, either on an exchange or over the counter.

[1] *The International Glossary of Business Valuation Terms.*

The factors examined in this report include, but are not limited to, the above-mentioned guidelines.

### *3.1.3. Financial Statements*

I used financial, economic, industry and market data available in preparing this analysis. Financial statements are set forth in ***Exhibit 1***. I understand that Mr. Stillwell has indicated that his personal, as well as, the financial statements of Coulbee are on a fair market value basis and are complete and accurate. The financial statements for Mr. Stillwell show he is insolvent. The financial statements for Coulbee shows that Coulbee is insolvent. After consideration of the existing liens and judgments, the financial information I reviewed show that balance of the settling parties including 1300 American Street, LLC; SOZ DE Ave Office Owner, LLC; Process Contracting, LLC; Enduring Development, LLC and CVCM, LLC (excluding Corner Property Group) have no value or are insolvent. My valuation of Corner Property Group is approximately $200,000. This value is contingent upon the remaining properties to be continued to be managed by Mr. Stillwell. Without this continuing income stream, Corner Property Group has no value. In order to test the accuracy of the financial statements, I spoke with Mr. Stillwell and his counsel and I reviewed the financial data listed in ***Appendix B*** to test the accuracy and reasonableness of the financial statements set forth in ***Exhibit 1***. After the financial statements were provided to me, I was made aware of tens of millions of dollars of additional obligations owed by Mr. Stillwell due to recent defaulted guaranty obligations.

### *3.1.4. General Economic and Industry Conditions*

When valuing the equity of a company, the trends and conditions prevalent in the economy and the company's industry, and their influence on investment decisions, must be considered. Economic and industry factors may or may not affect a particular company directly. Given the relevant facts and circumstances, the overall economic and industry conditions did not impact the valuation conclusion.

## 3.2. VALAUTION ANALYSIS OF THE STILLWELL PARTIES

### *3.2.1. Business Valuation Approaches*

Traditionally, three approaches are used to determine value, as follows:

- Asset Approach;
- Income Approach; and
- Market Approach.

The ***Asset Approach*** determines a value indication of a business, business ownership interest or security using one or more methods based upon the value of the assets net of liabilities.[2] When applied to the valuation of equity interests in businesses, value is based on the net aggregate fair market value of the entity's underlying assets. The technique entails a restatement of the balance sheet substituting the fair market value of its assets and liabilities for their book values.

The ***Income Approach*** determines a value indication of a business, business ownership interest, security or intangible asset using one or more methods that convert anticipated economic benefits into a present single amount.[3] These benefits can include earnings, cash flows, cost savings, tax deductions, and proceeds from its disposition. Value indications are developed by discounting expected cash flows to their present value at a rate of return that incorporates the risk-free rate for the use of funds, the expected rate of inflation, and risks associated with the particular investment. The discount rate selected is generally based on rates of return available from alternative investments of similar type and quality as of the valuation date.

The ***Market Approach*** determines a value indication of a business, business ownership interest, security or intangible asset by using one or more methods that compare the subject to similar

[2] International Glossary of Business Valuation Terms.
[3] International Glossary of Business Valuation Terms.

businesses, business ownership interests, securities, or intangible assets that have been sold.[4] The Guideline Company Method entails an analysis of publicly traded comparable companies. When applied to the valuation of equity interests, consideration is given to the financial condition and operating performance of the company being appraised relative to those of publicly traded companies operating in the same or similar lines of business, potentially subject to corresponding economic, environmental, and political factors and considered to be reasonable investment alternatives. A variation of the Guideline Company Method is the Guideline Transaction Method. The Guideline Transaction Method measures the value of an asset through an analysis of recent sales, mergers, and acquisitions of similar companies.

### *3.2.2. Valuation Analysis Performed*

The appropriateness of the various methods employed in valuing a business enterprise varies with the company, industry, and ownership interest being valued. My valuation analysis considered the three traditional approaches to valuation (i.e., Asset, Income, and Market) discussed above. Based on the operating characteristics of the Stillwell Parties and availability of data, I have utilized the Income Approach and Asset Approach. While I considered the Market Approach, given that the underlying real estate in the financials was largely income producing, I did not obtain separate real estate appraisals on each of the assets. Rather I focused on the income approach since a real estate appraiser would have utilized that method (the income approach) in determining the value of the different properties.

### *3.2.3. Income Approach – Capitalized Earnings Method*

The Income Approach estimates the value of a company based on its earnings capacity. In other words, this approach evaluates the present worth of the future economic benefits that accrue to the investor in a business by projecting future earnings and discounting those earnings to present value using an appropriate level of risk. Under the Income Approach, it is necessary to obtain either

[4] International Glossary of Business Valuation Terms.

forward looking projections for use in a Discounted Cash Flow ("DCF") method, or normalized income statement data for use in a Capitalized Earnings method. I have utilized the Capitalized Earnings Method to develop the value under this approach. The Capitalized Earnings Method under the Income Approach is mathematically equivalent to the DCF Method if one assumes constant long-term growth for the entire projection period rather than the potential for varying growth rates during the discrete projection period under the DCF Method.

In performing the Capitalized Earnings Method, the first step is to identify the benefit stream to be valued. For the purpose of my analysis, I determined that the appropriate measure of earnings to be used as debt-free net cash flow was net operating income ("NOI"). NOI is routinely used as the appropriate cash flow measure under the capitalization of earnings method for real estate. NOI is computed by reference to Normalized Earnings before Interest and Taxes ("EBIT").

The next step is to determine normalized earnings. The financial statements shown in Exhibit 1 all disclosed NOI in determining value. In order to test the NOI provided in the financial statements, I reviewed the 2025 annual statements for each of the properties. Overall, the amounts included in the financial statements provided were reasonable. In the case where the 2025 annual statement showed a higher NOI, I utilized that NOI.

To convert a single period NOI to an indication of value, a capitalization rate must be applied. The capitalization rate is calculated by subtracting a long-term growth rate from a discount rate appropriate to the subject investment. An appropriate discount rate was developed by reference to the Company's Weighted Average Cost of Capital ("WACC"). The WACC is calculated using the cost of equity for the subject company times the percentage or weight of equity in the capital structure plus the cost of debt for the subject company times the percentage or weight of debt in the capital structure. The following is the formula for the WACC:

WACC = (Rd * d percent) + (Re * e percent)
Where:
Rd = After-tax rate of return on debt;
d percent = Debt as a percent of the total invested capital;

Re = Cost or return on equity; and
e percent = Equity as a percent of the total invested capital.

The return on debt capital is the rate a prudent investor would require on interest bearing debt. Since interest is tax deductible, the cost of debt should be net of taxes.

The cost of equity was determined through a build-up method, which is calculated as follows:

$Re = Rf + (Rm - Rf) + SP + ARP$
Where:
Re = Required return on equity;
Rf = Risk-free rate of return (20-year Treasury Bond yield);
Rm – Rf = Expected return of the market in excess of the risk-free rate;
SP = Size premium for the subject company based on equity market capitalization; and
ARP = Additional risk premium specific to an investment in the subject company.

Considering these factors, and my knowledge of market conditions, I determined that the capitalization rated utilized in the financial statements were reasonable.

Application of the capitalization rate to the NOI results in an indicated value for each of the properties as shown in ***Exhibit 3*** and ***Exhibit 4***. In determining value, I used the higher of my calculation of value or the value contained in the financial statements provided. I noted that in the majority of the cases, my determination of value was consistent with the values contained in the financial statements provided. I also removed the negative value of Mr. Stillwell's business interest in Coulbee, since, while Coulbee is insolvent, it is a separate entity and hence cannot have a negative value. The lowest value that can be ascribed is zero.

Ultimately the Income Approach identified that both Mr. Stillwell and Coulbee were insolvent. As noted previously, after consideration of the existing liens and judgments the financial information I reviewed show that balance of the settling parties including 1300 American Street, LLC; SOZ DE Ave Office Owner, LLC; Process Contracting, LLC; Enduring Development, LLC and CVCM, LLC (excluding Corner Property Group) have no value or are insolvent. My valuation of Corner Property Group is approximately $200,000. This value is contingent upon the remaining properties to be continued to be managed by Mr. Stillwell. Without this continuing

income stream, Corner Property Group has no value. As a result, on an overall basis, the income approach shows no positive value.

### *3.2.4. Asset Approach*

In performing the Asset Approach, I analyzed the balance sheets of Mr. Stillwell and Coulbee. I then utilized the results of the income approach to restate the values to fair market value based upon my analysis as shown in ***Exhibit 3*** and ***Exhibit 4***. As shown in ***Exhibit 3*** and ***Exhibit 4,*** it is my opinion, within a reasonable degree of professional certainty, that both Mr. Stillwell and Coulbee are insolvent on a balance sheet basis. After consideration of the existing liens and judgments the financial information I reviewed show that balance of the settling parties including 1300 American Street, LLC; SOZ DE Ave Office Owner, LLC; Process Contracting, LLC; Enduring Development, LLC and CVCM, LLC (excluding Corner Property Group) have no value or are insolvent. My valuation of Corner Property Group is approximately $200,000. This value is contingent upon the remaining properties to be continued to be managed by Mr. Stillwell. Without this continuing income stream, Corner Property Group has no value.

