**HORN WILLIAMSON & COLLINS**
Ryan M. Lockman, Esquire, PA ID. 307325
One Commerce Square, 32nd Fl
Philadelphia, PA 19103
rlockman@hornwilliamson.com
Phone: 215-987-3800
*Attorneys for Homeowner Creditors Eyre Street Condominium Association, Brian Howles, Johanna Howles, Amelia Hardy, Joseph Hardy, Divya Hattay, Patrick Becker, Steven Hassler, Kaynaz Myrum, Steven Kellner, Jessie Tharp, Victor Williams, Ryan King, David Butera, Daniel Kirk, Clarisa Kirk, Matthew Selbovitz, Nickolas Auger, Sarah Aschenbach, Jason Aschenbach, Thomas Trinh, Lorna Khensouvann, Michael Trumbo, Stuart Green, Eugene Carelli, Annie Carelli*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:**<br><br>**STREAMLINE SOLUTIONS, LLC, et al.,**<br><br>**Debtors** | **CHAPTER 7**<br><br>**Case No. 25-13595 (AMC)**<br><br>**(Jointly Administered)** |

**HOMEOWNERS' JOINDER TO MOTION OF EVANSTON INSURANCE COMPANY TO STRIKE TRUSTEE LYNN FELDMAN'S EXPERT REPORT BY STEPHEN J. SCHERF AND TO ADJOURN THE HEARING TO CONSIDER THE TRUSTEE'S MOTION TO APPROVE THE SETTLEMENT**

Jason and Sarah Aschenbach, Nickolas Auger, Patrick Becker, David Butera, Eugene and Annie Carelli, Filing Eyre Street Condominium Association, Stuart Green, Joseph and Amelia Hardy, Steven Hassler, Divya Hattay, Brian and Johanna Howles, Steven Kellner, Lorna Khensouvann, Ryan King, Daniel and Clarisa Kirk, Kaynaz Myrum, Matthew Selbovitz, Jessie Tharp, Thomas Trinh, Michael Trumbo, Victor Williams (collectively, the "Homeowners") by and through their undersigned counsel, join in the motion (the "Motion to Strike") of Evanston Insurance Company ("Evanston") to strike the expert report of Stephen J. Scherf (the "Expert Report") filed by the Chapter 7 Trustee, Lynn Feldman (the "Trustee") and the Homeowners further request that the Motion for Entry of an Order Approving the Settlement Agreement and Mutual Release Between the Trustee and Michael Stillwell; Coulbee, LLC; 1300 American Street,

LLC; SOZ DE Ave Office Owner, LLC; Process Contracting, LLC; Corner Property Group, LLC; Enduring Development, LLC and CVCM, LLC (the "9019 Motion"), and in support of the Motion to Strike, the Homeowners state as follows:

## BACKGROUND

The Chapter 7 Trustee filed the 9019 Motion on May 18, 2026 [Docket No. 85]. A hearing on the (019 motion was originally scheduled for June 17, 2026. On June 1, 2026, Equity Funding, LLC filed an response in opposition to the 9019 Motion [Docket No. 95] and Evanston filed an objection to the 9019 Motion [Docket No. 96]. The Homeowners filed an objection to the 90109 Motion on June 22, 2026 [Docket No. 102]. By and through their objection, the Homeowners' argued that the 9019 Motion should be denied because (i) the settling parties have significantly more assets than is recognized by the Trustee, including assets owned by hundreds of affiliated entities controlled by Michael Stillwell (ii) the settlement is impermissibly broad and fails to disclose all parties being released, and (iii) the Trustee is transferring estate claims and causes of action without any analysis as to their value. The hearing to consider the 9019 Motion was continued until September 9, 2026.

On August 5, 2026, in connection with their objection, the Homeowners served the Trustee with requests for production of documents and interrogatories.

On September 3, 2026, the counsel for the Homeowners and counsel for the Trustee conferred with respect to the hearing. During the meet and confer, counsel for the Trustee advised that the Trustee would provide documents to the Homeowners over the Labor Day weekend. Further, for the first time, counsel for the Trustee identified that the Trustee and her accountant will either be witnesses or submit declarations, subject to cross examination, at the hearing, but would not sit for deposition.

On September 4, 2026, the Trustee provided objections and responses to the interrogatories and requests for production, and the Trustee produced approximately 854 pages of documents in responses to the Homeowners' request for production of documents.