### *3.2.5. Analysis of the Financial Statements and Settlement Amount*

As shown in ***Exhibit 3*** and ***Exhibit 4***, both Mr. Stillwell and Coulbee are insolvent (Mr. Stillwell in excess of $14 million insolvent and Coulbee in excess of $24 million insolvent).[5] The insolvency is the result of significant debt, including a judgment held by First Citizens Community Bank in excess of $17 million. In reviewing the financial statements, I note that Mr. Stillwell and Coulbee are guarantors on some of the same debt, specifically $16,400,000 in business loans payable. When evaluating the Settlement Amount, this joint debt needs to only be counted once. Even when counting the debt once, it is my opinion within a reasonable degree of

[5] The analysis on ***Exhibit 3*** and ***Exhibit 4*** include the values of all the Stillwell Parties including Mr. Stillwell, Coulbee, 1300 American Street, LLC; SOZ DE Ave Office Owner, LLC; Process Contracting, LLC; Enduring Development, LLC, CVCM, LLC and Corner Property Group.

professional certainty that Mr. Stillwell and Coulbee are still insolvent. To determine the amount that reasonably could be paid in a settlement, I noted that on a combined basis, the financial statements show $402,478 in cash. This cash is used for living expenses of Mr. Stillwell and operating activities of Coulbee and the various real estate entities, therefore some amount must be held for ongoing needs. I note that on an ongoing basis, as long as the properties are not foreclosed upon, there is some positive cash flow. Given the current balance of cash of approximately $400,000, the ongoing cash needs and the anticipated cash flows from the properties continuing to operate, the $550,000 Settlement Amount appears reasonable from a financial point of view.

## 4. CONCLUSION

Based on the information, financial data and my analyses, it is my opinion within a reasonable degree of professional certainty that, given the fact that both Mr. Stillwell and Coulbee are insolvent. After consideration of the existing liens and judgments the financial information I reviewed show that balance of the settling parties including 1300 American Street, LLC; SOZ DE Ave Office Owner, LLC; Process Contracting, LLC; Enduring Development, LLC and CVCM, LLC (excluding Corner Property Group) have no value or are insolvent. My valuation of Corner Property Group is approximately $200,000. This value is contingent upon the remaining properties to be continued to be managed by Mr. Stillwell. Without this continuing income stream, Corner Property Group has no value. The level of cash in the financial statements and an additional allowance for cash flow from the financial statement date to the settlement, the $550,000 Settlement Amount is reasonable from a financial point of view.



Stephen J. Scherf, CPA/ABV, CDBV, CVA

# Appendix A

www.asterion-consulting.com

ASTERION

1617 JFK Boulevard
Suite 1040
Philadelphia, PA 19103

t 215 893 9901
f 215 893 9903

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CGMA, CICA, CIRA, CTP, CVA
**Principal**

sscherf@asterion-consulting.com

**Biography**

Mr. Scherf has provided a wide array of accounting and consulting services to clients with an emphasis on business valuations, fraud investigations, bankruptcy, and litigation matters. Mr. Scherf has testified on numerous occasions in arbitrations, depositions and Federal Court. Mr. Scherf has taught for the American Institute of Certified Public Accountants, The National Association of Certified Valuators & Analysts and other professional organizations.

Mr. Scherf's employment experience includes "Big Four," regional and a "boutique" accounting firm. In the private sector, Mr. Scherf held officer positions at a $2.5 billion financial institution, a major real estate developer and an investment firm.

**Professional Memberships**

- FINRA Public Arbitrator
- American Institute of Certified Public Accountants
- Pennsylvania Institute of Certified Public Accountants
- Turnaround Management Association
- National Association of Certified Valuators & Analysts
- Association of Certified Fraud Examiners
- Association of Insolvency and Restructuring Advisors
- Institute for Internal Controls

**Education**

Mr. Scherf has a B.B.A. in Accounting from Temple University (1980) and a Master of Science in Finance (1986) and an Advanced Professional Certificate in Taxation (1987) from Drexel University. His education has been supplemented by various continuing education courses offered by a variety of professional organizations. He has spoken before professional and educational groups on various aspects of business valuation, litigation consulting, fraud investigations and economic damages.

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA

**Rule 26 Disclosure – Testimony**

| *Date* | *Jurisdiction* | *Type* | *Matter* |
|---|---|---|---|
| 2026 | National Arbitration and Mediation<br>Wilmington, DE | Deposition | Secured Payments Solutions, Inc. v. Paradise Payments, LLC |
| 2026 | United States District Court<br>District of New Jersey | Deposition | William Jesukiewicz v. Clearspan, LLC |
| 2026 | United States District Court<br>Eastern District of Pennsylvania | Deposition | Eva Kosanovic v. Accutome, Inc. et al. |
| 2026 | Superior Court of the State of New Jersey<br>Gloucester County, NJ | Deposition | Mind Body Logic, LLC et al. v. Smart Meter, LLC |
| 2026 | United States District Court<br>Central District of California | Deposition | BYOApps, LLC v. Timeless Cosmectics, LLC et al. |
| 2026 | United States District Court<br>Eastern District of Pennsylvania | Deposition | Freight Innovation LLC v. Fellowship Warehousing & Logistics |
| 2026 | JAMS Arbitration<br>Philadelphia, PA | Arbitration | Jonathan Taylor et al. v. Lawrence Sternthal et al. |
| 2026 | United States District Court<br>Southern District of New York | Deposition | Ermaris Bio PLC v. The Trustees of Columbia University in the City of New York |
| 2026 | United States District Court<br>Southern District of New York | Deposition | Greentree Financial Group, Inc. v. Chijet Motor Company, Inc. et al. |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA

**Rule 26 Disclosure – Testimony**

| *Date* | *Jurisdiction* | *Type* | *Matter* |
|---|---|---|---|
| 2026 | Superior Court of the State of New Jersey<br>Camden County, NJ | Arbitration | Ada Pendill v. Net Gain Marketing. et al. |
| 2026 | United States District Court<br>District of New Jersey | Deposition | Paul Bolognone v. Audacy, Inc. et al. |
| 2026 | United States District Court<br>Eastern District of Pennsylvania | Deposition | Lesley Kaplan et al. v. TransUnion |
| 2026 | Superior Court of the State of New Jersey<br>Mercer County, NJ | Trial | Joseph Jingoli & Sons, Inc. v. Steve Shilling et al. |
| 2025 | Court of Common Pleas<br>Bucks County, PA | Trial | Michael Tulio et al. v. Kevin J. Timochenko et al. |
| 2025 | Circuit Court<br>Macomb County, MI | Deposition | Tag Agency Holdings, Inc. et al v. Todd Wysocki et al. |
| 2025 | Superior Court of the State of California<br>Orange County, CA | Deposition | National Payment Systems LLC v. Cardflex, Inc. |
| 2025 | United States District Court<br>For the District of Utah (Central) | Trial | 100 Mount Holly Bypass LLC et al. v. Axos Bank et al. |
| 2025 | United States Bankruptcy Court<br>Eastern District of North Carolina | Hearing | In Re: The Little Mint |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA

**Rule 26 Disclosure – Testimony**

| *Date* | *Jurisdiction* | *Type* | *Matter* |
|---|---|---|---|
| 2025 | Supreme Court for the State of New York<br>County of New York | Deposition | Dharshini Casinathen v. TerrAscend USA, Inc. |
| 2025 | United States Bankruptcy Court<br>Eastern District of Pennsylvania | Hearing | In Re: DigitalSpeed Communications, Inc. |
| 2025 | United States District Court<br>Eastern District of Pennsylvania | Hearing | Raj Kataria et al. v. Syed Imram Bokhari et al. |
| 2025 | Court of Common Pleas<br>Wilmington, DE | Trial | Jo L. Pressey et al. v. Francesco A. Vattilana et al. |
| 2025 | United States Bankruptcy Court<br>District of New Jersey | Hearing | First Colonial Community Bank v. Brian Wolfson |
| 2025 | Court of Common Pleas<br>Philadelphia, PA | Trial | Shouhui Zhu et al. v. Edward M. Silberman et al. |
| 2024 | Private Arbitration<br>Allentown, PA | Arbitration | Estate of Mark Spease, Deceased v. ITR,, LLC et al. |
| 2024 | Court of Common Pleas<br>Philadelphia, PA | Trial | Regional Produce Cooperative Corporation . v. DelBorrello Financial Services, LLC et al. |
| 2024 | United States District Court<br>District of New Jersey | Deposition | Kevin Conlon v. BP Lubricants, USA, Inc. |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA

**Rule 26 Disclosure – Testimony**

| *Date* | *Jurisdiction* | *Type* | *Matter* |
|---|---|---|---|
| 2024 | Superior Court of the State of New Jersey<br>Camden County, NJ | Trial | Kevin Bothwell v. John Becker et al. |
| 2024 | Superior Court of the State of California<br>Orange County, CA | Trial | Cardflex, Inc. v. Capital Managers, LLC et al. |
| 2024 | United States District Court<br>Eastern District of Pennsylvania | Deposition | Kevin Baird et al. v. Meyers, Roman, Freidberg & Lewis, Co., LPA |
| 2024 | Court of Common Pleas<br>Philadelphia, PA | Deposition | Regional Produce Cooperative Corporation . v. DelBorrello Financial Services, LLC et al. |
| 2024 | United States District Court<br>Eastern District of Pennsylvania | Deposition | Dr. Handy et al. v. Delaware River Surgical Suites, LLC et al. |
| 2024 | AAA International Arbitration<br>New York, NY | Arbitration | Dyanand Mistry v. Harshad Mistry et al. |
| 2024 | Court of Common Pleas<br>Chester County, PA | Trial | Patrick Wolfington et al. v. Thaddeus Barkowski et al. |
| 2024 | 21st Judicial Circuit Court<br>St. Louis, Missouri | Deposition | Pet Kennect Consulting Services, LLC et al. v. Custom IT Solution, LLC et al. |
| 2024 | Court of Common Pleas<br>Philadelphia, PA | Trial | Mathew Meyers et al. v. Certified Guaranty Company, LLC et al. |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA

**Rule 26 Disclosure – Testimony**

| *Date* | *Jurisdiction* | *Type* | *Matter* |
|---|---|---|---|
| 2024 | Court of Chancery<br>State of Delaware | Trial | Young Min Ban v. Joseph Manheim et al. |
| 2024 | Court of Chancery<br>State of Delaware | Deposition | Young Min Ban v. Joseph Manheim et al. |
| 2024 | United States District Court<br>Eastern District of Pennsylvania | Deposition | Phillips Feed Service, Inc. v. Freshpet, Inc. |
| 2024 | United States District Court<br>Eastern District of Pennsylvania | Deposition | Dina Abdurahman v. Prospect CCMC LLC et al. |
| 2024 | Superior Court of the State of California<br>Orange County, CA | Trial | Jamie Gonzalez v. Cardflex, Inc. et al. |
| 2024 | United States District Court<br>Eastern District of Pennsylvania | Deposition | Gary Nelson and Kayleigh Potter at al. v. Bank of America, N.A. |
| 2024 | Superior Court of the State of California<br>Orange County, CA | Deposition | Cardflex, Inc. v. Capital Managers, LLC et al. |
| 2023 | United States District Court<br>Eastern District of New York | Deposition | Star Auto Sales of Bayside et al. v. Voynow, Bayard Whyte and Company, LLP et al. |
| 2023 | Signature Resolution Arbitration<br>Los Angeles, CA | Arbitration | Robert Miller, et al. v. David Zander |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA

**Rule 26 Disclosure – Testimony**

| *Date* | *Jurisdiction* | *Type* | *Matter* |
|---|---|---|---|
| 2023 | Signature Resolution Arbitration<br>Los Angeles, CA | Deposition | Robert Miller, et al. v. David Zander |
| 2023 | American Arbitration Association<br>Scottsdale, AZ | Arbitration | National Payment Systems LLC v. BSR Acquisition Company LLC |
| 2023 | United States District Court<br>Eastern District of Pennsylvania | Deposition | Chris Juday et al. v. Mark T. Sadaka, et al. |
| 2023 | Court of Chancery<br>State of Delaware | Deposition | Residual Income Opportunities, Inc. v. CaliLove, LLC, et al. |
| 2023 | United States District Court<br>District of New Jersey | Trial | Shannon Phillips v. Starbucks Corporation |
| 2023 | Court of Common Pleas<br>Chester County, PA | Trial | Home & Away Entertainment, Inc. v Eagle Eye Ticket Mgt., LLC |
| 2023 | United States District Court<br>District of Massachusetts | Trial | AnywhereCommerce, Inc. et al. v. Ingenico, Inc. et al. |
| 2023 | United States District Court<br>Eastern District of Pennsylvania | Arbitration | Alex Rabaev et al. v. CBH2O General Partner, LLC et al |
| 2023 | American Arbitration Association<br>Wilmington, DE | Arbitration | Cutis, LLC v. Scott M. Panzer |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA

**Rule 26 Disclosure – Testimony**

| *Date* | *Jurisdiction* | *Type* | *Matter* |
|---|---|---|---|
| 2023 | Court of Common Pleas<br>Montgomery County, PA | Trial | Carmen Enterprises, Inc. v. Blue Moon Travel et al. |
| 2023 | United States District Court<br>District of Utah | Deposition | 100 Mount Holly Bypass, LLC et al. v. Axos Bank et al. |
| 2023 | Court of Common Pleas<br>Philadelphia, PA | Hearing | Stephen Ratner et al. v. Iron Stone Real Estate Fund I, L.P. et al. |
| 2022 | United States District Court<br>Eastern District of Pennsylvania | Trial | Edward Baim et al. v. Michael and Joel Dukart |
| 2022 | American Arbitration Association<br>Montgomery County, PA | Arbitration | P&I Insurance Services, Inc. v. Donald Blizzard |
| 2022 | American Arbitration Association<br>Philadelphia PA | Arbitration | Rocco Cavallo et al. v. John Capponi et al. |
| 2022 | United States District Court<br>District of Delaware | Trial | White Winston Select Asset Funds, LLC et al v. Good Times Restaurants, Inc. |
| 2022 | JAMS<br>Wilmington, DE | Deposition | A.C.R. Promotions Inc. vs. Barstool Sports, Inc. et al. |
| 2022 | Circuit Court of the 17th Judicial Circuit<br>Broward County, Florida | Deposition | Aldora Aluminum & Glass Products, Inc. v. Sun Capital Partners, Inc. et al. |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA

**Rule 26 Disclosure – Testimony**

| ***Date*** | ***Jurisdiction*** | ***Type*** | ***Matter*** |
|---|---|---|---|
| 2022 | Court of Common Pleas<br>Philadelphia, PA | Trial | Laira Lucas v. Lowe's Companies, Inc. et al. |
| 2022 | American Arbitration Association<br>Philadelphia, PA | Arbitration | K.H. Investors, Inc. et al. v. Steven Roemer et al. |
| 2022 | Superior Court<br>State of Delaware | Trial | AluminumSource, LLC v. LLFlex, LLC |
| 2022 | United States District Court<br>District of Massachusetts | Deposition | AnywhereCommerce, Inc. et al. v. Ingenico, Inc. et al. |
| 2022 | United States District Court<br>Eastern District of Pennsylvania | Deposition | Duane E. Norman et al. v. Trans Union LLC |
| 2022 | United States District Court<br>Eastern District of Pennsylvania | Deposition | Regional Produce Cooperative Corporation v. TD Bank N.A. |
| 2022 | Superior Court of the State of California<br>County of Los Angeles – South District | Hearing | 2567423 Ontario, Inc. et al. v. MXY Holdings, LLC et al. |
| 2022 | American Arbitration Association<br>Palm Beach County, FL | Arbitration | Todaro Bro Inc. et al v. LQV Franchising, LLC et al. |
| 2021 | United States Bankruptcy Court<br>Eastern District of Pennsylvania | Hearing | In Re: 1121 Pier Village, LLC et al. |

ASTERION

# Stephen J. Scherf, CPA/ABV/CFF, CDBV, CFE, CICA, CIRA, CTP, CVA

**Rule 26 Disclosure – Publication and Speaking Engagements**

| ***Date*** | ***Description*** | ***Location*** |
|---|---|---|
| 2016 | Pennsylvania Bar Institute<br>Advanced Piercing the Corporate Veil | Philadelphia, PA |
| 2016 | *Using a Commercial Success Declaration in an IPR* | Publication - Law360 |

# Appendix B

**Streamline Solutions, LLC et al.**
**Documents Considered**
**Appendix B**

| **Document Description** |
|---|
| 9019 Motion re Stillwell, et al |
| Objections filed to 9019 Motion and related exhibits |
| Michael Stillwell PNC Virtual Wallet Spend statements March to December 2025 |
| Coulbee Limited Liability Company Bank statements December 2024 to November 2025 |
| Stillwell abd Coulbee Financial Statements |
| Organization Chart |
| 2025 annual statements for the various properties in financial statements |
| Acquisition of 1600 Carpenter documents |
| 2022, 2023 and 2024 Stillwell Income Tax Returns |
| 2024 entity tax returns |
| FCCB Judgmment |