On Monday, September 7 at 2:17 p.m. (eastern), the Trustee circulated the expert report of Mr. Scherf. The next morning, September 8, counsel for the Homeowners requested to depose Mr. Scherf. The Trustee responded, reiterating that the Homeowners would not be permitted to depose Mr. Scherf in connection with his expert report. Further, the Homeowners requested an adjournment of the hearing. The Trustee refused. On September 8, Evanston filed the Motion to Strike [Docket No. 116].

**BASIS FOR GRANTING THE REQUESTED RELIEF**

As set forth in the Motion to Strike, allowing the Trustee to rely upon the Expert Report would severely prejudice the objecting parties, including the Homeowners. The Trustee provided less than a week's notice that Mr. Scherf would be testifying, and the Trustee provided the Expert Report to the objecting parties less than two days prior to the hearing, and refused to have Mr. Scherf sit for deposition. Further, the Homeowners completely agree with Evanston's analysis that without any opportunity to discovery, the objecting parties cannot fully evaluate all of the ways in which the Scherf Report fails to satisfy the admissibility requirements of Rule 702 and Daubert, which is significant in this particular instance because Mr. Scherf (and by extension , the Trustee) appear to have reached their conclusions based upon information supplied by Mr. Stillwell, an interested party and beneficiary of the proposed settlement, without evaluating the underlying information.

The Homeowners recognize that things in the bankruptcy process often move quickly, and parties need to be able to adjust to move quickly. But there are limits to the speed of that process



**Error! Unknown document property name.**

under the Bankruptcy Rules (e.g., Bankruptcy Rule 7026) and the Federal Rules of Evidence (e.g., FRE Rules 702, 703, and 705), to ensure that parties receive at least some minimal measure of due process. Providing a list of witnesses less than a week prior to the evidentiary hearing but not making them available for deposition, and circulating an expert report on a holiday less than two days prior to the hearing, does not come close to meeting the minimal standard required for due process.

For the foregoing reasons, the Homeowners respectfully request that the Court strike the expert report of Stephen J. Scherf, preclude Mr. Scherf's opinions or testimony in support of the Motion for Approval of Settlement form being introduced into evidence, and preclude the testimony of the Trustee.

Alternatively, the Homeowners respectfully requests that the Court continue the September 9, 2026 hearing for at least 60 days permit the objecting parties to depose Mr. Scherf and the Trustee, and, if necessary, obtain and present rebuttal expert testimony[1].

Respectfully submitted,

**HORN WILLIAMSON & COLLINS**

/s/ Ryan Lockman
Ryan Lockman
*Attorneys for Homeowner Creditors Eyre Street Condominium Association, Brian Howles, Johanna Howles, Amelia Hardy, Joseph Hardy, Divya Hattay, Patrick Becker, Steven Hassler, Kaynaz Myrum, Steven Kellner, Jessie Tharp, Victor Williams, Ryan King, David Butera, Daniel Kirk, Clarisa Kirk, Matthew Selbovitz, Nickolas Auger, Sarah Aschenbach, Jason Aschenbach, Thomas Trinh, Lorna Khensouvann, Michael Trumbo, Stuart Green, Eugene Carelli, Annie Carelli*

September 8, 2026

[1] Also scheduled for September 9, 2026 at 12:30pm are four motions filed by Homeowner Creditors for relief from the automatic stay. If the Trustee's motion is adjourned, then the related Homeowner motions should also be adjourned.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **STREAMLINE SOLUTIONS, LLC, *et al.*** | : | **BANKRUPTCY NO. 25-13595 (AMC)** |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |
| | : | |

## CERTIFICATION OF SERVICE

I, Ryan M. Lockman, Esquire certify that on September 8, 2026, I did cause a true and correct copy of the Homeowners' Joinder To Motion Of Evanston Insurance Company To Strike Trustee Lynn Feldman's Expert Report By Stephen J. Scherf And To Adjourn The Hearing To Consider The Trustee's Motion To Approve The Settlement to be served on the parties listed on the mailing list exhibit, a copy of which is attached and incorporated as if fully set forth herein, by the means indicated and to all parties registered with the Clerk to receive electronic notice via the CM/ECF system.

I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: September 8, 2026

***/s/ Ryan M. Lockman***
Ryan M. Lockman, Esquire
HORN WILLIAMSON & COLLINS
One Commerce Square, 32nd Floor
2005 Market Street
Philadelphia, PA 19103
(215) 987-3800
*rlockman@hornwilliamson.com*