# Exhibits

**Streamline Solutions, LLC et al.**
**Exhibit 1 Cover Sheet**
**Financial Statements Received**

# EXHIBIT A

HIGHLY CONFIDENTIAL

# FINANCIAL STATEMENT

Please Complete in Full

Statement Date 11/18/25

Name Michael J. Stilwell — Date of Birth 05/04/81 — Social Security # [redacted]3899

Spouse ______ — Date of Birth ______ — Social Security # ______

Address 154 North Highland Rd — City Springfield — State/Zip PA/19064

Email Address mike@enduringdevelopment.com — Business/Industry ______ — Phone Number 484-340-7019

NOTE: COMPLETE SECTION II BEFORE SECTION I

## SECTION I

| ASSETS | | | LIABILITIES | | |
|---|---|---|---|---|---|
| 1. Cash On Hand & in Banks | Sec. II-A | $ 184,818 | 13. Notes Due to Banks | Sec. II-A | $ - |
| 2. Cash Value of Life Insurance | Sec. II-B | $ - | 14. Loans on Life Insurance Policies | Sec. II-B | $ - |
| 3. U.S. Government Securities | Sec. II-C | $ - | 15. Loans on Securities | Sec. II-C | $ - |
| 4. Other Marketable Securities | Sec. II-C | $ - | 16 Real Estate Mortgages Payable | Sec. II-E | $ 6,758,795 |
| 5. Securities - Not Readily Marketable | Sec. II-C | $ - | 17. Business Loans Payable | Sec. II-F | $ 16,400,000 |
| 6. Note & Accounts Receivable - Good | Sec. II-D | $ - | 18. Loans on Personal Property | Sec. II-H | $ - |
| 7. Notes & Accts Receivable - Doubtful | Sec. II-D | $ - | 19. Accounts, Bills & Contracts Payable | Sec. II-I | $ - |
| 8. Notes Due from Family & Friends | Sec. II-D | $ - | 20. Notes Due to Relatives | Sec. II-I | $ - |
| 9. Real Estate Owned | Sec. II-E | $ 7,896,247 | 21. Notes Due to Others Not Banks | Sec. II-I | $ - |
| 10. Businesses Owned | Sec. II-F | $ (9,057,577) | 22. Credit Cards | Sec. II-I | $ - |
| 11. Mortgages & Contracts Owned | Sec. II-G | $ - | 23. Back Rent | | $ - |
| 12. Personal Property - Autos, Art, Jewelry, Metal, Collectables | Sec. II-H | $ - | 24. Unpaid Federal-State Income Taxes | | $ - |
| TOTAL ASSETS | | $ (976,512) | TOTAL LIABILITIES | | $ 23,158,795 |
| | | | NET WORTH (Total Assets Minus Total Liabilities) | | $ (24,135,307) |
| | | | TOTAL LIABILITIES & NET WORTH | | $ (976,512) |

| ANNUAL INCOME | | ESTIMATE OF ANNUAL EXPENSES | | |
|---|---|---|---|---|
| Salary, Bonuses & Commissions | $ 250,000 | Income Taxes | | $ |
| Dividends & Interest | $ - | Other Taxes | | $ |
| Rental & Lease Income (Net) | $ - | Real Estate Taxes | | $ |
| Other Income - Itemize | $ - | Insurance Premiums (Home Owners and Auto) | | $ |
| | $ - | Mortgage Payments | | $ |
| | $ - | Rent Payable | | $ |
| | $ - | Other Expenses | | $ |
| | $ - | TOTAL | | $ - |
| | $ - | CONTINGENT LIABILITIES | | |
| | $ - | Endorser, Co-maker or Guarantor | Sec. II-J | $ 104,257,167 |
| | $ - | On Leases or Contracts | | $ - |
| | $ - | Legal Claims | | $ - |
| | $ - | Other | | $ - |
| TOTAL | $ 250,000 | TOTAL | | $ 104,257,167 |

### DISCLOSURES

| | |
|---|---|
| Are any assets pledged? Y/N<br>Explain | Have you ever been arrested for any criminal offense? Y/N<br>Explain |
| Are you involved in any legal actions including divorce? Y/N<br>Explain See summary of lawsuits | Do you owe any back taxes or federal debt? Y/N<br>Explain |
| Have you ever declared bankruptcy? Y/N<br>Explain | In the past 36 months have you been late on any personal mortgages or business mortgages/secured loans? Y/N<br>Explain |

### PROFESSIONALS

| | | | |
|---|---|---|---|
| CPA Name | Kenneth Line, Tax Director | Phone Number | 215-887-4425 |
| Attorney Name | Gary DeVito, Esq. | Phone Number | 267-765-9669 |
| Financial Advisor Name | N/A | Phone Number | N/A |
| Insurance Advisor Name | Ryan Moore, CLU | Phone Number | 215-510-3871 |

## SECTION II

### SECTION II-A CASH IN BANKS AND NOTES DUE TO BANKS (List all Real Estate Loans in Section II-E)

| Name of Bank | Account Type | Type of Ownership | On Deposit | | |
|---|---|---|---|---|---|
| PNC | Checking | Michael J. Stilwell | $ 100,000 | | |
| Univest | Checking | Enduring | $ 5,933 | | |
| Univest | Checking | Corner Property | $ 39,601 | | |
| Citadel | Checking | SOZ DE Ave Office | $ 12,846 | | |
| Univest | Checking | 1300 American St | $ 9,099 | | |
| First Citizens Community Bank | Checking | 1600 Carpenter St | $ 17,339 | | |
| | | | $ - | $ - | |
| | | TOTAL | $ 184,818 | $ - | TOTAL |

### SECTION II-B LIFE INSURANCE (List all policies that you own including key man)

| Company | Face Value | Cash Surr. Value | Policy Loans | Policy Collateralized Assigned To | Beneficiary |
|---|---|---|---|---|---|
| Erie Family Life Insurance | $ 1,000,000 | $ - | $ - | N/A | Kelly Stilwell |
| TOTAL CASH | $ - | $ - | $ - | TOTAL LOANS | |

### SECTION II-C SECURITIES OWNED (Including Government Bonds and all other stocks and bonds)

| Face Value-Bonds # Shares-Stock | Description | Type of Ownership | Original Cost | Market Value US Gov Sec | Market Value Mktble Sec | Market Value Not Rdly Avail Sec | Amount Pledged to Against Sec |
|---|---|---|---|---|---|---|---|
| N/A | N/A | N/A | $ - | $ - | $ - | $ - | $ - |
| | TOTALS | | $ - | $ - | $ - | $ - | $ - |

### SECTION II-D NOTES AND ACCOUNTS RECEIVABLE (Money Payable or Owed to you Individually-Indicate by a x if others have Ownership Interest)

| Debtor | Other Owner "X" | Maturity Date | Original Amt | Balance Due Good Accounts | Balance Due Doubtful Amount | Balance Due from Family & Friends | Security (if Any) |
|---|---|---|---|---|---|---|---|
| | | | | $ - | $ - | $ - | |
| | | TOTALS | $ - | $ - | $ - | $ - | |

HIGHLY CONFIDENTIAL

**SCHEDULE II-E REAL ESTATE OWNED**

| Title Held in Name Of | Address/Description | Type | 2025 NOI Budget | Cap Rate | Gross Sales Price | Closing Costs (5.5%) | Mortgage Exit Fees | Net Value | Mortgage Payable: Balance Due | Maturity | Payable To: |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 100% Equity Ownership | | | | | | | | | | | |
| Soz De Ave Office Owner LLC | 1100-28 N Delaware Ave | Corporate Headquarters office building | $ 234,248 | 7.62% | $ 3,074,121 | $ (169,077) | $ - | $ 2,905,044 | $ 3,808,795 | 11/14/2031 | Citadel Credit Union |
| 1600 Carpenter St Acquisition, LLC | 1600 Carpenter St & 1601 Washington Avenue | Vacant Lot (Preferred Equity Interest) | N/A | N/A | N/A | N/A | N/A | $ 1,650,000 | $ - | | |
| 1300 American St., LLC | 1330 N. American St | Vacant Lot | N/A | N/A | $ 3,600,000 | $ (198,000) | $ (60,797) | $ 3,341,203 | $ 2,950,000 | 12/22/2025 | Titan Capital |
| | | TOTALS | | | | | | $ 7,896,247 | $ 6,758,795 | | |

**SECTION II-F BUSINESS OWNERSHIP (include ownership percentage)**

| Business Name | Description | Ownership Percentage | Owner's Opinion of Value | Amount Pledged to Secure Loan(s) |
|---|---|---|---|---|
| Southee, LLC | Holding Company | 100% | $ (9,057,577) | $ 16,400,000 |
| Enduring Development, LLC | Property Development | 100% | $ - | $ - |
| Comer Property Group, LLC | Property Management Company | 100% | $ - | $ - |
| SOZ DE Ave Office Owner, LLC | Property Ownership | 100% | $ - | $ - |
| 1300 American St., LLC | Property Ownership | 100% | $ - | $ - |
| 1600 Carpenter St Acquisition, LLC | Property Ownership | 100% | $ - | $ - |
| Lion Construction, LLC | Inactive | 100% | $ - | $ - |
| Lion Construction Management, LLC | Inactive | 100% | $ - | $ - |
| Streamline Solutions, LLC | Inactive | 100% | $ - | $ - |
| Streamline Group, LLC | Inactive | 100% | $ - | $ - |
| Streamline Philly Construction, LLC | Inactive | 100% | $ - | $ - |
| Streamline Realty, LLC | Inactive | 100% | $ - | $ - |
| Streamline Partners, LLC | Inactive | 100% | $ - | $ - |
| | TOTALS | | $ (9,057,577) | $ 16,400,000 |

**SCHEDULE II-G MORTGAGES AND CONTRACTS OWNED (Indicate by an x if others have an ownership interest)**

| "M" Mortgage "C" contract | Other Owner "X" | Maker Name | Payor Name | Collateral or Property Covered | Starting Date | Payment | Maturity | Balance Due |
|---|---|---|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A | $ - | N/A | $ - |
| | | TOTALS | | | | $ - | | $ - |

**SCHEDULE II-H PERSONAL PROPERTY (Indicate by an x if others have an ownership interest)**

| Description | Other Owner "X" | Date When New | Market Value | Original Cost | Loan on Property: Maturity Date | Balance | Payment | Payable To: |
|---|---|---|---|---|---|---|---|---|
| N/A | N/A | N/A | $ - | $ - | N/A | $ - | $ - | N/A |
| TOTALS | | | $ - | $ - | | $ - | $ - | |

**SCHEDULE II-I NOTES (Other than Bank, Mortgage and Insurance Company Loans) ACCOUNTS, BILLS AND CONTRACTS PAYABLE**

| Payable To: | Other Obligators (If Any) | Date When Due | Notes Due to Friends & Family | Note to Other Not Banks | Accts & Bills Payable | Contracts Payable | Credit Cards Due | Collateral |
|---|---|---|---|---|---|---|---|---|
| N/A | N/A | N/A | $ - | $ - | $ - | $ - | $ - | N/A |
| | TOTALS | | $ - | $ - | $ - | $ - | $ - | |

**SCHEDULE II-J CONTINGENT LIABILITIES**

| Title Held in Name Of | Address/Description | Type | Original Balance | Mortgage or Contract Payable: Balance Due | Maturity | Payable To |
|---|---|---|---|---|---|---|
| Main Street Loan- Various Borrowers | Main Street Loan- No Collateral | Guarantor | $ 14,800,000 | $ 14,800,000 | 12/10/2025 | First Citizens |
| Soz De Ave Office Owner LLC | 1100-28 N Delaware Ave | Guarantor | $ 4,250,000 | $ 3,808,795 | 11/14/2031 | Citadel Credit Union |
| PRS I LLC | 2352 Federal St | Guarantor | $ 165,383 | $ 127,674 | 10/3/2026 | WSFS |
| PRS I LLC | 1241 N 5th St #Comm | Guarantor | $ 330,769 | $ 259,714 | 10/3/2026 | WSFS |
| US Capital Investment 9, LLC | 1726 Ridge Ave | Guarantor | $ 860,000 | $ 809,721 | 2/1/2032 | Citadel Credit Union |
| US Capital Investments 13, LLC | 1202-04 N. 24th St | Guarantor | $ 1,650,000 | $ 1,544,178 | 2/1/2032 | Citadel Credit Union |
| US Capital Investments 16, LLC | 1709-11 S 4th St | Guarantor | $ 4,000,000 | $ 3,735,836 | 3/1/2029 | ESSA |
| US Capital Investments 21, LLC | 1009-23 S 3rd St | Guarantor | $ 3,600,000 | $ 3,242,173 | 3/1/2029 | ESSA |
| Spanish Capital Investments 6, LLC | 2413 Federal St | Guarantor | $ 7,500,000 | $ 7,119,419 | 3/1/2029 | ESSA |
| Wood Capital Investments 1, LLC | 801 Aramingo St | Guarantor | $ 3,625,000 | $ 3,444,202 | 8/31/2027 | First Citizens |
| Spanish Capital Investments 8, LLC | 1510 N. Randolph St | Guarantor | $ 12,500,000 | $ 12,500,000 | 5/31/2026 | Walker Dunlap |
| Wood Capital Investments 8, LLC | 1307 Germantown Ave | Guarantor | $ 31,000,000 | $ 31,000,000 | 5/31/2026 | Walker Dunlap |
| 1300 American Street, LLC | 1330 N. American Street | Guarantor | $ 4,300,000 | $ 2,950,000 | 12/22/2025 | Titan Capital |
| SL Rental IV 2601 Emerald Street OOZB, LLC | 2601 Emerald St | Guarantor | $ 10,290,000 | $ 9,490,002 | 9/15/2028 | Fulton |
| SL Rental III 2435 N. Front Street OOZB, LLC | 2435 N. Front St | Guarantor | $ 4,130,000 | $ 3,808,916 | 9/15/2028 | Fulton |
| SL Rental II 962 N 8th Street OOZB, LLC | 962 N. 8th St | Guarantor | $ 6,090,000 | $ 5,616,537 | 9/15/2028 | Fulton |
| | | TOTALS | $ 108,991,152 | $ 104,257,167 | | |

For the purpose of procuring credit from time to time, I/we furnish the foregoing as a true and accurate statement of my/our financial condition.

Date Signed 11/18/25 Signature/Title ______________ Signature/Title ______________
(Other Person if Applicable)

HIGHLY CONFIDENTIAL

## FINANCIAL STATEMENT

Please Complete in Full
Statement Date 11/18/25

| | | | | | |
|---|---|---|---|---|---|
| Name | Coulbee, LLC | Date of Formation | 08/23/18 | EIN # | 37-1909150 |
| Address | 718 N. 2nd Street, Suite 317 | City | Philadelphia | State/Zip | PA 19123 |
| Email Address | | Business/Industry | | Phone Number | |

NOTE: COMPLETE SECTION II BEFORE SECTION I

### SECTION I

| ASSETS | | | | LIABILITIES | | | |
|---|---|---|---|---|---|---|---|
| 1. Cash On Hand & in Banks | Sec. II-A | $ | 217,660 | 13. Notes Due to Banks | Sec. II-A | $ | - |
| 2. Cash Value of Life Insurance | Sec. II-B | $ | - | 14. Loans on Life Insurance Policies | Sec. II-B | $ | - |
| 3. U.S. Government Securities | Sec. II-C | $ | - | 15. Loans on Securities | Sec. II-C | $ | - |
| 4. Other Marketable Securities | Sec. II-C | $ | - | 16. Real Estate Mortgages Payable | Sec. II-E | $ | 80,190,900 |
| 5. Securities - Not Readily Marketable | Sec. II-C | $ | - | 17. Business Loans Payable | Sec. II-F | $ | 16,400,000 |
| 6. Note & Accounts Receivable - Good | Sec. II-D | $ | - | 18. Loans on Personal Property | Sec. II-H | $ | - |
| 7. Notes & Accts Receivable - Doubtful | Sec. II-D | $ | - | 19. Accounts, Bills & Contracts Payable | Sec. II-I | $ | - |
| 8. Notes Due from Family & Friends | Sec. II-D | $ | - | 20. Notes Due to Relatives | Sec. II-I | $ | - |
| 9. Real Estate Owned | Sec. II-E | $ | 70,915,663 | 21. Notes Due to Others Not Banks | Sec. II-I | $ | - |
| 10. Businesses Owned | Sec. II-F | $ | - | 22. Credit Cards | Sec. II-I | $ | - |
| 11. Mortgages & Contracts Owned | Sec. II-G | $ | - | 23. Back Rent | | $ | - |
| 12. Personal Property - Autos, Art, Jewelry, Metal, Collectables | Sec. II-H | $ | - | 24. Unpaid Federal-State Income Taxes | | $ | - |
| TOTAL ASSETS | | $ | 71,133,323 | TOTAL LIABILITIES | | $ | 96,590,900 |
| | | | | NET WORTH (Total Assets Minus Total Liabilities) | | $ | (25,457,57[illegible]) |
| | | | | TOTAL LIABILITIES & NET WORTH | | $ | 71,133,323 |

| ANNUAL INCOME | | | ESTIMATE OF ANNUAL EXPENSES | | | |
|---|---|---|---|---|---|---|
| Salary, Bonuses & Commissions | $ | - | Income Taxes | | $ | - |
| Dividends & Interest | $ | - | Other Taxes | | $ | - |
| Rental & Lease Income (Net) | $ | - | Real Estate Taxes | | $ | - |
| Other Income - Itemize | $ | - | Insurance Premiums (Home Owners and Auto) | | $ | - |
| | $ | - | Mortgage Payments | | $ | - |
| | $ | - | Rent Payable | | $ | - |
| | $ | - | Other Expenses | | $ | - |
| | $ | - | TOTAL | | $ | - |
| | $ | - | CONTINGENT LIABILITIES | | | |
| | $ | - | Endorser, Co-maker or Guarantor | Sec. II-J | $ | 53,998,372 |
| | $ | - | On Leases or Contracts | | $ | - |
| | $ | - | Legal Claims | | $ | - |
| | $ | - | Other | | $ | - |
| TOTAL | $ | - | TOTAL | | $ | 53,998,372 |

### DISCLOSURES

| | |
|---|---|
| Are any assets pledged? Y/N<br>Explain | Have you ever been arrested for any criminal offense? Y/N<br>Explain |
| Are you involved in any legal actions including divorce? Y/N<br>Explain See summary of lawsuits | Do you owe any back taxes or federal debt? Y/N<br>Explain |
| Have you ever declared bankruptcy? Y/N<br>Explain | In the past 36 months have you been late on any personal mortgages or business mortgages/secured loans? Y/N<br>Explain |

### PROFESSIONALS

| | | | |
|---|---|---|---|
| CPA Name | Kenneth Luo, Tax Director | Phone Number | 215-687-4425 |
| Attorney Name | Gary DeVito, Esq | Phone Number | 267-765-9669 |
| Financial Advisor Name | N/A | Phone Number | N/A |
| Insurance Advisor Name | Ryan Moore, CLU | Phone Number | 215-510-3871 |

### SECTION II

SECTION II-A CASH IN BANKS AND NOTES DUE TO BANKS (List all Real Estate Loans in Section II-E)

| Name of Bank | Account Type | Type of Ownership | On Deposit | | | | | |
|---|---|---|---|---|---|---|---|---|
| Citadel | Checking - 100% | US Cap 9 | $ | 20,455 | | | | |
| Citadel | Checking - 100% | US Cap 13 | $ | 17,652 | | | | |
| ESSA | Checking - 100% | Spanish Cap 6 | $ | 10,850 | | | | |
| ESSA | Checking - 100% | US Cap 18 | $ | 11,673 | | | | |
| ESSA | Checking - 100% | US Cap 21 | $ | 12,371 | | | | |
| Univest | Checking - 10% | SOZ DE Ave Mezz | $ | 617 | | | | |
| Univest | Checking - 10% | SOZ DE Ave Owne | $ | 47,792 | | | | |
| Univest | Checking - 100% | Process Overhead | $ | 16,902 | | | | |
| Univest | Checking - 100% | Process Subs | $ | 16,946 | | | | |
| Univest | Checking - 100% | Coulbee | $ | 777 | | | | |
| First Citizens Community Bank | Checking - 100% | Coulbee | $ | 361 | | | | |
| First Citizens Community Bank | Checking - 100% | PRS1 | $ | 2,742 | | | | |
| First Citizens Community Bank | Checking - 100% | Spanish Cap 8 | $ | 1,398 | | | | |
| First Citizens Community Bank | Checking - 100% | Wood Cap 1 | $ | 7,520 | | | | |
| First Citizens Community Bank | Checking - 69.5% | Wood Cap 8 | $ | 25,518 | | | | |
| First Citizens Community Bank | Checking - 100% | Wood Cap 9 | $ | 9,192 | | | | |
| Fulton | Checking - 5% | SL Rental II | $ | 7,200 | | | | |
| Fulton | Checking - 5% | SL Rental III | $ | 508 | | | | |
| Fulton | Checking - 5% | SL Rental IV | $ | 7,187 | | | | |
| | | | | | | | | |
| | | TOTAL | $ | 217,660 | | $ | - | TOTAL |

SECTION II-B LIFE INSURANCE (List all policies that you own including key man)

| Company | Face Value | Cash Surr. Value | Policy Loans | | | Policy Collateralized Assigned To | Beneficiary |
|---|---|---|---|---|---|---|---|
| | | $ - | $ - | | | N/A | |
| | | | | | | | |
| TOTAL CASH | $ - | $ - | $ - | | | TOTAL LOANS | |

SECTION II-C SECURITIES OWNED (including Government Bonds and all other stocks and bonds)

HIGHLY CONFIDENTIAL

| Face Value-Bonds # Shares-Stock | Description | Type of Ownership | Original Cost | Market Value US Gov Sec | Market Value Mktble Sec | Market Value Not Rdly Avail Sec | Amount Pledged to Against Sec |
|---|---|---|---|---|---|---|---|
| N/A | N/A | N/A | $ - | $ - | $ - | $ - | $ - |
| | TOTALS | | $ - | $ - | $ - | $ - | $ - |

SECTION II-D NOTES AND ACCOUNTS RECEIVABLE (Money Payable or Owed to you individually-Indicate by a x if others have Ownership interest)

| Debtor | Other Owner "X" | Maturity Date | Original Amt | Balance Due Good Accounts | Balance Due Doubtful Amount | Balance Due from Family & Friends | Security (if Any) |
|---|---|---|---|---|---|---|---|
| | | | | $ - | $ - | $ - | |
| | | TOTALS | $ - | $ - | $ - | $ - | |

SCHEDULE II-E REAL ESTATE OWNED

| Title Held in Name Of | Address/Description | Type | 2025 NOI Budget | Cap Rate | Gross Sales Price | Closing Costs (5.5%) | Mortgage Exit Fees | Net Value | Mortgage Payable Balance Due | Maturity | Payable To: |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 100% Equity Ownership | | | | | | | | | | | |
| PRS I LLC | 2352 Federal St | Commercial Condominium | $ 15,543 | 8.62% | $ 180,313 | $ (9,917) | $ (1,277) | $ 169,119 | $ 127,674 | 10/3/2026 | WSFS |
| PRS I LLC | 1241 N 5th St #Comm | Commercial Condominium | $ 31,617 | 8.62% | $ 366,787 | $ (20,173) | $ (2,597) | $ 344,016 | $ 259,714 | 10/3/2026 | WSFS |
| Wood Capital Investments 9 LLC | 2344-46 W Jackson Blvd | Vacant Lot | $ - | N/A | | $ - | | $ 350,000 | $ - | | |
| US Capital Investments 9, LLC | 1726 Ridge Ave | Multi-Family Rental | $ 57,923 | 6.62% | $ 874,970 | $ (48,123) | $ - | $ [illegible] | $ [illegible] | [illegible] | Citadel Credit Union |
| US Capital Investments 13, LLC | 1202-04 N. 24th St | Multi-Family Rental | $ 117,370 | 6.62% | $ 1,772,961 | $ (97,513) | $ - | $ 1,675,448 | $ 1,544,178 | 2/1/2032 | Citadel Credit Union |
| US Capital Investments 18, LLC | 1709-11 S 4th St | Multi-Family Rental | $ 286,640 | [illegible] | $ 4,329,909 | $ (238,145) | $ (37,358) | $ 4,054,406 | $ 3,735,836 | 3/1/2029 | ESSA |
| US Capital Investments 21, LLC | 1009-23 S 3rd St | Multi-Family Rental | $ 228,786 | [illegible] | $ 3,455,982 | $ (190,079) | $ (32,422) | $ 3,233,481 | $ 3,242,173 | 3/1/202[illegible] | ESSA |
| Spanish Capital Investments 6, LLC | 2413 Federal St | Multi-Family Rental | $ 470,727 | [illegible] | $ 7,110,680 | $ (391,087) | $ (71,194) | $ 6,648,398 | $ 7,119,419 | 3/1/202[illegible] | ESSA |
| Wood Capital Investments 1, LLC | 301 Aramingo St | Multi-Family Rental | $ 255,466 | 6.62% | $ 3,859,305 | $ (212,262) | $ (34,442) | $ 3,612,601 | $ 3,444,202 | 8/31/2027 | First Citizens |
| [illegible] Equity Ownership (JV) | | | 2025 NOI Budget | Cap Rate | Gross Sales Price | Closing Costs (4.0%) | Mortgage Exit Fees | Net Value (100%) | Balance Due | Maturity | Payable To: |
| Spanish Capital Investments 8, LLC | 1510 N. Randolph St | Multi-Family Rental | $ 996,194 | 6.62% | $ 15,048,248 | $ (601,930) | $ (173,295) | $ 14,273,022 | $ 17,329,543 | 5/31/2026 | Walker Dunlap |
| Wood Capital Investments 8, LLC | 1307 Germantown Ave | Multi-Family Rental | $ 2,063,716 | 6.62% | $ 31,173,958 | $ (1,246,958) | $ (363,527) | $ 29,563,473 | $ 36,352,668 | 5/31/2026 | Walker Dunlap |
| [illegible] Equity Ownership (JV) | | | 2025 NOI Budget | Cap Rate | Gross Sales Price (5%) | Closing Costs (5.5%) | Mortgage Exit Fees | Net Value (5%) | Balance Due (5%) | Maturity | Payable To: |
| SL Rental IV 2601 Emerald Street QOZB, LLC | 2601 Emerald St | Multi-Family Rental | $ [illegible] | [illegible] | $ [illegible] | $ [illegible] | $ [illegible] | $ [illegible] | $ [illegible] | [illegible] | Fulton |
| SL Rental III 2435 N. Front Street QOZB, LLC | 2435 N. Front St | Multi-Family Rental | $ 247,043 | 6.62% | $ 186,568 | $ (10,262) | $ [illegible] | $ 174,422 | $ 190,446 | [illegible] | Fulton |
| SL Rental II 962 N 8th Street QOZB, LLC | 962 N. 8th St | Multi-Family Rental | $ 427,133 | 6.62% | $ 322,608 | $ (17,743) | $ (2,808) | $ 302,056 | $ 280,827 | 9/15/2028 | Fulton |
| 10% Equity Ownership (JV) | | | Stabilized NOI (Est.) | Cap Rate | Gross Sales Price (10%) | Closing Costs (4.0%) | Mortgage Exit Fees | Net Value (10%) | Balance Due (10%) | Maturity | Payable To: |
| SOZ DE Ave Apartments Owner, LLC | 1130 N. Delaware Ave | Multi Family Rental (162 units) | $ [illegible] | 6.62% | $ 5,391,036 | $ (215,641) | $ (13,200) | $ 5,162,195 | $ 5,280,000 | 9/9/202[illegible] | ACRES Capital |
| | | TOTALS | | | | | | $ 70,915,663 | $ 80,186,900 | | |

SECTION II-F BUSINESS OWNERSHIP (include ownership percentage)

| Business Name | Description | Ownership Percentage | Owner's Opinion of Value | Amount Pledged to Secure Loan(s) |
|---|---|---|---|---|
| Coulbee, LLC | Holding Company | 100% | $ - | $ 14,800,000 |
| PRS 1, LLC | Property Ownership | 100% | $ - | $ - |
| Process Contracting, LLC | General Contracting | 100% | $ - | $ - |
| *Streamline Construction Management, LLC* | *Payroll* | 100% | $ - | $ 1,600,000 |
| Streamline QOZB Manager, LLC | Investment Management | 100% | $ - | $ - |
| Streamline QOZB Investor, LLC | Investee Entity | 100% | $ - | $ - |
| Streamline Residential Construction, LLC | General Contracting | 100% | $ - | $ - |
| Streamline Sales and Marketing, LLC | Sales and Marketing | 100% | $ - | $ - |
| SL Rentals, LLC | Property Management | 100% | $ - | $ - |
| SL Rental IV 2601 Emerald Street QOZB, LLC | Property Ownership | 5% | $ - | $ - |
| SL Rental III 2435 N. Front Street QOZB, LLC | Property Ownership | [illegible] | $ - | $ - |
| SL Rental II 962 N 8th Street QOZB, LLC | Property Ownership | 5% | $ - | $ - |
| SOZ DE Ave Apartments Owner, LLC | Property Ownership | 10% | $ - | $ - |
| Spanish Capital Investments 6, LLC | Property Ownership | 100% | $ - | $ - |
| Spanish Capital Investments 8, LLC | Property Ownership | 69.5% | $ - | $ - |
| US Capital Investments 9, LLC | Property Ownership | 100% | $ - | $ - |
| US Capital Investments 13, LLC | Property Ownership | 100% | $ - | $ - |
| US Capital Investments 18, LLC | Property Ownership | 100% | $ - | $ - |
| US Capital Investments 21, LLC | Property Ownership | 100% | $ - | $ - |
| Wood Capital Investments 1, LLC | Property Ownership | 100% | $ - | $ - |
| Wood Capital Investments 8, LLC | Property Ownership | 69.5% | $ - | $ - |
| Wood Capital Investments 9, LLC | Property Ownership | 100% | $ - | $ - |
| | TOTALS | | $ - | $ 16,400,000 |

SCHEDULE II-G MORTGAGES AND CONTRACTS OWNED (indicate by an x if others have an ownership interest)

| "M" Mortgage "C" contract | Other Owner "X" | Maker Name | Payor Name | Collateral or Property Covered | Starting Date | Payment | Maturity | Balance Due |
|---|---|---|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A | $ - | N/A | $ - |
| | | TOTALS | | | | $ - | | $ - |

SCHEDULE II-H PERSONAL PROPERTY (indicate by an x if others have an ownership interest)

| Description | Other Owner "X" | Date When New | Market Value | Original Cost | Loan on Property Maturity Date | Balance | Payment | Payable To: |
|---|---|---|---|---|---|---|---|---|
| N/A | N/A | N/A | $ - | $ - | N/A | $ - | $ - | N/A |
| | TOTALS | | $ - | $ - | | $ - | $ - | |

SCHEDULE II-I NOTES (Other than Bank, Mortgage and Insurance Company Loans) ACCOUNTS, BILLS AND CONTRACTS PAYABLE

| Payable To | Other Obligators (If Any) | Date When Due | Notes Due to Friends & Family | Note to Other Not Banks | Accts & Bills Payable | Contracts Payable | Credit Cards Due | Collateral |
|---|---|---|---|---|---|---|---|---|
| N/A | N/A | N/A | $ - | $ - | $ - | $ - | $ - | N/A |
| | TOTALS | | $ - | $ - | $ - | $ - | $ - | |

SCHEDULE II-J CONTINGENT LIABILITIES

| Title Held in Name Of | Address/Description | Type | Original Balance | Mortgage or Contract Payable Balance Due | Maturity | Payable To: |
|---|---|---|---|---|---|---|
| Main Street Loan- Various Borrowers | Main Street Loan- No Collateral | Borrower/Guarantor | $ 14,800,000 | $ 14,800,000 | 12/10/2025 | First Citizens |
| PRS I LLC | 2352 Federal St | Guarantor | $ 165,383 | $ 127,674 | 10/3/2026 | WSFS |
| PRS I LLC | 1241 N 5th St #Comm | Guarantor | $ 330,769 | $ 259,714 | 10/3/2026 | WSFS |
| US Capital Investments 9, LLC | 1726 Ridge Ave | Guarantor | $ 860,000 | $ 809,721 | 2/1/2032 | Citadel Credit Union |

HIGHLY CONFIDENTIAL

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| US Capital Investments 13, LLC | 1202-04 N. 24th St | Guarantor | | $ 1,050,000 | | | | | $ 1,544,576 | [illegible] | Citadel Credit Union | |
| US Capital Investments 18, LLC | 1709-11 S.4th St | Guarantor | | $ 4,000,000 | | | | | $ 3,735,836 | [illegible] | ESSA | |
| US Capital Investments 21, LLC | 1009-23 S 3rd St | Guarantor | | $ 3,500,000 | | | | | $ 3,242,173 | 3/1/2029 | ESSA | |
| Spanish Capital Investments 6, LLC | 2413 Federal St | Guarantor | | $ 7,500,000 | | | | | $ 7,119,419 | [illegible] | ESSA | |
| Wood Capital Investments 1, LLC | 801 Aramingo St | Guarantor | | $ 3,625,000 | | | | | $ 3,444,202 | 8/31/2027 | First Citizens | |
| SL Rental IV 2601 Emerald Street QOZB, LLC | 2601 Emerald St | Guarantor | | $ 10,290,000 | | | | | $ 9,490,002 | 9/15/2028 | Fulton | |
| SL Rental III 2435 N. Front Street QOZB, LLC | 2435 N. Front St | Guarantor | | $ 4,130,000 | | | | | $ 3,808,916 | 9/15/2028 | Fulton | |
| SL Rental II 962 N 8th Street QOZB, LLC | 962 N. 8th St | Guarantor | | $ 6,090,000 | | | | | $ 5,616,537 | 9/15/2028 | Fulton | |
| | | | | | | | | | | | | |
| | | TOTALS | | $ 56,941,152 | | | | | $ 53,998,372 | | | |

For the purpose of procuring credit from time to time, I/we furnish the foregoing as a true and accurate statement of my/our financial condition.

Date Signed 11/18/25 Signature/Title ____________________ Signature/Title ____________________

(Other Person if Applicable)

**Streamline Solutions, LLC et al.**
**Exhibit 2 Cover Sheet**
**Organizational Charts Received**


Michael Stillwell
100% sole member
100% sole member
100% Sole Member Chapter 7
Coulbee, LLC
69.5% Member
Electra Streamline JV I, LLC
100% Member
1307 Germantown Holdings, LLC
1510 Randolph Mezz, LLC
100% Member
Wood Capital Investments 8, LLC
Spanish Capital Investments 8, LLC
100% Sole Member
Streamline Residential Construction, LLC
Process Contracting, LLC
SL Rentals, LLC
Streamline Construction Management, LLC
Streamline Sales and Marketing, LLC
Streamline QOZB Investor, LLC
Streamline QOZB Manager, LLC
Streamline Commercial Construction, LLC
Spanish Capital Investments 6, LLC
US Capital Investments 9, LLC
US Capital Investments 13, LLC
US Capital Investments 18, LLC
US Capital Investments 21, LLC
Wood Capital Investments 1, LLC
Wood Capital Investments 9, LLC
PRS 1, LLC
PRS 4, LLC
5% member
SL Rental II 962 N 8th Street QOZB, LLC
SL Rental III 2435 N Front St QOZB, LLC
SL IV 2601 Emerald Street QOZB, LLC
10% member
SOZ DE Ave Apartments Mezz, LLC
100% Sole Member
SOZ DE Ave Apartments Owner, LLC
Enduring Development, LLC
Northern Liberties Holding, LLC
SOZ DE Ave Office Mezz, LLC
1300 American St, LLC
1600 Carpenter St Acquisition, LLC
100% Sole Member
SOZ DE Ave Office Owner, LLC
100% Sole Member
Corner Property Group, LLC
Streamline Solutions, LLC
Streamline Group, LLC
Lion Construction, LLC
Lion Construction Management, LLC
Streamline Philly Construction, LLC
Streamline Realty, LLC
Streamline Partners, LLC
STL Holdings I, LLC
passthrough entities within property ownership org charts
SPE property owners
inactive entities
active operating companies
passthrough entity within the ownership org chart for Corner Property Group

## 1510 N Randolph Street Organizational Structure




*Entity also serves as JV Entity for 1307 Germantown
**See separate Electra Organizational Chart

## 1307 Germantown Avenue Organizational Structure




*Entity also serves as JV Entity for 1510 Randolph
**See separate Electra Organizational Chart

TR

## 1130 N. Delaware Avenue Organizational Structure




Except for SOZ DE Ave Mezzanine 2023, LLC, SOZ DE Ave Apartments Mezz, LLC, TFRP QOF 1130 N Delaware 2021, LLC and the Hartfield Family Trust, no other person or entity, either individually or together with its affiliates or family members, owns, directly or indirectly, 20% or more (or with respect to non-US citizens, 10% or more) of the legal, beneficial, economic or controlling interest in SOZ DE Ave Apartments Owner, LLC.


SL Rental II 962 N 8th Street QOZB, LLC
SL Rental III 2435 N Front St QOZB, LLC
SL IV 2601 Emerald Street QOZB, LLC
95% Member
5% Member
Twin Focus Realty Capital
Streamline QOZB Investor, LLC
100% Member
Coulbee, LLC
100% Member
Michael Stillwell

**Streamline Solutions, LLC et al.**
**Restated Financial Statement**
**Michael Stillwell**
**Exhibit 3**

| | As Reported | Adjusted | 2025 Revenue | 2025 Expenses | 2025 NOI Before Interest | Occupancy Rate | NOI Adj for Vacancy | CAP Rate | Capitalized Value |
|---|---|---|---|---|---|---|---|---|---|
| Cash | $ 184,818 | $ 184,818 | | | | | | | |
| Real Estate Owned | | - | | | | | | | |
| SOZ DE Ave Office Owner | 2,905,044 | 3,538,489 | $ 238,526 | $ 91,795 | $ 146,731 | 75% | $ 234,248 | 6.62% | $ 3,538,489 |
| 1600 Carpenter Street | 1,650,000 | 1,650,000 | Vacant Land - Preferred Equity Investment | | | | | | |
| 1300 American Street | 3,341,203 | 3,341,203 | Vacant Land | | | | | | |
| Businesses Owned (Coulbee) | (9,057,577) | - | | | | | | | |
| Corner Property Group | - | 208,787 | 683,647 | 652,329 | 31,318 | | | 15% | 208,787 |
| Enduring Development | - | - | | | | | | | |
| Total Assets | $ (976,512) | $ 8,923,297 | | | | | | | |
| Liabilities | | | | | | | | | |
| Real Estate Mortgage Payables | $ 6,758,795 | $ 6,758,795 | | | | | | | |
| Business Loans Payable | 16,400,000 | 16,400,000 | | | | | | | |
| Total Liabilities | $ 23,158,795 | $ 23,158,795 | | | | | | | |
| Equity | (24,135,307) | $ (14,235,498) | | | | | | | |
| Total Liabilities and Equity | $ (976,512) | $ 8,923,297 | | | | | | | |

**Streamline Solutions, LLC et al.**
**Restated Financial Statement**
**Coulbee LLC**
**Exhibit 4**

| | As Reported | Adjusted | 2025 Revenue | 2025 Expenses | 2025 NOI Before Interest | ccupancy Ra | NOI Adj for Vacancy | CAP Rate | Capitalized Value | % Owned | % Interest Value |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Cash | $ 217,660 | 217,660 | | | | | | | | | |
| Real Estate Owned | | - | | | | | | | | | |
| 2352 Federal Street | 169,119 | 180,313 | $ 14,820 | $ 3,650 | $ 11,170 | 100% | $ 15,543 | 8.62% | $ 180,313.23 | 100.0% | $ 180,313 |
| 1241 N 5th Street | 344,016 | 366,787 | 49,636 | 16,640 | 32,996 | 100% | 31,617 | 8.62% | 366,787 | 100.0% | 366,787 |
| 2344-46 W Jackson Blvd (Vacant Lot) | 350,000 | 350,000 | | | | N/A | | | 350,000 | 100.0% | 350,000 |
| 1726 Ridge Avenue | 826,946 | 874,970 | 83,845 | 27,026 | 56,819 | 95% | 57,923 | 6.62% | 874,970 | 100.0% | 874,970 |
| 1202-04 N 24th Street | 1,675,448 | 1,772,961 | 124,375 | 31,155 | 93,220 | 82% | 117,370 | 6.62% | 1,772,961 | 100.0% | 1,772,961 |
| 1709-11 S 4th Street | 4,054,406 | 4,329,909 | 344,385 | 86,086 | 258,299 | 88% | 286,640 | 6.62% | 4,329,909 | 100.0% | 4,329,909 |
| 1009-23 S 3rd Street | 3,233,481 | 3,455,982 | 319,317 | 94,396 | 224,921 | 96% | 228,786 | 6.62% | 3,455,982 | 100.0% | 3,455,982 |
| 2413 Federal Street | 6,648,398 | 7,110,680 | 612,440 | 184,237 | 428,203 | 87% | 470,727 | 6.62% | 7,110,680 | 100.0% | 7,110,680 |
| 801 Aramingo Street | 3,612,601 | 3,859,305 | 264,444 | 70,330 | 194,114 | 85% | 255,486 | 6.62% | 3,859,305 | 100.0% | 3,859,305 |
| 1510 N Randolph Street | 14,273,022 | 14,273,022 | 1,141,998 | 280,746 | 861,252 | 92% | 996,194 | 6.62% | 15,048,248 | 69.5% | 10,458,532 |
| 1307 Germantown Ave | 29,563,473 | 29,563,473 | 2,291,373 | 393,430 | 1,897,943 | 90% | 2,063,716 | 6.62% | 31,173,958 | 69.5% | 21,665,901 |
| 2601 Emerald Street | 326,173 | 561,824 | 1,016,607 | 280,309 | 736,298 | 94% | 743,855 | 6.62% | 11,236,480 | 5.0% | 561,824 |
| 2435 N Front Street | 174,442 | 186,588 | 326,355 | 102,092 | 224,263 | 88% | 247,043 | 6.62% | 3,731,767 | 5.0% | 186,588 |
| 962 N 8th Street | 302,056 | 322,608 | 556,074 | 129,120 | 426,954 | 96% | 427,133 | 6.62% | 6,452,160 | 5.0% | 322,608 |
| SOZ SE Apartment Owner | 5,162,195 | 5,162,195 | 4,786,309 | 1,217,443 | 3,568,866 | 93% | 2,568,866 | 6.62% | 38,804,622 | 10.0% | 3,880,462 |
| Other | 199,887 | - | | | | | | | | | |
| | | | | | | | | | | | |
| Businesses Owned (Enduring) | - | - | | | | | | | | | |
| | | | | | | | | | | | |
| Total Assets | $ 71,133,323 | $ 72,588,277 | | | | | | | | | |
| | | | | | | | | | | | |
| Liabilities | | | | | | | | | | | |
| | | | | | | | | | | | |
| Real Estate Mortgage Payables | $ 80,190,900 | $ 80,190,900 | | | | | | | | | |
| Business Loans Payable | 16,400,000 | 16,400,000 | | | | | | | | | |
| | | | | | | | | | | | |
| Total Liabilities | $ 96,590,900 | $ 96,590,900 | | | | | | | | | |
| | | | | | | | | | | | |
| Equity | (25,457,577) | $ (24,002,623) | | | | | | | | | |
| | | | | | | | | | | | |
| Total Liabilities and Equity | $ 71,133,323 | $ 72,588,277 | | | | | | | | | |